Lead Appeal No. 13-55859

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| INGENUITY 13 LLC<br><br>  *Plaintiff-Appellant*<br>and<br><br>PAUL HANSMEIER, Esquire, *et al.*,<br><br>  *Movants-Appellants*,<br><br>v.<br><br>JOHN DOE,<br><br>  *Defendant-Appellee*, | Consolidated With Case Nos.:<br> 13-55871; 13-55880; 13-55881;<br> 13-55882; 13-55883; 13-55884;<br> 13-56028<br><br>[Related Case No.:<br> 13-80114] |

_____

### JOHN DOE'S RESPONSE TO BRETT GIBBS' NOTICE OF INDICATIVE RULING AND REQUEST FOR REMAND AND DISMISSAL
_____

Appeals From Order Awarding Sanctions And Order Setting Bond By
The United States District Court For the Central District Of California
Honorable Otis D. Wright, II, Case No. 2:12-cv-8333-ODW

_____

Morgan E. Pietz (SBN 260629)
THE PIETZ LAW FIRM
3770 Highland Avenue, Suite 206
Manhattan Beach, CA 90266
Telephone: (310) 424-5557
Facsimile: (310) 546-5301
mpietz@pietzlawfirm.com

Nicholas R. Ranallo (SBN 275016)
LAW OFFICES OF NICHOLAS RANALLO
371 Dogwood Way
Boulder Creek, CA 95006
Telephone: (831) 703-4011
Facsimile: (831) 533-5073
nick@ranallolawoffice.com

*Attorneys for Defendant-Appellee JOHN DOE*

## **RESPONSE**

These consolidated appeals arise from an order issuing monetary and other sanctions against various attorneys and entities related to Prenda Law, Inc. ("Prenda"), a recently-dissolved Chicago law firm. Prenda and its related attorneys and entities were found by the district court to have engaged in "brazen misconduct and relentless fraud" in connection with Prenda's campaign of serial copyright infringement litigation. *Ingenuity 13, LLC v. John Doe*, 2013 U.S. Dist. LEXIS 64564 (C.D. Cal., May 6, 2013) (Case No. 12-cv-8333-ODW, ECF No. 130, p. 10:15). Accordingly, the district court awarded monetary sanctions to the defendant-appellant putative John Doe in the amount of $81,319.72, which was made payable jointly and severally by the following entities and lawyers:

- Ingenuity 13 LLC (plaintiff entity in lead case below);

- AF Holdings LLC (plaintiff entity in related cases below);

- Prenda Law, Inc. (law firm responsible for cases below);

- John Steele, Esq. (principal of Prenda, beneficial owner of plaintiffs);

- Paul Hansmeier, Esq. (principal of Prenda, beneficial owner of plaintiffs);

- Paul Duffy, Esq. (principal of Prenda, beneficial owner of plaintiffs);

- Brett Gibbs, Esq. (mid-level operative "of counsel" to Prenda, who actually signed the pleadings in the related cases below). *Id.* at 10:15–17.

With the possible exception of Mr. Gibbs, Prenda's lawyers would probably dispute the above characterization of who played what role in Prenda's fraudulent copyright litigation scheme, for various reasons. However, the foregoing summary tracks with the district court's findings (*see id.,* pp. 3–5), and is further supported by the new arguments and evidentiary exhibits Mr. Gibbs recently proffered below in his Motion For Indicative Ruling Vacating May 6, 2013 Order Issuing Sanctions Against Movant Brett L. Gibbs (the "Motion for Indicative Ruling")[1].

In the Motion for Indicative Ruling, Mr. Gibbs essentially asked to be absolved from his personal liability on the monetary sanctions and, if successful on that front, to have his pending appeal dismissed by this Court. Motion for Indicative Ruling, Exhibit 1. Mr. Gibbs argued that the fault for any fraudulent litigation practices should lay with his superiors at Prenda, and he provided new evidence supporting this argument and also showing his dissociation with Prenda. *Id.* Doe opposed, arguing, in summary, that Gibbs was the one who signed the pleadings in the cases below, and that even if Gibbs was less blameworthy than the others and has since comported himself better than the others, no potential avenue of collection

---

[1] Mr. Gibbs did not attach a copy of his full motion for indicative ruling and supporting evidentiary exhibits to his notice filed in this Court. Accordingly, for this Court's convenience, a true and correct copy of Gibbs' motion and exhibits, originally filed below at C.D. Cal. No. 12-cv-8333-ODW, ECF No. 240, 10/17/13, is attached hereto as Exhibit 1. A true and correct copy of Doe's response thereto, originally filed below at *id.*, ECF No. 241, 10/28/13, is attached hereto as Exhibit 2 ("Response Below"). Mr. Gibbs did attach a copy of the district court's order on his motion, originally filed below at *id.*, ECF No. 243, 10/30/13 ("Order Below"), as an exhibit to his instant notice and request, which can be found on this Court's docket at Appeal No. 13-55859, Dkt. No. 15-2.

should be foreclosed to Doe. Response Below, Exhibit 2. Judge Wright then indicated that "If the Ninth Circuit were to remand the matter, the Court would vacate Gibbs' joint and several liability for the monetary sanctions imposed in the May 6, 2013 Order based on his dissociation with the Prenda parties." Order Below, at Appeal No. 13-55859, Dkt. No. 15-2.

Given this unusual procedural posture, Doe does not object to the remand of Mr. Gibbs' pending appeal so that the monetary sanctions can be vacated by the district court as to him only, and to the express dismissal of his appeal. *See* Fed. R. App. Proc. 12.1(b). However, this should apply only to Mr. Gibbs' appeal, No. 13-55871, which is but one of eight consolidated appeals still pending before this Court. Finally, although the same point was made in the Response Below, which was served on Prenda's appellate counsel, Doe reiterates his position that the new evidence and arguments proffered by Mr. Gibbs in the Motion for an Indicative Ruling should be considered a proper part of the record on appeal, and they will be addressed, by the appellee, at least, in merits briefing.

Respectfully submitted,

DATED: November 4, 2013           THE PIETZ LAW FIRM

                                   */s/ Morgan E. Pietz*
                                   Morgan E. Pietz
                                   *Attorney for Defendant-Appellee,*
                                   *Putative John Doe*

Lead Appeal No. 13-55859

Consolidated Case Nos.:
13-55871; 13-55880; 13-55881; 13-55882; 13-55883; 13-55884; 13-56028

******************************************************************

### CERTIFICATE OF SERVICE

When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on

<u>November 4, 2013</u>.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ Morgan E. Pietz</u>

Morgan E. Pietz
*Attorney for Defendant-Appellee,*
*Putative John Doe*

******************************************************************