# EXHIBIT 1

Exhibit 1 - Motion for Indicative Ruling - 1

1  Brett Gibbs
2  28 Altamont Avenue
   Mill Valley, CA 94941
3  Telephone: (415) 381-3104
   brett.gibbs@gmail.com
4  *In Propria Persona*

5

6

7            **UNITED STATES DISTRICT COURT**

8            **CENTRAL DISTRICT OF CALIFORNIA**

9  INGENUITY 13 LLC,

10          *Plaintiff,*                     CASE NO. 2:12-CV-8333-ODW (JCx)

11
        v.
12                                          Judge:              Hon. Otis D. Wright, II
                                           Magistrate Judge:   Hon. Jacqueline Chooljian
13  JOHN DOE,

14          *Defendant.*                    **NOTICE OF MOTION FOR
                                           INDICATIVE RULING
15                                         VACATING MAY 6, 2013 ORDER
                                           ISSUING SANCTIONS AGAINST
16                                         MOVANT BRETT L. GIBBS**

17
                                           Date:      November 18, 2013
18                                         Time:      1:30 p.m.
19                                         Ct. Room:  11 – Spring St. Floor

20

21  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN**:

22        **PLEASE TAKE NOTICE** that on November 18, 2013, at 1:30 p.m.,

23  or as soon as the matter can be heard, in Courtroom 11—Spring Street

24  Floor—which is located at the Western Division United States Courthouse,

25  312 North Spring Street, Los Angeles, CA 90012-4701, Attorney Brett L.

26  Gibbs, *in propria persona,* will, in accordance with Federal Rule of Civil Procedure

27  62.1 and Federal Rule of Appellate Procedure 12.1, move this Court for an indicative

28
                                           1

ruling vacating the sanctions imposed upon him, and only those imposed on him, in the Court's May 6, 2013 Order Issuing Sanctions. In this motion, Mr. Gibbs will argue the following:

- The Court should reconsider whether Gibbs lied about the size of a Defendant's property;
- The Court should reconsider Gibbs' involvement in violating the October 19, 2012 Court Order vacating early discovery; and
- The Court should reconsider whether Gibbs testified or acted in bad faith in this case.

Accompanying this Notice of Motion is: (1) the Motion for an Indicative Order Vacating the Court's May 6, 2013 Order Issuing Sanctions Against Movant Brett L. Gibbs; (2) the Declaration of Brett L. Gibbs in support thereof; (3) Exhibits A through G; and (4) a Proposed Order Granting the Motion for an Indicative Ruling Vacating the Court's May 6, 2013 Order Issuing Sanctions Against Movant Brett L. Gibbs.

DATED: October 17, 2013

Respectfully Submitted,

/s/ Brett L. Gibbs
Brett L. Gibbs
28 Altamont Avenue
Mill Valley, CA 94941
Telephone: (415) 381-3104
brett.gibbs@gmail.com
*In Propria Persona*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 17th day of October, 2013, a true and correct copy of the foregoing Notice of Motion for an Indicative Ruling Vacating May 6, 2013 Order Issuing Sanctions Against Movant Brett L. Gibbs, and all attached and related pleadings, was filed with the Clerk of the Court for the Central District of California by using the CM/ECF system and served on all of those parties receiving notification through the CM/ECF system. Further, as to those individuals who do not or cannot access the CM/ECF system, on this 17th day of October, 2013, a true and correct copy of the foregoing Notice of Motion for an Indicative Ruling Vacating the May 6, 2013 Order Issuing Sanctions Against Movant Brett L. Gibbs, and all attached and related pleadings, was mailed via First-Class Mail with postage thereon fully prepaid via the U.S. Postal Service from Mill Valley, California to the following individuals at the addresses below:

Paul R. Hansmeier
Alpha Law Firm LLC
900 IDS Center
80 South 8th Street
Minneapolis, MN 55402
prhansmeier@thefirm.mn
*In Propria Persona*

Paul Duffy
Prenda Law, Inc.
161 N. Clark St., Suite 3200
Chicago, IL 60601
Email: pduffy@pduffygroup.com;
paulduffy2005@gmail.com
*In Propria Persona*

///

///

John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
johnlsteele@gmail.com
*In Propria Persona*

Angela Van Den Hemel
161 N. Clark St., Suite 3200
Chicago, IL 60601
*In Propria Persona*

Mark Lutz
Livewire Holdings, LLC
2100 M St. NW
Suite 170-417
Washington DC 20037-1233

Peter Hansmeier
Livewire Holdings, LLC
2100 M St. NW
Suite 170-417
Washington DC 20037-1233

Ingenuity13, LLC
AF Holdings, LLC
6881 Forensics, LLC
Springates East
Government Road
Charlestown, Nevis

Daniel J Voelker
Voelker Litigation Group
311 W. Superior St., Ste. 500
Chicago, IL 60654

/s/ Brett L. Gibbs
Brett L. Gibbs

Brett Gibbs
28 Altamont Avenue
Mill Valley, CA 94941
Telephone: (415) 381-3104
brett.gibbs@gmail.com
*In Propria Persona*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

INGENUITY 13 LLC,

      *Plaintiff*,

    v.

JOHN DOE,

      *Defendant*.

CASE NO. 2:12-CV-8333-ODW (JCx)

Judge:         Hon. Otis D. Wright, II
Magistrate Judge:  Hon. Jacqueline Chooljian

**MOTION FOR INDICATIVE RULING VACATING MAY 6, 2013 ORDER ISSUING SANCTIONS AGAINST MOVANT BRETT L. GIBBS**

Date:       November 18, 2013
Time:      1:30 p.m.
Ct. Room:  11 – Spring St. Floor

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................ 5

II.  FACTUAL BACKGROUND ...................................................................... 6

   A.  Events Leading Up To The May 6 Order. ............................................. 6

   B.  Events After The May 6 Order. ............................................................ 9

      1. The Prenda Principals Have Tried To Force Gibbs' Silence. ............. 9

      2.  New Evidence of Lies and Fraud by Steele and Hansmeier ............. 12

         a.     Financial Records Show that, in 2012, Prenda Law Distributed 70% of Settlement
         Proceeds To Steele and Hansmeier. ..................................................... 12

         b.     BitTorrent Forensic Specialist's Report and Comcast Letter Show that Steele Seeded
         Films To Lure Potential Defendants Into Infringing on Plaintiffs' Copyrights. .................... 14

         c.      Recordings Show That Steele Impersonated Mark Lutz and Alan Cooper on Phone
         Calls…………………………………………………………………………16

         d.     Court Records Show That Prenda Law Has Violated Court Orders In Other Cases. ... 17

         e.     Other Courts Have Found Gibbs, but Not The Principals, Credible. ........................... 17

III.  LEGAL STANDARD ............................................................................... 22

IV.  ANALYSIS ............................................................................................... 24

   A.  Gibbs Did Not Lie To This Court. ...................................................... 24

   B.  Gibbs Did Not Violate the Court's Order. ........................................... 25

V.   CONCLUSION ........................................................................................ 27

---

MOTION FOR INDICATIVE RULING     NO. 2:12-CV-8333-ODW (JCx)

Exhibit 1 - Motion for Indicative Ruling - 7

# TABLE OF AUTHORITIES

**Cases**

*AF Holdings LLC v. Doe*, Case Nos. 0:12-cv-01445-JNE-FLN, *et al.*, (D. Minn.)........................11, 21

*AF Holdings, LLC v. Joe Navasca*, Case No. 3:12-02396-EMC (N.D. Cal.)............................. *passim*

*AF Holdings, LLC v. Patel*, Case No. 2:12-CV-00262-WCO (N.D. Georgia)..................11, 15, 21

*Baxter v. Palmigiano*, 425 U.S. 308 (1976)...............................................................................27

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .................................................................... 23

*Erickson v. Newmark Corp.*, 87 F.3d 298 (9th Cir. 1996).................................................. 23

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) .................................................................... 23

*First Time Videos, LLC. v. Oppold*, Case No. 6:12-CV-01493-CEH-KRS (M.D. FL.)..................... 14

*Guava LLC v. Spencer Merkel*, Case No. 27-CV-12-20976 (Minn. 4th Dist.) ................................ 18

*Guiterrez-Rodriguez v. Cartagena*, 882 F. 2d 553 (1st Cir. 1989)..............................................8

*In re Edmond*, 934 F.2d 1304 (4th Cir. 1991)..................................................................8

*Ingenuity13, LLC v. John Doe, Case No. 2:12-cv-08333-ODW (JCx)* ...................................... *passim*

*Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821 (1994)...................................... 23

*Nationwide Life Ins. Co. v. Richards,* 541 F.3d 903 (9th Cir. 2008)........................................8

*Paul Duffy v Paul Godfread and Alan Cooper*, Case No. 1:13-cv-01569 (D. Minn.)....................16

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) .................................................... 23

*Sunlust Pictures, LLC v. John Doe IP 216.40.69.178*, Case No. 1:12-cv-01271-LMB-IDD (E.D. Va.)

     (Filed Nov. 7, 2012)..............................................................................................17

*Sunlust Pictures, LLC v. John Doe IP 68.98.135.78*, Case No. 1:12-cv-01280-LMB-IDD (E.D. Va.)

     (Filed Nov. 7, 2012)..............................................................................................17

*Sunlust Pictures, LLC v. John Doe*, Case No. 1:12-cv-00656-CMA-KMT (D. Col.)....................17

*Sunlust Pictures LLC v. Tuan Nguyen* 8:12-cv-01685-MSS (M.D. Fla.)........................................20

*United States of America v. $133,420 In United States Currency*, 672 F.3d 629 (9th Cir. 2012)........8

*United States v. Manchester Farming Partnership,* 315 F.3d 1176 (9th Cir. 2003) .......................... 23

3

*United States v. Parcels of Land*, 903 F 2d. 36 (1st Cir. 1990)……………………………………..8

*Yagman v. Republic Ins.*, 987 F.2d 622 (9th Cir.1993)......................................................... 23


**Rules**

Federal Rule of Appellate Procedure 12.1………………………………………………….......5

Federal Rules of Civil Procedure 60 …………………………………………………...…22

Federal Rules of Civil Procedure 62.1 ………………………………………………….5, 22

# MOTION FOR INDICATIVE RULING VACATING ORDER ISSUING SANCTIONS AGAINST MOVANT BRETT L. GIBBS

Attorney Brett L. Gibbs, *in propria persona,* files this motion for an indicative ruling vacating the Court's May 6, 2013 Order Issuing Sanctions against Gibbs in accordance with Federal Rules of Civil Procedure 62.1 and Federal Rule of Appellate Procedure 12.1. In support of this motion, Gibbs presents the following:

## I.    INTRODUCTION

In its May 6 Order Issuing Sanctions, the Court awarded attorneys' fees and costs to Defendants' attorneys and doubled the award as a punitive measure "justified by Plaintiffs' brazen misconduct and relentless fraud." The Court imposed joint and several liability for an $81,319.72 sanction on John Steele, Paul Hansmeier and Paul Duffy, whom the Court labeled the "Principals," as well as the two Plaintiffs (AF Holdings, LLC and Ingenuity 13, LLC), Prenda Law, Inc., and Gibbs. The Court also referred Steele, Hansmeier, Duffy and Gibbs to their respective state and federal bars, the United States Attorney for the Central District of California, the Criminal Division of the Internal Revenue Service and the District's Standing Committee on Discipline.

In this Motion, Gibbs asks the Court to reconsider whether the monetary sanctions imposed on the Principals, Prenda, and Plaintiffs should also have been imposed on him. Gibbs will present new evidence showing that Steele and Hansmeier are the beneficial owners of the sham companies that served as Plaintiffs, and of Prenda Law itself. He will present new evidence of fraudulent behavior by the Prenda Principals after the Court's May 6 Order, and new evidence from other Courts that have sanctioned the behavior of the Principals. Finally and relatedly, Gibbs will show that his sworn declarations and testimony have been relied upon by other Courts, affirming that Gibbs is a credible witness in these matters.

In light of this new evidence, Gibbs' will show that his conduct did not warrant sanctions. Gibbs asks the Court to reconsider whether his mistake in characterizing a

5

Defendant's property as "a very large estate" was in fact a "blatant lie," whether Gibbs ignored the Court's discovery stay order, and whether any of Gibbs' statements or actions in this case exhibited bad faith. Since May 6, 2013, whenever Gibbs has testified or filed declarations in cases involving the Principals and their sham companies, the Courts have found Gibbs credible and relied on his testimony in imposing sanctions on the Principals. Gibbs asks this Court to do the same and vacate the monetary sanction which the Court imposed on him on May 6, 2013.

## II.    FACTUAL BACKGROUND

### A. Events Leading Up To The May 6 Order.

Gibbs received a phone call from Hansmeier in March, 2011 asking if he would be interested in working for Steele Hansmeier PLLC, the predecessor to Prenda Law. (Declaration of Brett L. Gibbs Supporting Motion for Indicative Ruling ["Gibbs Decl."] at ¶ 9). Hansmeier had been Gibbs' assigned roommate during his first year at the University of Minnesota Law School (2004-2005), but they had not remained in contact after Gibbs transferred to the University of California, Hastings College of Law in 2005. (Gibbs Decl. at ¶ 10). When Hansmeier called, Gibbs was nearing the end of 20 months of debilitating surgeries, radiation and chemotherapy treatments for brain cancer. He had been unable to work since July 10, 2009, when his diagnosis forced him to leave his job with a small Oakland law firm, and he was still not sufficiently healthy to return to a full-time position. (Gibbs Decl. at ¶ 11). Gibbs accepted the offer to work as an independent contractor in an "of counsel" position at Steele Hansmeier, handling all litigation in California, with the explicit understanding that he would only work as many hours per week as he and his doctors thought advisable. (Gibbs Decl. at ¶ 12).

Gibbs worked for Steele Hansmeier and its successor, Prenda Law, from late March 2011 until late February 2013. (Gibbs Decl. at ¶ 13). During this entire period,

as Gibbs has testified consistently in this court and others, Steele and Hansmeier directed virtually all of Gibbs' activities. (Gibbs Decl. at ¶ 14). He was in frequent phone and email contact with both of them, often speaking several times a day. (Gibbs Decl. at ¶ 15).

In its February 7, 2013 Order to Show Cause Re Sanctions for Rule 11 and Local Rule 83-3 Violations, this Court averred that "Gibbs appears to be closely related to or have a fiduciary interest in Plaintiffs" Ingenuity13 LLC and AF Holdings LLC. (ECF No. 48 at pg. 10). The Court required Gibbs to file a response to the OSC and attend a show-cause hearing on March 11, 2013. Defendant's counsel, Morgan Pietz, was also given the opportunity to file a response to the Court's OSC.

In his response, Pietz argued that "What seems increasingly clear though is that Prenda, and its 'of counsel' here, Mr. Brett Gibbs, have crossed the Rubicon in these cases, by resorting to fraud, which includes identity theft, sham offshore shell companies, and forged documents." (ECF No. 52 at pg. 4). Pietz further asserted that "Mr. Gibbs appears [to] act as a functional Chief Operating Officer for Prenda Law…. [and] Mr. Gibbs has a pecuniary interest in the Prenda shell companies." He sought monetary sanctions from "Prenda Law, Inc., and … the attorneys running Prenda, including Mr. Gibbs". (*Id*. at n.7, pgs. 17, 30). Pietz submitted a chart (which the Court adopted in its May 6 Order) detailing "Plaintiffs' relationships," showing Gibbs' position as equivalent to that of the Principals. (ECF No. 130 at pg. 9).

At the March 11 hearing, Gibbs testified under direct examination from his attorney as well as cross-examination by Pietz and the Court. Gibbs answered every question put to him, testifying, among other things, that Prenda Law was run by Steele and Hansmeier, that he had no direct contact and no fiduciary relationship with the Plaintiffs, that he had no personal knowledge of the Alan Cooper forgery, and that he was neither a partner in, nor owner of, Prenda law. (ECF No. 93 pgs. 76-77, 94-96).

After Gibbs testified, the Court scheduled a further OSC hearing for April 2, 2013, ordering that Steele, Hansmeier, Duffy and others attend. Steele, Hansmeier, Duffy and all of the other subpoenaed parties appeared at the hearing, but they all refused to testify, choosing instead to invoke their rights under the Fifth Amendment in a civil case because they believed that the Court was investigating conduct which could carry criminal penalties. (ECF No. 130 at pg. 3).[1]

In its May 6 Order Issuing Sanctions, the Court identified Steele, Hansmeier and Duffy as Prenda's "Principals." (ECF No. 130 at pg. 3). "The Principals maintained full control over the entire copyright-litigation operation. The Principals dictated the strategy to employ in each case, ordered their hired lawyers and witnesses to provide disinformation about the cases and the nature of their operation, and possessed all financial interests in the outcome of each case." (*Id. at pg 5*). Only two of the Court's eleven findings even mentioned Gibbs:

> 7. The Principals have hired willing attorneys, like Gibbs, to prosecute these cases. Though Gibbs is culpable for his own conduct before the Court, the Principals directed his actions. In some instances, Gibbs operated within narrow parameters given to him by the Principals, whom he called "senior attorneys."

> 10. The Principals ordered Gibbs to commit the following acts before this Court: file copyright-infringement complaints based on a single snapshot of Internet activity; name individuals as defendants based on a statistical guess; and insert a copyright assignment with a fraudulent signature. The Principals also instructed Gibbs to prosecute these lawsuits only if they remained profitable; and to dismiss them

---

[1] When Steele, Hansmeier and Duffy asserted their Fifth Amendment rights in this civil case, they did so with no guarantee that the Court will allow their subsequent testimony. In analogous situations, Courts have decided to preclude or strike affidavits and testimony offered after invocation of the Fifth Amendment. *See, e.g., United States of America v. $133,420 In United States Currency,* 672 F.3d 629 (9th Cir. 2012) ("Preserving the integrity and the truth-seeking function of the judicial process is as important in civil as in criminal proceedings. *Nationwide Life Ins. Co. v. Richards,* 541 F.3d 903, 910 (9th Cir.2008) [affirming district court's refusal to allow witness to testify on particular subject at trial when the Fifth Amendment had been used to block inquiry into that subject during a deposition]"; *see also Guiterrez-Rodriguez v. Cartagena,* 882 F. 2d 553, 557 (1st Cir. 1989); *In re Edmond,* 934 F.2d 1304, 1308-1309 (4th Cir. 1991); and *United States v. Parcels of Land,* 903 F 2d. 36, 43 (1st Cir. 1990).

otherwise. (*Id*. at pg 5).

The only misconduct which the Court attributed directly to Gibbs related to Gibbs' investigations into the identities of Doe defendants.  The Court concluded that Gibbs' description of one of the Defendant's properties as "a very large estate" was a "blatant lie [which] resembles other statements given by Plaintiffs in this and their other cases: statements that sound reasonable but lack truth." (*Id*. at pg. 7).  The Court also raised "the matter of the ignored Court Order vacating early discovery," though not specifically identifying Gibbs as an individual who ignored the order. (*Id*. at pg. 8). The balance of the May 6 Order focused on the conduct of the Principals and the Plaintiffs.

Nevertheless, despite the Court's conclusion that "As evidence materialized, it turned out that Gibbs was just a redshirt," the May 6 Order imposed the same monetary sanction on Gibbs as it imposed on the Principals and the Plaintiffs. (*Id*. at pgs. 2, 10).

## B. Events After The May 6 Order.

### 1. The Prenda Principals Have Tried To Force Gibbs' Silence.

After receiving the May 6 Order, Hansmeier telephoned Gibbs in an attempt to persuade him to work with, not against, the Principals as they appealed the Order. (Gibbs Decl. at ¶ 16).   Over several conversations, Hansmeier conveyed to Gibbs exactly what he would have to do to be covered by the superseadous bond which the Principals were arranging to purchase.  Knowing that Gibbs would not be able to post sufficient collateral to buy a separate bond, Steele and Hansmeier made six demands which Gibbs would have to accede to before they would add him to their bond: (1) Gibbs pay $3,000 to Hansmeier and Steele to reimburse them for the entire cost of the bond; (2) Gibbs sign a unilateral Release and Settlement Agreement releasing any and all claims he might have against Duffy, Steele, Hansmeier, Prenda Law, Steele

Hansmeier PLLC, and Alpha Law Firm" (*See* Exhibit A); (3) Gibbs agree to sign a declaration stating (falsely) that Steele had no involvement in a Florida copyright case; (4) Gibbs represent AF Holdings and Ingenuity 13 in their appeal of the May 6 Order; (5) Gibbs sign an agreement that would create a fiduciary relationship between Gibbs and both Steele and Hansmeier;[2] and (6) Gibbs sign an agreement indemnifying Steele and Hansmeier

> against any and all claims, demands, actions, suits, losses, costs, charges, expenses, damages and liabilities whatsoever which [they] may pay, sustain, suffer or incur by reason of or in connection with the appeal of the May 6, 2013 order issued by Judge Wright in Case No. 2:12-cv-8333-ODW (JCx) including, without limiting the generality of the foregoing, all costs and expenses (including legal expenses) incurred in connection with any such loss or damage. (*See* Exhibit B).

The unilateral release and the indemnity agreement proposed by Steele and Hansmeier would have made Gibbs solely liable for the full amount of the monetary sanctions imposed on all of the parties in the May 6 order, as well as the costs and attorneys' fees incurred in appealing the order. Steele and Hansmeier were also trying to force Gibbs to testify dishonestly or remain silent with regard to the Principals' fraudulent activities. Gibbs rejected their offer and was not included on the bond.

On May 22, 2013, in another transparent attempt to prevent Gibbs from testifying about Prenda Law's activities, Duffy sent Gibbs an email and certified letter "reminding" him of his "ongoing obligation to maintain attorney-client privilege, attorney work-product information and other applicable obligations." (*See* Exhibit C).

Perhaps the most flagrant attempt to intimidate Gibbs came on July 8, 2013, when Mark Lutz (Prenda's former paralegal and the only officer or employee of Plaintiffs) and Steele sent similar, unsworn and virtually fact-free bar complaints

---

[2] While neither Steele nor Hansmeier explained the reason for demanding the creation of a "fiduciary relationship," it was clear to Gibbs that they hoped to use it to prevent Gibbs from being able to testify against them in any courtroom in the country.

against Gibbs to the California State Bar. Steele also filed the bar complaints in this Court, and Lutz forwarded them to Dan Browning, a reporter for the Minneapolis *Star Tribune*.[3] (ECF No. 218) (Gibbs Decl. at ¶ 17). In his bar complaint, Steele reiterated and expanded upon his unsupported, unsworn and untrue claims that: "I want to make it clear that I never read, prepared, reviewed, modified, discussed, or was in any way involved with the pleadings filed by Attorney Gibbs in the Judge Wright matter. My first knowledge of the case was when a third party told me something in February 2013 that Attorney Gibbs was in trouble for insulting a judge in California.";[4] and "On May 6, 2013 Judge Wright issued an order based solely on Attorney Gibbs perjurous statements made at the March hearing that I did not attend." (ECF No. 218-1 at pg. 84).[5]

Gibbs submits that the Principals' attempts to silence or discredit him are, in themselves, strong new evidence that Gibbs was truthful in his testimony. The Principals have not produced and cannot produce any evidence that Gibbs is lying, so their only hope of escaping sanctions in this and other courts is to destroy Gibbs' credibility or otherwise find a way to prevent him from testifying truthfully about their conduct. It is understandable that, as courts move closer to discovering the truth about

---

[3] This was the same week that Steele was scheduled to appear before this Court for a hearing on his motion to reconsider (because he claimed that he and others had not been properly served). Steele apparently hoped that, by filing the bar complaints and a mountain of other documents, he could deflect attention from his own conduct by getting the Court stirred up with baseless, unsworn allegations about Gibbs, an invitation which the Court summarily declined. (ECF Doc. No. 224).

[4] Gibbs, of course, discussed this case with Steele many times. For example, Gibbs contacted Steele on February 7 about this Court's OSC to Gibbs. Steele replied by sending emails to Gibbs about Prenda's malpractice insurance. This would be peculiar behavior for someone who had no involvement with Prenda and/or knew nothing about the proceedings in this Case which created Gibbs' need for Prenda's insurance. (*See* Exhibit D).

[5] Gibbs is not the only attorney who has received threats from the Principals. On September 20, 2013, Paul Godfread, the attorney for Alan Cooper, filed a declaration stating: "Paul Hansmeier called me on September 9, 2013 to discuss pending motions in the miscellaneous case *AF Holdings v. Patel*. During that call, he offered to not sue me if I agreed to not handle any more cases relating to himself, Prenda Law, or any of Prenda Law's clients. He told me that he had been contacted by people who wanted to sue me based on actions I have taken in these cases and related cases and he believed such lawsuits would continue for as long as 10 years. He also stated that such lawsuits wouldn't be profitable for himself, his clients, or myself, and that they would cause serious problems for me personally and professionally. I declined to entertain his 'offer' and told him I perceived such an 'offer' as a threat of vexatious litigation." *AF Holdings LLC v. Doe*, Case Nos. 0:12-cv-01445-JNE-FLN, *et al.*, (D. Minn.) (Doc. No. 43).

MOTION FOR INDICATIVE RULING          NO. 2:12-CV-8333-ODW (JCx)

Exhibit 1 - Motion for Indicative Ruling - 16

Prenda Law and the Principals, their attempts to "Blame Everything On Gibbs" grow ever louder, more far-fetched and desperate.

### 2. New Evidence of Lies and Fraud by Steele and Hansmeier

##### a. *Financial Records Show that, in 2012, Prenda Law Distributed 70% of Settlement Proceeds To Steele and Hansmeier.*

Steele and Hansmeier have repeatedly claimed that they have no ownership interest in Prenda Law, AF Holdings or Ingenuity 13 and that all settlement proceeds are held in trust accounts for use in future litigation. For example, in the bar complaint filed in this Court, Steele stated "I have never had an ownership interest in Prenda Law Inc"; "I have never had an ownership interest in AF Holdings LLC or Ingenuity 13." (*Id.* at pg. 83). In his deposition, Hansmeier testified that he had "no ownership interest [in AF Holdings] whatsoever" and that proceeds from settlements went into an attorney's trust account and were withdrawn only to pay expenses of litigation. (ECF No. 69-1 at pgs. 9-13).

The truthfulness of these and similar statements is severely challenged by two documents which Prenda Law sent to the Dropbox account on Gibbs' computer in early 2013: "*Prenda Law Profit and Loss Detail, January through December 2012*" and "*Prenda Law Balance Sheet Detail.*" (*See* Exhibits E and F). The receipt and disbursements shown in these spreadsheets directly contradict the oft-repeated statements of Steele and Hansmeier that they have no financial interest in Prenda Law or its litigation.

According to the *Prenda Law Profit and Loss Detail*, in 2012 alone, Prenda made "Payments to Old Owners"[6]—Hansmeier, Steele and Under the Bridge

---

[6] The term "Payments to Old Owners" implies that Steele, Hansmeier, and Under The Bridge Consulting were, at one time, owners of Prenda Law. At 70% of revenue, the payments seem unreasonably large to be from an arms-length sale of Steele Hansmeier PLLC to Duffy, especially if Steele and Hansmeier were not playing any role in managing Prenda.

12

Consulting (their jointly-owned company[7])—equal to almost 70% of Prenda's total revenue. Hansmeier received $645,821.29 ($185,321.28 directly and $460,500.00 through Under the Bridge). Steele received $660,915.94 ($200,415.94 directly and $460,500.00 through Under the Bridge). This does not include tens of thousands of dollars in additional payments to or on behalf of Steele and Hansmeier for travel and entertainment, meals, credit card charges, and miscellaneous reimbursements, or payments to Steel's wife, Kerry Eckenrode Steele. It also does not include payments totaling $37,069.56 to Duffy or Duffy Law Group, also classified as "Payments to Old Owners."[8] Judging from the documents it appears that neither the *Profit and Loss Detail* nor the *Balance Sheet Detail* show any payments to AF Holdings, Ingenuity 13 or other Plaintiffs represented by Prenda.[9]

Exhibit E shows that Prenda received income from "Pirates" of $1,931,977.09 in 2012, and made "Payments to Old Owners" of $1,343,806.78 or 69.6% of its total receipts. Considering other payments to or for Steele, Hansmeier and Duffy, the total distributed to them likely exceeded 80% of receipts, even though these distributions left Prenda with a 2012 loss of $487,791.20. These figures do not include payments to Steele and Hansmeier from other Prenda accounts, or settlements that may have

---

[7] Approximately a month before Gibbs left Prenda Law, Hansmeier told Gibbs in a telephone conversation that Hansmeier and Steele each owned 50% of a side-business called Under the Bridge Consulting. At the time, Gibbs did not understand the implications of Hansmeier's comment. Only later did Gibbs realize that Under the Bridge was being used as a conduit for funneling settlement money from Prenda to Steele and Hansmeier (Gibbs Decl. at ¶ 18). The name "Under the Bridge" presumably refers to a place where trolls congregate. If the payments were indeed from the sale of Steele Hansmeier, it is puzzling that such large sums were paid to Under the Bridge Consulting.

[8] Classifying payments to Duffy as "Payments to Old Owners" is curious. It may indicate that Duffy owned a small interest in Steel Hansmeier PLLC when its business was transferred to Prenda. It could also mean that the "Payments to Old Owners" account was being used to disguise payments to the *de facto* owners of Prenda Law – Steele, Hansmeier and Duffy.

[9] This supports the conclusion that these companies were not independent entities, but rather alter egos of Steele and Hansmeier.

bypassed Prenda completely.[10]

Not only do these documents refute statements from Steele and Hansmeier that they lack any interest or beneficial ownership in Prenda Law, they also provide strong new evidence supporting Gibbs' prior testimony. Steele and Hansmeier were the primary beneficiaries of settlement payments to Prenda Law, giving them a compelling, if secret, financial interest in all aspects of Prenda's operations and litigation. They had a direct financial incentive to ignore any court order—or ignore Gibbs when he relayed such an order—if complying would slow the flow of settlement proceeds to Prenda.

        b.    *BitTorrent Forensic Specialist's Report and Comcast Letter Show that Steele Seeded Films To Lure Potential Defendants Into Infringing on Plaintiffs' Copyrights.*

On June 3, 2013, in a Florida copyright-infringement case, Delvan Neville, a computer researcher, doctoral candidate at Oregon State University and BitTorrent forensic specialist, filed a 31-page declaration that concluded, after exhaustive analysis, that films were made available to BitTorrent users on download sites like The Pirate Bay by "sharkmp4," a GoDaddy account owned and controlled by Steele. *First Time Videos, LLC. v. Oppold*, Case No. 6:12-CV-01493-CEH-KRS (M.D. FL.), Docket No. 37-11, (Exhibit K, Declaration of Delvan Neville). The uploaded files were labeled as "Fast" indicating that they could be easily and rapidly downloaded from someone eager to give out the file. Some films were available from the sharkmp4 account before they were available anywhere else; one film was available before a copyright registration was filed; and one or more films were made available by someone who apparently had access to the original Master of the work. Neville's Declaration draws several important conclusions, all of which further implicate Steele

---

[10] Many entries in The *Prenda Law Profit and Loss Detail, January through December 2012* (Exhibit E) refer to transfers to and from other Prenda bank accounts. Without reviewing these accounts, it is not possible to say if they were also used to make payments to Steele and Hansmeier, further increasing their income from Prenda. (Gibbs Decl. at ¶ 19).

in attempts to maximize the number of individuals whom Prenda could pursue for copyright infringement:

> "Therefore, it appears that there is sufficient evidence to conclude that Ingenuity 13 is sharing its own works via sharkmp4 and identifying such swarms to 6881 Forensics[11] upon creation."

> "It appears from all the evidence that John Steele (or someone under his control or with access to his Go-Daddy account records with authorization to make changes to domain names) is the most probable candidate for the identity of Pirate Bay user sharkmp4."

> "Because all three entities [Ingenuity 13, 6881 Forensics and Prenda Law] appear under the same control, it is my belief that the purpose of sharing the file by sharkmp4 appears to have been in an effort to induce infringement for the purposes of monetization of copyrights of commercially low value." (*Id* at pgs. 22, 29, 31).

The efforts of Steele and Hansmeier to entice copyright infringement of films so that they could extort settlements from downloaders were further confirmed in a letter from Comcast in response to a subpoena in an AF Holdings case in Georgia. In that case, Comcast was asked to identify the subscriber who owned IP address 75.72.88.156, the address used by sharkmp4 to seed certain films produced by AF Holdings and Ingenuity 13. On August 6, Comcast's Legal Response Center identified the subscriber as "Steele Hansmeier PLLC" of Minneapolis, MN. *AF Holdings, LLC v. Patel*, Case No. 2:12-CV-00262-WCO (N.D. Georgia), Doc. No.61-16.

The Neville declaration and the Comcast letter provide compelling new evidence that Steele and Hansmeier designed and operated a lucrative honeypot scheme. While Gibbs never knew or suspected any of this, it was another critical element underpinning a business plan that relied entirely on revenue from settlements with alleged "pirates." This new evidence raises the possibility that Steele and the Plaintiffs gave their implied consent to the downloading of these films and had no

---

[11] 6881 Forensics is purportedly owned by Peter Hansmeier, Paul Hansmeier's brother, and was employed by Prenda to identify IP addresses of "pirates" who downloaded films.

legal basis for their many copyright-infringement lawsuits. This new evidence provides yet another reason to conclude Gibbs testified truthfully when he admitted to this Court that he had "in a way" been "duped" by Hansmeier and Steele.[12] (*See* ECF No. 93 at 97).

         c.     *Recordings Show That Steele Impersonated Mark Lutz and Alan Cooper on Phone Calls.*

       On August 28, 2013, Gibbs testified at an evidentiary hearing in *AF Holdings, LLC v. Navasca*, Case No. 3:12-cv-02396-EMC (N.D. Cal). Defendant's attorney played voice recordings of two phone calls to GoDaddy's support lines during which the caller claimed to be Mark Lutz on one call and Alan Cooper on the other. Gibbs testified that the voice on the recordings claiming to be Mark Lutz and Alan Cooper was in fact Steele's. (*Id*. Doc. No. 116 at pg. 8). His testimony was buttressed by the fact that the caller asked GoDaddy to send a new password to the email address johnlsteele@gmail.com.[13]

       That Steele would misappropriate other people's identities on recorded telephone calls makes his denial that he (or someone acting at his direction) forged the name of Alan Cooper on copyright assignments even less credible.

---

[12] At the March 11 OSC hearing, the Court asked, "Do you feel like you have been duped by Hansmeier and Steele?" Gibbs responded, "In a way, yes." His answer today would be "In many, many ways, yes."

[13] Steele's misappropriation of Alan Cooper's identity began even earlier. In the amended counterclaim in *Paul Duffy v Paul Godfread and Alan Cooper*, Case No. 1:13-cv-01569 (D. Minn.) (Doc. No. 36 at pg. 7), Defendants' attorney explains: "On November 6, 2010, at 10:01 a.m. Steele created a GoDaddy account and was assigned Shopper ID 39706942. ECF No. 16-3. Steele initially used his own name and the business address for Prenda Law, Inc. on the account. A mere 15 minutes later, Mr. Steele changed the customer name from "John Steele" to "Alan Cooper" and replaced the Steele Hansmeier address with 4532 East Villa Theresa Drive ("the Villa Theresa Address"). This address was previously shared by John Steele's sister, Jayme Steele and her boyfriend Anthony Saltmarsh. Id. Anthony Saltmarsh would later find himself, without his knowledge or consent, the namesake of the 'undefined beneficiary trust' which owns AF Holdings." The amended counterclaim describes, in some detail, the vexatious litigation in multiple venues which the Principals brought against Cooper in retaliation for exposing the forgery of his signature. Just as in this, and many other cases, retaliation seems to be the Principals' weapon of choice in dealing with opponents who stand up to them.

16

### d. _Court Records Show That Prenda Law Has Violated Court Orders In Other Cases._

In a Colorado case which bears many similarities to this case, Prenda Law's local attorney filed a complaint against John Doe and 1385 "joint tortfeasors." On March 22, 2012, the court granted a motion for early discovery, allowing Plaintiff to subpoena ISPs for the purpose of identifying the Defendant and the 1,385 "co-conspirators." On October 19, 2012, the Honorable Judge Kathleen M. Tafoya issued an order reversing her original early discovery order and quashing all outstanding ISP subpoenas. The court ordered: "Insofar as any personal identifying information of the non-party 'joint tortfeasors' has already been provided to Plaintiff from the 'joint tortfeasors' ISPs, Plaintiff is prohibited from further communicating with these subscribers." _Sunlust Pictures, LLC v. John Doe_, Case No. 1:12-cv-00656-CMA-KMT (D. Col.) Doc. No. 94.

Despite this direct and unambiguous Court Order, Prenda sent out letters and subpoenas to subscribers in Virginia and began lawsuits against them based on information gained from ISPs in the Colorado case. _See, e.g., Sunlust Pictures, LLC v. John Doe IP 216.40.69.178_, Case No. 1:12-cv-01271-LMB-IDD (E.D. Va.) (Filed Nov. 7, 2012) (same IP address as in Colorado case); _Sunlust Pictures, LLC v. John Doe IP 68.98.135.78_, Case No. 1:12-cv-01280-LMB-IDD (E.D. Va.) (Filed Nov. 7, 2012) (same IP address as in Colorado case).

The proceedings in Colorado and Virginia indicate that Prenda's failure to abide by this Court's October 19 Order vacating early discovery was neither isolated nor unintentional. Moreover, it happened in cases in which Gibbs was not involved.

### e. _Other Courts Have Found Gibbs, but Not The Principals, Credible._

There are numerous cases in which Prenda or its Principals or its Plaintiffs are under investigation for misconduct, have been sanctioned, or are facing sanctions. In a

county court in Minnesota, the Honorable Tanya M. Bransford found that the plaintiff, Guava LLC—another sham company owned by Steele and Hansmeier—had engaged in conduct "markedly similar to a fraudulent scheme as found by Judge Otis Wright." The Court awarded a total of $63,367.52 in costs and attorney's fees, and made Alpha Law Firm[14] and its local counsel jointly and severally liable for payment. *Guava LLC v. Spencer Merkel,* Case No. 27-CV-12-20976 (Minn. 4th Dist.).

In the Northern District of California, the Court had to assess the credibility of the Principals and Gibbs in another AF Holdings copyright-infringement case in which Gibbs had previously represented the Plaintiff. *See AF Holdings, LLC v. Joe Navasca,* Case No. 3:12-02396-EMC (N.D. Cal.). Gibbs' final action before being allowed to withdraw from this case was to file AF Holdings motion for voluntary dismissal. *Id* at Doc. No. 62. Duffy substituted into this case when Gibbs withdrew. *Id* at Doc. No. 63. The Court, before ruling on the motion to dismiss, requested an explanation of the forged signature of Alan Cooper on the copyright assignment. In response, Duffy and Lutz filed declarations, with Duffy claiming that he knew nothing about the ADR certification and that it was Gibbs alone, not Prenda Law, who had the obligation to produce it. *Id* at Doc. No. 79. Lutz, as the sole officer or employee of Plaintiff, went further, declaring: "Gibbs also from time to time sent to me certifications to sign on behalf of AF Holdings stating that I am familiar with the ADR policies. My practice was to sign those certifications on behalf of the Salt Marsh Trust and return them to Gibbs." *Id*. at Doc. No. 80. Citing these declarations, the Honorable Judge Edward M. Chen entered final judgment dismissing the case on May 21, 2013, and directed the clerk to close the file. *Id*. at Doc. No. 82, 83.

On June 4, 2013, the Defendant made a motion for costs and attorney fees. Gibbs, knowing that Lutz's declaration about signing ADR certifications was false,

---

[14] Alpha Law LLC, is a Minnesota law firm owned and operated by Hansmeier. It shared an address and attorneys with Prenda and, for all intents and purposes, seems to be just another name under which Prenda operated.

and understanding his obligations as an officer of the court, submitted a declaration supporting Defendant's motion. In his declaration, Gibbs stated that he had not sent ADR certifications to Lutz, and he had not had the alleged conversations with Lutz. Gibbs reiterated that Hansmeier told him that Salt Marsh was an individual who had read and signed the certifications, and that Hansmeier confirmed to him that Prenda Law had the original signatures on file. *Id* at Doc. No 84.

On July 22, the Court awarded fees and costs of $22,531.93 to the Defendant. The Court found that "the signature by Alan Cooper appears to have been a forgery" and:

> persons affiliated with AF used the alias 'sharkmp4' to post links on the Pirate Bay website to many of the copyrighted works in order to induce users to download the works so that they could then be sued for copyright infringement. This evidence corroborates Judge Wright's finding that the motivation for this and similar suits is to sue and coerce settlement. . . [W]hat AF has not done is offer any counter-evidence such as a declaration from Mr. Steele in which he denies that he is 'sharkmp4' or other evidence that AF did not take steps to induce users to download the subject works. This evidence could easily have been offered by AF as a part of its opposition brief. AF's failure to submit any factual denial under oath is telling. *Id* at Doc. No. 100 at pgs. 2, 5.

On July 2, 2013, before Judge Chen had awarded costs and fees, Defendant had made a motion for sanctions against Steele and Hansmeier. (*Id* at Doc. 93.) On July 25, after awarding costs and fees to Defendant, the Court referred the motion for sanctions to the Honorable Magistrate Judge Nandor J. Vadas for a report and recommendation. Judge Vadas scheduled an evidentiary hearing for August 28, 2013 and directed the parties to be prepared to address the legal effect of the findings in this Court's May 6 Order and other specific questions. *Id* at Doc. No. 102, 103. The evidentiary hearing was Prenda's chance to rebut the findings in this Court's May 6 Order, to clarify the ownership of AF Holdings and the identity of Salt Marsh, to offer evidence supporting their assertions that Gibbs was single-handedly orchestrating

Prenda Law's every move, to explain the Alan Cooper signature, and to describe how settlement funds were being sent to AF Holdings. Even though the Principals had elected not to present such evidence to this Court at its April 2, 2013 OSC hearing, this was a fresh opportunity for them to submit sworn evidence supporting their allegations without the fear of criminal penalties which kept them from testifying on April 2, 2013.

At the August 28 hearing, Duffy, appearing as the attorney for AF Holdings, claimed that Lutz was in San Francisco on his way to the hearing. Lutz, however, did not appear in court or telephone to explain his absence. Duffy did not attempt, in any meaningful way, to answer any of the specific questions posed by the court. When Lutz did not appear, Duffy called no other witnesses and presented almost no new evidence.[15] Gibbs, on the other hand, voluntarily appeared and testified for over an hour answering every question posed to him by Defendant's attorney, the Court and Duffy. Gibbs again testified that Steele and Hansmeier were the decision-makers at Prenda Law. Gibbs provided phone records of calls with Steele and Hansmeier detailing hundreds of calls, including calls on dates that were specifically relevant to issues arising in the *Navasca* case.

Duffy then cross-examined Gibbs. In his September 16, 2013 Report and Recommendation, the Honorable Magistrate Judge Vadas described their exchange as follows:

---

[15] Duffy did introduce one new item into evidence during his cross-examination of Gibbs—an "Engagement Letter" dated November 15, 2011 from Duffy to Lutz, which included this sentence: "The attorney who will be overseeing your company's litigation, and your primary contact at Prenda Law, will be Brett Gibbs." Although this was the first time Gibbs had seen this document, it had been attached to a Declaration of Mark Lutz filed April 29, 2013 as an Exhibit to a Memorandum of John Steele in a Florida case. *Sunlust Pictures LLC v. Tuan Nguyen* 8:12-cv-01685-MSS (M.D. Fla.), Doc. No. 51 at pg. 22. In that case, the Defendant's attorney pointed out that the Engagement Letter was printed on stationery which Prenda did not use at the time, strongly suggesting it was fraudulently created after the fact. *Id.*, Doc. No. 52. at pg. 7. Gibbs also believes this was a back-dated creation of Prenda designed to deceive the courts in both Florida and California and deflect blame from Steele, Hansmeier and Duffy to him. (Gibbs Decl. at ¶ 21). Gibbs finds it more than a little surprising that the Principals would submit yet another fake document to a federal court given the multiple accusations of fraud they already face in courts around the country.

AF attempted to attack Gibbs' testimony by presenting an affidavit he had filed in another case, where Gibbs represented himself as an attorney who worked "Of Counsel" for Prenda; litigated copyright lawsuits for Prenda Law; and advised and educated other attorneys working with Prenda Law, as well as Prenda's clients. Plaintiff's Ex. 1. AF also introduced affidavits filed by other attorneys who represented AF and described Gibbs as their point of contact for AF. Plaintiff's Exs. 2, 4. However, these declarations do not rebut Gibbs' testimony that Steele and Hansmeier alone communicated with their purported client, and that they directed Gibbs' litigation strategy. The declarations actually corroborate Gibbs' testimony he communicated with local counsel for AF, essentially acting as a go-between for Steele and Hansmeier. AF further attempted to attack Gibbs' testimony by pointing out that Gibbs and Hansmeier were friends from college, and therefore must have spoken on the phone about personal matters. And finally, AF attempted to undercut Gibbs' credibility by offering "evidence" that Gibbs had "cut a deal" with defendants in various AF cases and thus could not be trusted. **The undersigned is not at all persuaded by AF's arguments and finds that Gibbs' testimony is credible, supported by the record, and supported by the evidence admitted during the evidentiary hearing.** *Id.* at Doc. No. 116 at pgs. 6-7 (*emphasis added*). [16]

The Principals have refused to answer questions about their activities at Prenda Law, appearing only at hearings during which they will not be cross-examined by opposing counsel. For example, in *AF Holdings, LLC v. Doe* 0:12-cv-01445-JNE-FLN (D. Minn.), Steele testified on September 30, 2013 about the Alan Cooper signature, but the Court did not permit opposing counsel to question him. They also continue to dodge legitimate discovery requests. *See AF Holdings, LLC v. Patel*, Case No. 2:12-CV-00262-WCO (N.D. Georgia) at Doc. No 74, 75. They have designated Lutz as the sole officer of Plaintiffs, but have only presented vague and unconvincing reasons

---

[16] On October 16, 2013, Judge Chen adopted Judge Vadas' report and recommendation that "essentially found credible Mr. Gibbs's testimony" and rejected all of AF Holdings' objections. (*Id* at Doc. No. 120 at pgs. 6, 13). The Court also scheduled a November 21, 2013 OSC evidentiary hearing for Steele and Hansmeier to present evidence about the ownership of Plaintiff and other matters, but warned (in bold type) that "**any testimony in a declaration (or affidavit) that a party or nonparty deems important, significant, or critical must be presented at the evidentiary hearing by a live witness, subject to cross-examination.**" (*Id* at pgs. 15-16).

why he did not testify at a scheduled deposition in Georgia or at hearings in Minnesota or California at which he was ordered to appear.[17]

Gibbs, on the other hand, has testified in person or filed sworn declarations in multiple cases, submitted to cross-examination by Courts, opposition attorneys, and even a Prenda Principal. The Court in the Northern District of California found him, but not the assertions of a Prenda Principal, to be credible. Gibbs submits that all of this supports the Court's May 6 findings and sanctions against the Principals, Prenda and Plaintiffs, and also supports vacating those sanctions against him.

## III. LEGAL STANDARD

Gibbs requests that the Court issue an indicative ruling to the Ninth Circuit under FRCP 62.1 stating that it would grant Gibbs' motion for reconsideration under FRCP 60(b) and vacate the sanctions imposed on Gibbs in its May 6 Order if the Court of Appeals remands for that purpose.

Gibbs respectfully requests that the Court reconsider the sanctions imposed on Gibbs under three of the Grounds for Relief set forth in FRCP (60)(b):

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (and)
> (6) any other reason that justifies relief.

In its May 6 Order, the Court set out the legal standard under which the Court issued the sanctions:

---

[17] On August 21, 2013, neither Lutz nor his attorney appeared for a scheduled deposition in *AF Holdings, LLC v. Patel*. *See* 2:12-cv-00262-WCO (M.D. Fla.) at Doc 76. No reason was given for their failure to appear. On August 28, 2013, Lutz failed to appear in a San Francisco court despite a Court Order that AF Holdings provide specific information to the Court. The Court did not allow Duffy to file Lutz's affidavit explaining that he had been detained by unnamed "federal authorities" at the Miami airport as he attempted to fly to the hearing. *AF Holdings LLC v. Navasca, Id* at Doc 115-1. Most recently, Lutz failed to appear at a September 30, 2013 evidentiary hearing in Minneapolis concerning the Alan Cooper forgery. Steele testified at the hearing that he overheard Cooper's side of a telephone conversation in which Cooper gave Lutz permission to sign Cooper's name (a story that differs markedly from earlier versions.) Asked to explain Lutz's absence, Hansmeier filed a declaration stating that he believed that "Lutz will be able to provide a good-faith reason" for not appearing. *AF Holdings, LLC v. Doe* 0:12-cv-01445-JNE-FLN, at Doc 52.

The Court has a duty to supervise the conduct of attorneys appearing before it. *Erickson v. Newmark Corp*., 87 F.3d 298, 301 (9th Cir. 1996). The power to punish contempt and to coerce compliance with issued orders is based on statutes and the Court's inherent authority. *Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 831 (1994). Though this power must be exercised with restraint, the Court has wide latitude in fashioning appropriate sanctions to fit the conduct. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65 (1980).

Under the Court's inherent authority, parties and their lawyers may be sanctioned for improper conduct. *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001). This inherent power extends to a full range of litigation abuses, **the litigant must have engaged in bad faith or willful disobedience of a court's order. Id. at 992**. Sanctions under the Court's inherent authority are particularly appropriate for fraud perpetrated on the court. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 54 (1991). (*emphasis added*)

In the Ninth Circuit, sanctions under the court's inherent powers are available if the court specifically finds bad faith or conduct tantamount to bad faith. *Fink,* 239 F.3d at 989, *citing Chambers*, 501 U.S. at 54. In *Yagman v. Republic Ins*., 987 F.2d 622, 628 (9th Cir.1993), the Ninth Circuit vacated the imposition of sanctions where there was no evidence that the attorney had "acted in bad faith or intended to mislead the court." Bad faith "is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose or moral obliquity; ... it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming Partnership* 315 F.3d 1176, 1185 (9th Cir. 2003).

Gibbs' testimony is uncontroverted by any sworn testimony of the Prenda Principals. Gibbs asks the Court to reconsider whether Gibbs acted with a dishonest purpose or simply made an inadvertent "mistake" when he characterized Mr. Denton's property as "a very large estate." Gibbs also asks the Court to reconsider if Gibbs

knowingly violated the Court Order vacating early discovery or otherwise exhibited bad faith in this case.

## IV.   ANALYSIS

Gibbs was sanctioned by the Court for (1) telling a "blatant lie" about the size of Mr. Denton's property, and (2) ignoring a Court order vacating early discovery.

### A. Gibbs Did Not Lie To This Court.

The Court's May 6 Order described Gibbs' first transgression as follows:

> Enter Plaintiffs and their cottage-industry lawsuits. Even so, the Court is not as troubled by their lack of reasonable investigation as by their cover-up. Gibbs argued that a deep inquiry was performed prior to filing. Yet these arguments are not credible and do not support Gibbs's conclusions. Instead, Gibbs's arguments suggest a hasty after-the-fact investigation, and a shoddy one at that.

> For instance, Gibbs characterized Marvin Denton's property as "a very large estate consisting of a gate for entry and multiple separate houses/structures on the property." (ECF No. 49, at 19.) He stated this to demonstrate the improbability that Denton's Wi-Fi signal could be received by someone outside the residence. But Denton's property is not a large estate; it is a small house in a closely packed residential neighborhood. There are also no gates visible. (aerial photo omitted)

> Gibbs's statement is a blatant lie. His statement resembles other statements given by Plaintiffs in this and their other cases: statements that sound reasonable but lack truth. Thus, the Court concludes that Gibbs, even in the face of sanctions, continued to make factual misrepresentations to the Court. (ECF No. 130 at pgs. 6-7).

Here is the paragraph from the Gibbs' Declaration which the Court found contained Gibbs' "blatant lie":

> Moreover, in order to rule out neighbors of the property located at 635 S. Vanderwell Avenue, West Covina, California 91790 utilizing the internet connection, Ingenuity utilized Google maps and obtained a satellite picture of the property. The satellite photo revealed that the property was a very large estate consisting of a gate for entry and multiple separate houses/structures on the property. **Further, through**

**another publically available search, the house was identified as approximately 1,304 sq. ft. sitting on a 7,620 sq. ft. lot.** Considering the position of the house and the neighboring properties, including the seemingly main house on the lot, it seemed clear that, should the household have wireless Internet, it likely was not accessible by its neighbors. (ECF No. 49 at ¶ 38) (*emphasis added*).

While Gibbs clearly erred in characterizing Mr. Denton's property as "a very large estate," there was no intent to misrepresent facts or mislead this Court. (Gibbs Decl. at ¶ 22).  The sentence following "a very large estate" gives the reported square footage of Mr. Denton's property.  Street view photos show a sliding gate on the neighbor's driveway on one side of the house and a swing gate on Mr. Denton's driveway on the other side of the house.[18] (*See* Exhibit G).  Gibbs had no intent to deceive or provide misleading information. The entire paragraph was aimed at showing that it was not *likely* that neighbors had intercepted wireless signals from Mr. Denton's property, exactly what Gibbs believed based on his own experience and his research on wireless routers.

Gibbs respectfully asks the Court to review Gibbs' few poorly chosen words in the context in which they were presented and to rule under FRCP 60(b)(1) that Gibbs' description of Denton's property was an inadvertent mistake and not a bad faith effort to deceive the Court.

## B. Gibbs Did Not Violate the Court's Order.

In the May 6 Order, the Court states:

In addition to Gibbs' misrepresentations, there is the matter of the ignored Court Order vacating early discovery.  The evidence does not show that the Order was ignored because of miscommunication among Plaintiffs.  The Order was purposefully ignored—hoping that the ISPs were unaware of the vacatur and would turn over the requested subscriber information.

---

[18] Gibbs testified to the Court on March 11 that he used aerial views from Google maps as well as Google Street View photos in his investigation (ECF No. 93 at pgs. 99–100).

MOTION FOR INDICATIVE RULING            NO. 2:12-CV-8333-ODW (JCx)

Exhibit 1 - Motion for Indicative Ruling - 30

Although Gibbs is mentioned in the first sentence, the Court did not directly name Gibbs as someone who ignored its October 19 Order vacating early discovery. Nevertheless, Gibbs believes that the Court may have concluded that Gibbs did ignore its Order, and, understanding how the Court could have reached this conclusion, wants to explain exactly what transpired.

Gibbs believed that he had fully complied with the Court's October 19 Order vacating early discovery. On October 19, Gibbs called Hansmeier, who had also received a copy of the Order, to tell him that the Court Order should be served on the ISP's. In a subsequent conversation, Hansmeier confirmed that this had been done, that all of the ISPs had been served with the Court Order quashing the subpoenas. Believing Hansmeier, Gibbs declaration, filed on February 19 in response to the Court's OSC, included the following paragraph:

> 21. Following receipt of the October 19, 2012 Orders, I caused the Court's October 19, 2012 Orders to be served on the registered agents for service of process of Verizon Online LLC to ensure that Verizon Online LLC had notice not to respond to the subpoenas that had already been served. (ECF No. 50, pg. 7).

And Gibbs' attorney, in his February 19 response to the OSC, stated:

> Indeed, following receipt of the October 19, 2012 Orders, Mr. Gibbs caused the Court's October 19, 2012 Orders to be served on the registered agents for service of process of Verizon Online LLC (and the other ISPs) to ensure that Verizon Online LLC had notice not to respond to the subpoenas that had already been served. (Gibbs' Decl. ¶ 21). This is certainly not the action of an attorney that was attempting to evade the Court's orders. (ECF No. 49, pgs. 9-10)

On March 11, Gibbs was presented with evidence that Verizon had not been served with the October 19 Court Order. (ECF Nos. 77, 78). When questioned about this by the Court, Gibbs' attorney responded:

> Prenda Law is one of the, is one of the e-mail addresses that received a copy of your October 19, 2012 order. As does Mr. Gibbs. Mr. Gibbs had a conversation with Mr. Hansmeier and told him that he

thought that this order should be served on the ISP's. Mr. Hansmeier advised Mr. Gibbs that would be done. Mr. Hansmeier later advised Mr. Gibbs that his request had been taken care of. (ECF 93 pg 9-10)

Gibbs did not have direct involvement with the process of issuing subpoenas to ISPs or receiving their responses. These activities were generally handled by Angela Van Den Hemel in Hansmeier's office in Minneapolis[19] and others in Prenda's Chicago office. If the Court Order was not served on the ISPs, it was not because Gibbs chose to ignore it. Gibbs may have been misled by Hansmeier, but he did not knowingly ignore this Court's October 19 Order. (Gibbs Decl. at ¶ 23). Neither Hansmeier nor anyone else has provided any evidence or testimony to the contrary.[20]

Gibbs respectfully asks the Court to vacate the sanctions against him because he did not ignore the Court's order or act in bad faith in this, or any other, regard.

## V. CONCLUSION

The frequent and flagrant misconduct by the Prenda Principals warranted the sanctions imposed by this Court on May 6. New evidence demonstrates conclusively that Steele, Hansmeier and Duffy were never interested in protecting films from copyright infringement. They only wanted to maximize settlement proceeds and use shell companies, organized in offshore jurisdictions, with no assets, accounts, employees or operations, to hide the fact that they were the true beneficiaries of Prenda's extortion scheme. Bad faith was an essential ingredient in their business model.

---

[19] At the March 11, 2013 OSC hearing, an attorney from AT&T testified that he communicated regularly with Angela Van Den Hemel at Prenda about subpoena-related matters. Ms. Van Den Hemel exercised her Fifth Amendment right not to testify at the April 2 OSC hearing, so it remains unknown whether Hansmeier told her about the October 19 Court Order vacating discovery.

[20] Because the Principals invoked their Fifth Amendment right not to testify at the OSC hearing on April 2, 2013, the Court may infer that their silence supports Gibbs' testimony that he told Hansmeier about the Court Order vacating early discovery, that Hansmeier chose to ignore it and then lied to Gibbs about having complied. "[T]he Fifth Amendment does not forbid adverse inferences against parties to civil actions when they refuse to testify in response to probative evidence offered against them." *Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976). *See* ECF No. 130 at n.3.

Gibbs was in another league.  He did not know that the Principals had forged signatures on documents.  Until recently, he thought his clients were independent entities, not front organizations organized and owned by Steele and Hansmeier to hide settlement proceeds.  He took directions from Steele and Hansmeier, but never thought he was being directed to do anything illegal or unethical.  His mistake was believing and relying on their statements, and transmitting them to the Court, unaware that they were false.  When he learned the truth, he resigned and no longer represents parties in copyright-infringement cases. He has since testified truthfully about the Principals' activities in this Court and others, even in the face of the Principals' less-than-subtle attempts at retaliation.

Gibbs believes that vacating the sanctions against him will help Defendant in the Court of Appeals to argue that sanctions on the Principals, the Plaintiffs, and Prenda Law should be affirmed.  The findings in the Court's May 6 Order relied heavily on Gibbs' testimony.  The veracity of his testimony and its usefulness in other courts will be significantly undermined if this Court, even after reconsidering, concludes that Gibbs told a "blatant lie."  It would seem difficult, if not impossible, to assert the truthfulness of Gibbs' testimony about Prenda while arguing that Gibbs was properly sanctioned for lying to the Court.  By vacating the monetary sanctions against Gibbs, the Court would allow the Defendant and others to use Gibbs' testimony about the Principals without the need for equivocation.  Vacating the sanctions against Gibbs would also prevent Steele, Hansmeier and Duffy from arguing that Gibbs lacks credibility because this Court sanctioned him.  It would show that this Court was correct when it relied on Gibbs testimony in its findings of fact in the May 6 Order.  It would reassure other Courts that are considering sanctions in Prenda cases that Gibbs is a credible witness whose testimony has withstood careful scrutiny in multiple courts.

Gibbs is respectfully requesting that the Court issue an indicative ruling vacating the sanctions imposed on him.  Leaving in place the sanctions on the Principals and their shell companies punishes them for acting in bad faith for financial gain.  Vacating the sanctions against Gibbs, who did not act in bad faith, avoids painting him with the same brush and punishing him for being an unwitting participant in the Principals' massive fraud.

While Gibbs is asking the Court to vacate the sanctions imposed upon him in its May 6 order, he is not asking the Court to withdraw the referrals the Court made to the U.S. Attorney, the Central District Disciplinary Committee, the State Bar and the Internal Revenue Service. Gibbs wants these investigations to proceed and will continue to cooperate fully with them.  If the monetary sanctions against Gibbs are vacated, Gibbs will withdraw his appeal—which the Ninth Circuit has consolidated with the appeals of Prenda, the Principals and Plaintiffs. This will not prevent him from testifying about the actions and statements of the Principals in this or other cases.

Vacating the sanctions which the Court imposed on Gibbs will not affect the sanctions imposed on the other parties. As noted above, all of the significant conclusions made by the Court in its eleven findings of fact relate almost exclusively to the Principals, not Gibbs.  Their appeals to the Ninth Circuit will not be affected by this Court's order extricating Gibbs from the Court imposed monetary sanctions.

Gibbs respectfully requests that the Court issue an indicative ruling to the Court of Appeals stating that it will vacate the sanctions on Gibbs if the Ninth Circuit remands the case.

Respectfully submitted,

DATED: October 17, 2013

/s/ Brett L. Gibbs
Brett L. Gibbs
28 Altamont Avenue
Mill Valley, CA 94941
*In Propria Persona*

29

Brett L. Gibbs (SBN 251000)
28 Altamont Avenue
Mill Valley, CA 94941
Telephone: (415) 381-3104
brett.gibbs@gmail.com
*In Propria Persona*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

INGENUITY 13 LLC,

      *Plaintiff*,

    v.

JOHN DOE,

      *Defendant*.

CASE NO. 2:12-CV-8333-ODW (JCx)

Judge:         Hon. Otis D. Wright, II
Magistrate Judge:   Hon. Jacqueline Chooljian

**[PROPOSED] ORDER GRANTING MOTION FOR INDICATIVE RULING VACATING MAY 6, 2013 ORDER ISSUING SANCTIONS AGAINST MOVANT BRETT L. GIBBS**

      This matter came before the Court upon the motion of Brett L. Gibbs, pursuant to Rule 62.1 of the Federal Rules of Civil Procedure, requesting that this Court indicate its willingness to accept the limited remand from the Court of Appeals and proceed to vacate the sanctions imposed upon Mr. Gibbs, and only Mr. Gibbs, by this Court's May 6, 2013 Order Issuing Sanctions ("Motion for Indicative Ruling").

      Having considered Mr. Gibbs' Motion for Indicative Ruling, the exhibits and attachments thereto, as well as the entire record of this Case, the Court is of the opinion, and so finds, that, if the case is remanded to this Court by the Court of Appeals for the Ninth Circuit, it will grant the relief requested.

**IT IS HEREBY ORDERED BY THE COURT** that if this case is remanded to the District Court by the Ninth Circuit Court of Appeals, this Court will grant the motion pursuant to Rule 62.1 of the Federal Rules of Civil Procedure and proceed to vacate the sanctions against Mr. Gibbs, and only as to Mr. Gibbs.

**IT IS SO ORDERED.**

ENTERED this _____ day of _____, 2013.

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**

Brett L. Gibbs, Esq. (SBN 251000)
28 Altamont Avenue
Mill Valley, CA 94941
415-381-3104
brett.gibbs@gmail.com

*In Propria Persona*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| INGENUITY 13 LLC, | CASE NO. 2:12-CV-08333-ODW (JCx) |
|---|---|
| *Plaintiff*, | |
| v. | Judge: Hon. Otis D. Wright, II<br>Magistrate Judge: Hon. Jacqueline Chooljian |
| JOHN DOE, | **DECLARATION OF BRETT L.** |
| *Defendant*. | **GIBBS SUPPORTING MOTION**<br>**FOR INDICATIVE RULING** |
| | Date: November 18, 2013<br>Time: 1:30 p.m.<br>Ct. Room: 11 – Spring St. Floor |

I, Brett L. Gibbs, declare as follows:

1.  I am an attorney at law, licensed to practice in California, and admitted in the United States District Court in the Central District of California. My address is 28 Altamont Avenue, Mill Valley, CA, 94941.

2.  Attached as Exhibit A is a true and correct copy of a document entitled "Release and Settlement Agreement," sent to me via email on May 16, 2013 from the email address "lutzy199@gmail.com."

Exhibit 1 - Motion for Indicative Ruling - 37

3. Attached as Exhibit B is a true and correct copy of a document entitled "Indemnity Agreement," sent to me via email on May 16, 2013 from the email address "lutzy199@gmail.com."

4. Attached as Exhibit C is a true and correct copy of a document entitled, in part, "Ongoing Obligations," sent to me via email on May 22, 2013 from the email address "pduffy@pduffygroup.com."

5. Attached as Exhibit D are true and correct copies of a emails sent to me on February 7, 2013 and April 12, 2012 from the email address "johnlsteele@gmail.com."

6. Attached as Exhibit E is a true and correct copy of a document entitled, in part, "Prenda Law Profit and Loss Detail," which was deposited into a "Dropbox" account on my computer in early 2013.

7. Attached as Exhibit F is a true and correct copy of a document entitled, in part, "Prenda Law Balance Sheet Detail," which was deposited into a "Dropbox" account on my computer in early 2013.

8. Attached as Exhibit G, are true and correct .pdf copies of Google Street View images of the home located at 635 South Vanderwall Avenue, West Covina, California 91790.

DECLCARATION OF BRETT L. GIBBS SUPPORTING MOTION    NO. 2:12-CV-08333-ODW

Exhibit 1 - Motion for Indicative Ruling - 38

9.     I received a phone call from Paul Hansmeier ("Hansmeier") in March, 2011 asking if I would be interested in working for a law firm called Steele Hansmeier PLLC.

10.     Hansmeier had been my assigned roommate during my first year at the University of Minnesota Law School (2004-2005).   Before that phone call from Hansmeier, however, I had not spoken with him since transferring to the University of California, Hastings College of Law in 2005.

11.     In March of 2013, I was nearing the end of 20 months of debilitating surgeries, radiation and chemotherapy treatments for brain cancer.  I had been unable to work in the legal field since my diagnosis had forced me to leave my job with a small Oakland law firm.  When Hansmeier contacted me, I was still not ready to return to a full-time position.

12.     I accepted Hansmeier's offer to work at Steele Hansmeier, handling all litigation in California.  There was an explicit understanding that I would only work as many hours per week as I and my doctors thought advisable.

13.     I worked for Steele Hansmeier PLLC and its successor, Prenda Law, Inc., from late March 2011 until late February 2013.  Until mid-2012, I worked entirely out of my home.

14.     I have testified in several courts, through declarations and in person, regarding the operations of Steele Hansmeier PLLC and Prenda Law, Inc., and my

knowledge of the activities and roles of John Steele, Paul Hansmeier and Paul Duffy in those companies. In all instances, I have testified truthfully.

15. During the period that I worked for Steele Hansmeier PLLC and Prenda Law, Inc., I talked with John Steele and/or Paul Hansmeier weekly, sometimes daily, and sometimes several times per day. I have telephone billing records of hundreds of hours of calls with these individuals during this period.

16. After the May 6 Order was filed, Paul Hansmeier telephoned me in an attempt to persuade me to work in concert with the Principals on the appeal.

17. When Mark Lutz and John Steele filed bar complaints against me, Mark Lutz (or someone on his behalf) forwarded a copy of his complaint to Dan Browning, a reporter at the Minneapolis *Star Tribune,* from the email address admin@livewireholdings.com, signed: "Regards, Mark."

18. Approximately one month before I left Prenda Law, Paul Hansmeier told me, in a telephone conversation, that he and John Steele each owned 50% of a side-business called Under the Bridge Consulting. I did not understand the implications of this statement until seeing payments to Under the Bridge Consulting in the accounting documents attached as Exhibits E and F.

19. After reviewing Exhibits E and F, I have concluded that Prenda Law had other bank accounts besides the one operating account which is detailed in those Exhibits.

20.    I believe that I was intentionally misled by John Steele and Paul Hansmeier in many ways.  I unknowingly filed documents containing the forged signature of Alan Cooper. I testified that I complied with this Court's October 19, 2012 Order vacating early discovery because of false statements to me by Paul Hansmeier.  I was completely unaware that they were seeding films on The Pirate Bay, misusing the identity of Alan Cooper, pretending that Plaintiffs which they owned were independent clients in which they had no financial interest, and  engaging in a range of deceptive and fraudulent activities.

21.    Prior to the August 28, 2013 hearing in the *Navasca* case, I had not seen or known of the "Engagement Letter" which Duffy questioned me about at that hearing.  I believe that it was created after the fact to misrepresent my supposed role and downplay the day-to-day involvement of Steele, Hansmeier, and Duffy.

22.    I apologize to this Court for mischaracterizing the property at 635 South Vanderwall Avenue in West Covina as "a very large estate."  I did not intend to mislead this Court by using this erroneous subjective characterization.  I hope that this Court understands that what it first perceived as a lie was an inadvertent mistake that was not intended to deceive.

23.    I did not knowingly ignore any Court order in this case. I did not ever testify or act in bad faith before this Court.

24.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct based on my own personal knowledge, except for those matters stated on information and belief, and those matters I believe to be true.  If called upon to testify, I can and will competently testify as set forth above.

**DATED:  October 17, 2013.**

By:     /s/ Brett L. Gibbs
                    BRETT L. GIBBS

# EXHIBIT A

Exhibit 1 - Motion for Indicative Ruling - 43

## RELEASE AND SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Agreement") is entered into as of *May 16, 2013* ("Effective Date"), by and between Brett Gibbs ("Gibbs") and Paul Duffy, John Steele, Paul Hansmeier, Prenda Law Inc., Steele Hansmeier PLLC, Alpha Law Firm LLC. (Releasees)

NOW, THEREFORE, in consideration of the mutual promises contained herein and for other good and valuable consideration, the receipt and sufficiency of which are hereby irrevocably acknowledged, Brett Gibbs agrees as follows:

**Gibbs** and his agents, principals, attorneys, heirs, executors, administrators, predecessors, successors, assigns and privies hereby remise, release, and forever discharge Releasees, and all of their agents, principals, partners, officers, directors, employees, associates, attorneys, insurers, heirs, executors, administrators, predecessors, successors, affiliated entities, assigns, privies, spouses and all other persons, firms or corporations, which are or might be claimed to be liable for any acts related to Mr. Gibbs employment by Prenda Law Inc., Steele Hansmeier PLLC, Alpha Law Firm LLC, or any acts committed by Releasees against Gibbs from the beginning of time through the date of this agreement.

Gibbs recognizes and understands that he is releasing the aforementioned liability for any act or omission occurring from the beginning of time up to and including the date of this Agreement which relates to Gibbs and Releasees, regardless of whether or not Gibbs knew of said act, omission or of any injury relating thereto.

1. Independent Counsel. Each party acknowledges that they have read, reviewed, and fully considered the terms of this Agreement, has had the opportunity to consult with legal counsel, has made such investigation of facts pertinent hereto as it deems necessary and appropriate, and fully understands the terms and effect of this Agreement and executes the same freely of their own accord.

2. Venue. The venue for any action seeking to enforce or construe the meaning of this Agreement or the obligations of the Parties under here shall be a court of competent jurisdiction in Minneapolis, Minnesota.

3. Binding Effect. This Agreement shall inure to the benefit of and be binding upon the parties hereto and to their respective successors and legal representatives.

4. Nonwaiver. No provision of this Agreement shall be adjudged waived unless any such waiver is signed by the party against whom the waiver is asserted. The waiver by any party of a breach of any provision of this Agreement shall not operate or be construed as a waiver of any subsequent breach.

5. Severability. If any provision or application of this Agreement shall be held invalid or unenforceable then any such provisions shall be deemed severed from this Agreement and the remaining provisions and applications of this Agreement shall not be affected, but rather shall remain valid and enforceable.

6. Entire Agreement. This Agreement constitutes the entire agreement and supersedes any and all other understandings and agreements between the parties with respect to the subject matter hereof and no representation, statement or promise not contained herein shall be binding on either party. This Agreement may be modified only by a written amendment duly signed by each party.

7. Successors and Assigns. This Agreement shall be binding on and inure to the benefit of all parent companies, affiliates, subsidiaries, related companies, defendants, franchisees, successors and assigns.

8. Jointly Drafted. The parties to this Agreement have cooperated in the drafting and preparation of this Agreement. Therefore, this Agreement shall not be construed against either party on the basis that they independently drafted this Agreement.

_____
Brett Gibbs
May 16, 2013

Exhibit 1 - Motion for Indicative Ruling - 44

# EXHIBIT B

Exhibit 1 - Motion for Indicative Ruling - 45

# INDEMNITY AGREEMENT

TO:    Paul Hansmeier and John Steele (Indemnitees)

FROM: Brett Gibbs

FOR GOOD AND VALUABLE CONSIDERATION (the receipt and sufficiency of which is hereby irrevocably acknowledged) the undersigned hereby indemnifies and saves harmless the Indemnitees from and against any and all claims, demands, actions, suits, losses, costs, charges, expenses, damages and liabilities whatsoever which the Indemnitee may pay, sustain, suffer or incur by reason of or in connection with the appeal of the May 6, 2013 order issued by Judge Wright in Case No. 2:12-cv-8333-ODW(JCx) including, without limiting the generality of the foregoing, all costs and expenses (including legal expenses) incurred in connection with any such loss or damage.

_____

Brett Gibbs
May 16, 2013

Exhibit 1 - Motion for Indicative Ruling - 46

# EXHIBIT C

Exhibit 1 - Motion for Indicative Ruling - 47

**VIA E-MAIL (Brett Gibbs brett.gibbs@gmail.com) and U.S. MAIL,
CERTIFIED, RETURN REEIPT REQUESTED**

Brett L. Gibbs, Esq.
38 Miller Avenue, #263
Mill Valley, CA 94941

RE:    ONGOING OBLIGATION TO MAINTAIN ATTORNEY-CLIENT PRIVILEGE,
       ATTORNEY WORK-PRODUCT INFORMATION AND OTHER APPLICABLE
       OBLIGATIONS

Dear Mr. Gibbs:

Your recent correspondence and communications, in particular  to me prompt this letter.

While you presumably are aware of this, the adversarial and threatening nature of your
communications to me this week suggest the prudence of reminding you of your continuing and
ongoing ethical, legal and other obligations to the clients that you formerly represented while
holding yourself out as "of counsel" at Prenda Law.  Among other things, this is to confirm your
obligation maintain attorney-client privileges and confidences of clients that you represented.
Those clients included the following entities:

Livewire Holdings LLC
AF Holdings LLC
Ingenuity13 LLC
Millennium TGA, Inc.
Hard Drive Productions, Inc.
Lightspeed Media Corporation
First Time Videos, LLC
Guava, LLC
Arte de Oaxaca
LY Systems, LLC
CP Productions, Inc.
OpenMind Solutions, Inc.
Pink Lotus Entertainment, LLC
Boy Racer Inc.
Pacific Century, LTD
XSC Digital Corp
Exoticgold LTD
Sunlust Pictures LLC

You also have ongoing obligation to protect information protected from disclosure under the
attorney work product doctrine and other applicable privileges and doctrines.

Exhibit 1 - Motion for Indicative Ruling - 48

Sincerely,

Paul A. Duffy, Esq.
2 N. LaSalle Street
13th Floor
Chicago, IL  20202

Exhibit 1 - Motion for Indicative Ruling - 49

# EXHIBIT D

Exhibit 1 - Motion for Indicative Ruling - 50

| | | **Move to Inbox** | | **More** |

## Fwd: Insurance contact       Inbox   x

**Brett Gibbs** <blgibbs@wefightpiracy.com>                                    Feb 7   ☆

to me

---------- Forwarded message ----------
From: **Brett Gibbs** <blgibbs@wefightpiracy.com>
Date: Thu, Feb 7, 2013 at 4:12 PM
Subject: Fwd: Insurance contact
To: Brett Gibbs <blgibbs@wefightpiracy.com>

---------- Forwarded message ----------
From: **John Steele** <johnlsteele@gmail.com>
Date: Thu, Feb 7, 2013 at 3:34 PM
Subject: Insurance contact
To: Brett Gibbs <blgibbs@wefightpiracy.com>

The insurance company is named pearl insurance and their number is **800.322.2488**.

--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.

Exhibit 1 - Motion for Indicative Ruling - 51



**Brett Gibbs <brett.gibbs@gmail.com>**

---

## Fwd: policy

---

**Brett Gibbs** <blgibbs@wefightpiracy.com>                          Mon, Apr 16, 2012 at 12:30 PM
To: Brett Gibbs <brett.gibbs@gmail.com>

---------- Forwarded message ----------
From: **John Steele** <johnlsteele@gmail.com>
Date: Mon, Apr 16, 2012 at 12:27 PM
Subject: Fwd: policy
To: Brett Gibbs <blgibbs@wefightpiracy.com>

---------- Forwarded message ----------
From: **Lied, Jason** <jason.lied@pearlinsurance.com>
Date: Mon, Apr 16, 2012 at 3:26 PM
Subject: RE: policy
To: John Steele <johnlsteele@gmail.com>

No bother at all.  I've attached it.  If you need anything else, please let me know.

Thanks!

**Pearl Insurance can be your Total Solutions Provider! Ask for more information about our General Liability, Workers Compensation, Directors & Officers, Employment Practices Liability, Business Owners and much more!**

**Jason Lied** Regional Director
**Pearl Insurance** | 1200 E. Glen Ave., Peoria Heights, IL 61616
TF: 888.619.2023 M: 309.219.1620 F: 866.817.9009 E: jason.lied@pearlinsurance.com
**www.pearlinsurance.com | Coverage That's Right For You**

PEARL COMPANIES CONFIDENTIALITY: This communication, including attachments, is for exclusive use of the addressee(s) and may contain proprietary, confidential or privileged information. If you are not the intended recipient, any use, copying, disclosure, or distribution or the taking of any action in reliance upon this information is strictly prohibited. If you are not the intended recipient, please notify the sender immediately and delete this communication and destroy all copies [v1.0.001].

---

**From:** John Steele [mailto:johnlsteele@gmail.com]
**Sent:** Monday, April 16, 2012 1:36 PM
**To:** Lied, Jason
**Subject:** policy


Jason,


Sorry to bother you, but can you resend me a copy of the current Prenda Law malpractice policy?
Thanks!


John



--
Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-341-5318
blgibbs@wefightpiracy.com

NOTICE: THIS EMAIL IS INTENDED TO BE PART OF A SETTLEMENT NEGOTIATION AND IS NOT
ADMISSIBLE UNDER FRE RULE 408.

NOTICE:
This communication is covered by the Electronic Communications Privacy Act, found at 18 U.S.C. 2510 et. seq. and is
intended to remain confidential and is subject to applicable attorney/client and/or work product privileges.  If you are not
the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the
sender by reply e-mail and then delete this message and all attachments.  Do not deliver, distribute or copy this message
and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance
upon the information contained in this communication or any attachments.

Circular 230 Disclosure: Pursuant to recently-enacted U.S. Treasury Department regulations, we are now required to advise
you that, unless otherwise expressly indicated, any federal tax advice contained in this communication, including attachments
and enclosures, is not intended or written to be used, and may not be used, for the purpose of (i) avoiding tax-related
penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any tax-related
matters addressed herein.

**4018_001.pdf**
941K

# EXHIBIT E

Exhibit 1 - Motion for Indicative Ruling - 54

Prenda Law
Profit and Loss Detail
January through December 2012
01/03/13

| Type | Date | Num | Name | Memo | Clr | Split | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| **Legal Fee Income** | | | | | | | | |
| Deposit | 01/03/12 | | Pirates | Chase | | Chase Bank OPERATING xx6927 | 205,654.84 | 205,654.84 |
| Deposit | 01/03/12 | | Pirates | Chase | | Chase Bank OPERATING xx6927 | 200.00 | 205,854.84 |
| Deposit | 01/03/12 | | Pirates | Chase | | Chase Bank OPERATING xx6927 | 42,677.32 | 248,532.16 |
| Check | 01/05/12 | 5096 | Steele Hansmeier | | | Chase Bank OPERATING xx6927 | -2,000.00 | 246,532.16 |
| Deposit | 01/13/12 | | Pirates | Chase | | Chase Bank OPERATING xx6927 | 38,490.00 | 285,022.16 |
| Deposit | 01/13/12 | | Pirates | Chase | | Chase Bank OPERATING xx6927 | 1,769.64 | 286,791.80 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 158,349.28 | 445,141.08 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 27,054.03 | 472,195.11 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 14,552.31 | 486,747.42 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 11,682.71 | 498,430.13 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 6,196.40 | 504,626.53 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 1,152.62 | 505,779.15 |
| Deposit | 02/16/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 2,336.13 | 508,115.28 |
| Deposit | 02/29/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 126,404.01 | 634,519.29 |
| Deposit | 02/29/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 100,000.00 | 734,519.29 |
| Deposit | 02/29/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 3,357.59 | 737,876.88 |
| Check | 02/29/12 | ELEC WD | Pirates | To xx6943 | | Chase Bank OPERATING xx6927 | -3,357.59 | 734,519.29 |
| Deposit | 04/03/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 175,543.74 | 910,063.03 |
| Deposit | 04/13/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 10,300.00 | 920,363.03 |
| Deposit | 04/24/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 14,750.00 | 935,113.03 |
| Deposit | 05/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 132,523.14 | 1,067,636.17 |
| Deposit | 05/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 3,050.00 | 1,070,686.17 |
| Deposit | 05/01/12 | | Pirates | Adjustment for Duplicate Item | | Chase Bank OPERATING xx6927 | -2,000.00 | 1,068,686.17 |
| Deposit | 05/29/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 100,000.00 | 1,168,686.17 |
| Deposit | 05/31/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 100,000.00 | 1,268,686.17 |
| Deposit | 06/01/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 124,939.98 | 1,393,626.15 |
| Deposit | 06/04/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 5,693.17 | 1,399,319.32 |
| Deposit | 06/08/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 8,431.11 | 1,407,750.43 |
| Deposit | 06/18/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 25,000.00 | 1,432,750.43 |
| Deposit | 07/02/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 50,000.00 | 1,482,750.43 |
| Deposit | 07/03/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 3,777.00 | 1,486,527.43 |
| Deposit | 07/05/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 168,029.34 | 1,654,556.77 |
| Deposit | 07/31/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 117,612.32 | 1,772,169.09 |
| Deposit | 08/10/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 20,000.00 | 1,792,169.09 |
| Deposit | 08/16/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 6,420.50 | 1,798,589.59 |
| Deposit | 09/07/12 | | Pirates | From xx6943 | | Chase Bank OPERATING xx6927 | 17,342.00 | 1,815,931.59 |
| Deposit | 09/14/12 | | Pirates | Deposit proc 2x on 8/10/12 | | Chase Bank OPERATING xx6927 | 3,947.00 | 1,819,878.59 |
| Check | 10/01/12 | ELEC WD | Pirates | | | Chase Bank OPERATING xx6927 | -2,000.00 | 1,817,878.59 |
| Check | 11/30/12 | ELEC WD | Pirates | Bluepay returned payment | | 53 IOLTA xx7456 | -100.00 | 1,817,778.59 |
| Deposit | 12/04/12 | WIRE | Pirates | Transfer to Operating | √ | 53 OPERATING xx7365 | 49,628.42 | 1,867,407.01 |
| General Journal | 12/07/12 | | Pirates | Transfer to Operating (Deposits from 11/30–12/3/12) | √ | 53 OPERATING xx7365 | 14,118.34 | 1,881,525.35 |
| Deposit | 12/14/12 | | Pirates | Unidentified | | 53 IOLTA xx7456 | 100.00 | 1,881,625.35 |
| General Journal | 12/18/12 | TRANS | Pirates | Transfer to Operating (Deposits 12/5–12/7/12) | √ | 53 OPERATING xx7365 | 8,766.74 | 1,890,392.09 |
| Deposit | 12/19/12 | | Pirates | Old check from Law Office of Linardakis | | 53 OPERATING xx7365 | 2,000.00 | 1,892,392.09 |
| Check | 12/21/12 | WIRE | Pirates | Transfer from IOLTA | | 53 OPERATING xx7365 | 11,585.00 | 1,903,977.09 |
| Check | 12/27/12 | WIRE | Law Office of Linardakis | Return for Check inadvertantly deposited on 12/19/12 | | 53 OPERATING xx7365 | -2,000.00 | 1,901,977.09 |
| General Journal | 12/31/12 | TRANS | | | | 53 OPERATING xx7365 | 30,000.00 | 1,931,977.09 |
| **Total Legal Fee Income** | | | | | | | 1,931,977.09 | 1,931,977.09 |
| **Total Income** | | | | | | | 1,931,977.09 | 1,931,977.09 |
| **Gross Profit** | | | | | | | 1,931,977.09 | 1,931,977.09 |
| **Expense** | | | | | | | | |
| **1099 Staff** | | | | | | | | |
| **Sirh–Ryun Wi Dugas** | | | | | | | | |
| Check | 12/05/12 | 1019 | Sirh–Ryun Wi Dugas | | | 53 OPERATING xx7365 | 3,300.00 | 3,300.00 |
| **Total Sirh–Ryun Wi Dugas** | | | | | | | 3,300.00 | 3,300.00 |
| **Mark Lutz** | | | | | | | | |
| Check | 01/03/12 | 5077 | Mark Lutz | | | Chase Bank OPERATING xx6927 | 4,102.19 | 4,102.19 |
| **Total Mark Lutz** | | | | | | | 4,102.19 | 4,102.19 |
| **Kerry Steele** | | | | | | | | |
| Check | 06/08/12 | 5217 | Kerry Steele | | | Chase Bank OPERATING xx6927 | 1,948.43 | 1,948.43 |
| **Total Kerry Steele** | | | | | | | 1,948.43 | 1,948.43 |
| **Alison Perelman** | | | | | | | | |
| Check | 11/02/12 | 1010 | Alison Perelman | Oct., 2012 | | 53 OPERATING xx7365 | 1,848.00 | 1,848.00 |
| Check | 11/30/12 | 1091 | Alison Perelman | November, 2012 – 146 Hours | | 53 OPERATING xx7365 | 1,752.00 | 3,600.00 |
| **Total Alison Perelman** | | | | | | | 3,600.00 | 3,600.00 |
| **Kathleen Momot** | | | | | | | | |
| Check | 09/28/12 | 5 | Kathleen Momot | | | 53 OPERATING xx7365 | 1,813.73 | 1,813.73 |
| Check | 11/02/12 | 1011 | Kathleen Momot | October, 2012 Payroll | | 53 OPERATING xx7365 | 2,916.67 | 4,730.40 |
| Check | 11/30/12 | 1093 | Kathleen Momot | November, 2012 payroll | | 53 OPERATING xx7365 | 2,916.67 | 7,647.07 |
| Check | 11/30/12 | 1093 | Kathleen Momot | Separate check issued | | 53 OPERATING xx7365 | -2,100.00 | 5,547.07 |
| Check | 11/30/12 | 1092 | Kathleen Momot | Nov. Payroll | | 53 OPERATING xx7365 | 2,916.67 | 8,463.74 |
| Check | 11/30/12 | 1092 | Kathleen Momot | Less separate check | | 53 OPERATING xx7365 | -816.67 | 7,647.07 |
| Check | 12/20/12 | 1128 | Kathleen Momot | Advance | | 53 OPERATING xx7365 | 300.00 | 7,947.07 |
| **Total Kathleen Momot** | | | | | | | 7,947.07 | 7,947.07 |
| **James Waleford** | | | | | | | | |
| Check | 08/02/12 | 10000 | James Waleford | | | Chase Bank OPERATING xx6927 | 2,215.83 | 2,215.83 |
| Check | 08/31/12 | 5293 | James Waleford | | | Chase Bank OPERATING xx6927 | 2,533.33 | 4,749.16 |
| Check | 09/28/12 | 2 | James Waleford | | | 53 OPERATING xx7365 | 2,333.33 | 7,082.49 |
| Check | 11/02/12 | 1009 | James Waleford | October, 2011 Payroll | | 53 OPERATING xx7365 | 2,333.33 | 9,415.82 |
| Check | 11/30/12 | 1088 | James Waleford | November, 2012 payroll | | 53 OPERATING xx7365 | 3,333.33 | 12,749.15 |
| Check | 11/30/12 | 1088 | James Waleford | Less separate check | | 53 OPERATING xx7365 | -690.33 | 12,058.82 |
| Check | 11/30/12 | 1090 | James Waleford | November, 2012 payroll | | 53 OPERATING xx7365 | 3,333.33 | 15,392.15 |
| Check | 11/30/12 | 1090 | James Waleford | Less separate check | | 53 OPERATING xx7365 | -2,000.00 | 13,392.15 |
| Check | 11/30/12 | 1095 | James Waleford | November, 2012 payroll | | 53 OPERATING xx7365 | 3,333.33 | 16,725.48 |
| Check | 11/30/12 | 1095 | James Waleford | Less separate check | | 53 OPERATING xx7365 | -2,000.00 | 14,725.48 |
| Check | 11/30/12 | 1095 | James Waleford | Less separate check | | 53 OPERATING xx7365 | -690.33 | 14,035.15 |
| Check | 11/30/12 | 1088 | James Waleford | November, 2012 payroll (partial) | | 53 OPERATING xx7365 | -643.00 | 13,392.15 |
| Check | 11/30/12 | 1090 | James Waleford | Less separate check | | 53 OPERATING xx7365 | -643.00 | 12,749.15 |
| **Total James Waleford** | | | | | | | 12,749.15 | 12,749.15 |
| **Total 1099 Staff** | | | | | | | 33,646.84 | 33,646.84 |
| **Transfer to xx6240** | | | | | | | | |
| Check | 08/10/12 | ELEC WD | Chase Bank | | | Chase Bank OPERATING xx6927 | 8,800.00 | 8,800.00 |
| Check | 08/14/12 | ELEC WD | Chase Bank | | | Chase Bank OPERATING xx6927 | 8,700.00 | 17,500.00 |
| Check | 08/30/12 | ELEC WD | Chase Bank | | | Chase Bank OPERATING xx6927 | 20,140.00 | 37,640.00 |
| **Total Transfer to xx6240** | | | | | | | 37,640.00 | 37,640.00 |

Exhibit 1 - Motion for Indicative Ruling - 55

**Reimbursable Expenses**

**Relocation Expenses**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 06/26/12 | WIRE | James Waleford | Moving Expenses | Chase Bank OPERATING xx6927 | 1,600.00 | 1,600.00 |
| Check | 12/21/12 | 1131 | James Waleford | Moving expenses | 53 OPERATING xx7365 | 144.00 | 1,744.00 |

**Total Relocation Expenses**     1,744.00   1,744.00

**Copyright**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 02/21/12 | 5135 | Chase Card Services | Copyright Charges | Chase Bank OPERATING xx6927 | 795.00 | 795.00 |

**Total Copyright**     795.00   795.00

**Reimbursable Expenses – Other**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 04/12/12 | 5175 | Paul Hansmeier | | Chase Bank OPERATING xx6927 | 2,006.78 | 2,006.78 |
| Check | 05/03/12 | WIRE | Paul A. Duffy | | Chase Bank OPERATING xx6927 | 4,000.00 | 6,006.78 |
| Check | 05/08/12 | 5194 | Paul A. Duffy | | Chase Bank OPERATING xx6927 | 1,005.00 | 7,011.78 |
| Check | 05/30/12 | 5195 | Patricia A. Kaneshiro-Miller, RMR-C | | Chase Bank OPERATING xx6927 | 144.00 | 7,155.78 |
| Check | 06/04/12 | 5181 | John Steele | | Chase Bank OPERATING xx6927 | 964.85 | 8,120.63 |
| Check | 06/06/12 | WIRE | Steve Yuen | | Chase Bank OPERATING xx6927 | 3,400.00 | 11,520.63 |
| Check | 06/08/12 | 5217 | Kerry Steele | Re: Sunlust Pictures | Chase Bank OPERATING xx6927 | 551.57 | 12,072.20 |
| Check | 06/20/12 | 5219 | | | Chase Bank OPERATING xx6927 | 1,000.00 | 13,072.20 |
| Check | 07/02/12 | 5137 | Seth Abrahams | | Chase Bank OPERATING xx6927 | 82.67 | 13,154.87 |
| Check | 07/02/12 | 5138 | Seth Abrahams | | Chase Bank OPERATING xx6927 | 82.67 | 13,237.54 |
| Check | 07/05/12 | 5225 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 952.99 | 14,190.53 |
| Check | 07/09/12 | 5226 | John Steele | | Chase Bank OPERATING xx6927 | 210.19 | 14,400.72 |
| Check | 07/09/12 | 5227 | Michael Dugas | | Chase Bank OPERATING xx6927 | 37.01 | 14,437.73 |
| Check | 07/27/12 | 5253 | Paul A. Duffy | | Chase Bank OPERATING xx6927 | 270.00 | 14,707.73 |
| Check | 07/30/12 | 5231 | Paul A. Duffy | | Chase Bank OPERATING xx6927 | 567.00 | 15,274.73 |
| Check | 07/30/12 | 5254 | Matt Jenkins | | Chase Bank OPERATING xx6927 | 107.00 | 15,381.73 |
| Check | 07/30/12 | 5255 | Matt Jenkins | | Chase Bank OPERATING xx6927 | 107.00 | 15,488.73 |
| Check | 09/04/12 | 5287 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 14,685.42 | 30,174.15 |
| Check | 09/04/12 | 5292 | Brett Gibbs | Karl reimbursement | Chase Bank OPERATING xx6927 | 1,633.33 | 31,807.48 |
| Check | 09/12/12 | WIRE | John Steele | | Chase Bank OPERATING xx6927 | 747.00 | 32,554.48 |
| Check | 10/03/12 | 5275 | Michael Dugas | Filing fees | Chase Bank OPERATING xx6927 | 210.00 | 32,764.48 |
| Check | 10/03/12 | 5296 | Michael Dugas | Filing fees | Chase Bank OPERATING xx6927 | 104.40 | 32,868.88 |
| Check | 10/16/12 | 5169 | Samuel Teitelbaum | Arte / Mullen case | Chase Bank OPERATING xx6927 | 55.00 | 32,923.88 |
| Check | 10/19/12 | 5277 | Peter Hansmeier | | Chase Bank OPERATING xx6927 | 292.00 | 33,215.88 |
| Check | 11/14/12 | 1082 | Paul A. Duffy | Guava v Doe 12–cv–1661 | 53 OPERATING xx7365 | 350.00 | 33,565.88 |
| Check | 12/04/12 | 1104 | Brett Gibbs | November, 2012 Admin Expenses | 53 OPERATING xx7365 | 5,250.48 | 38,816.36 |

**Total Reimbursable Expenses – Other**     38,816.36   38,816.36

**Total Reimbursable Expenses**     41,355.36   41,355.36

**Parking Expenses**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 02/09/12 | 5107 | Clerk, Circuit & County Courts IL | | Chase Bank OPERATING xx6927 | 28.00 | 28.00 |
| Check | 07/19/12 | 5232 | Hennepin County Government Center | | Chase Bank OPERATING xx6927 | 42.00 | 70.00 |
| Check | 11/29/12 | 1087 | Michael Dugas | 11/2012 Expense Reimbursement | 53 OPERATING xx7365 | 8.00 | 78.00 |

**Total Parking Expenses**     78.00   78.00

**Payroll Service Fees**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 01/04/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 47.27 | 47.27 |
| Check | 02/02/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 47.27 | 94.54 |
| Deposit | 02/06/12 | | ADP | From xx6943 | Chase Bank OPERATING xx6927 | –3.13 | 91.41 |
| Check | 02/08/12 | 5110 | ADP | | Chase Bank OPERATING xx6927 | 115.00 | 206.41 |
| Check | 02/17/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 39.00 | 245.41 |
| Check | 03/02/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 80.00 | 325.41 |
| Check | 03/09/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 161.00 | 486.41 |
| Check | 04/13/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 149.50 | 635.91 |
| Check | 04/20/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 641.91 |
| Check | 05/11/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 147.25 | 789.16 |
| Check | 05/25/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 795.16 |
| Check | 06/08/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 77.00 | 872.16 |
| Check | 06/15/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 68.00 | 940.16 |
| Check | 06/22/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 946.16 |
| Check | 07/13/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 77.00 | 1,023.16 |
| Deposit | 07/16/12 | | ADP | Refund | Chase Bank OPERATING xx6927 | –2.72 | 1,020.44 |
| Check | 07/27/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 1,026.44 |
| Check | 08/10/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 142.75 | 1,169.19 |
| Check | 08/31/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 1,175.19 |
| Check | 09/07/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 87.75 | 1,262.94 |
| Check | 09/28/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 1,268.94 |
| Check | 10/00/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 41.00 | 1,309.94 |
| Check | 10/12/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 149.00 | 1,458.94 |
| Check | 10/19/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 13.00 | 1,471.94 |
| Check | 10/26/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 6.00 | 1,477.94 |
| Check | 11/13/12 | 1078 | ADP | ADP Fees (To close old Chase account) | 53 OPERATING xx7365 | 68.30 | 1,546.24 |
| Check | 11/21/12 | ELEC WD | ADP | | 53 OPERATING xx7365 | 68.00 | 1,614.24 |
| Check | 11/30/12 | ELEC WD | ADP | | 53 OPERATING xx7365 | 6.00 | 1,620.24 |
| Check | 12/14/12 | ELEC WD | ADP | | 53 OPERATING xx7365 | 81.00 | 1,701.24 |
| Check | 12/28/12 | ELEC WD | ADP | | 53 OPERATING xx7365 | 6.00 | 1,707.24 |
| Check | 12/31/12 | ELEC WD | ADP | | 53 OPERATING xx7365 | 30.00 | 1,737.24 |

**Total Payroll Service Fees**     1,737.24   1,737.24

**Process Server Fees**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 01/03/12 | 5065 | PPS Services | | Chase Bank OPERATING xx6927 | 190.00 | 190.00 |
| Check | 01/20/12 | 5104 | LRI | | Chase Bank OPERATING xx6927 | 65.00 | 255.00 |
| Check | 02/21/12 | 5125 | LRI | | Chase Bank OPERATING xx6927 | 65.00 | 320.00 |
| Check | 02/21/12 | 5133 | LRI | | Chase Bank OPERATING xx6927 | 45.00 | 365.00 |
| Check | 03/08/12 | 5158 | David Kozubal | | Chase Bank OPERATING xx6927 | 136.28 | 501.28 |
| Check | 03/20/12 | 5165 | LRI | | Chase Bank OPERATING xx6927 | 115.00 | 616.28 |
| Check | 04/13/12 | 5184 | LRI | | Chase Bank OPERATING xx6927 | 35.00 | 651.28 |
| Check | 05/29/12 | 5200 | Hester Services, Inc. | | Chase Bank OPERATING xx6927 | 35.00 | 686.28 |
| Check | 09/04/12 | 5251 | Northshore Process Servers | Lightspeed v. Tom Berry | Chase Bank OPERATING xx6927 | 85.00 | 771.28 |
| Check | 09/26/12 | 5290 | Hester Services, Inc. | | Chase Bank OPERATING xx6927 | 5.00 | 776.28 |
| Check | 10/26/12 | 5276 | Federal Process Servers | AF Holdings v Drew | Chase Bank OPERATING xx6927 | 50.00 | 826.28 |
| Check | 11/02/12 | 1007 | Delaware Attorney Services | Inv. # 12108507 | 53 OPERATING xx7365 | 117.80 | 944.08 |
| Check | 11/13/12 | 1070 | Special Delivery Process Service | AF Holdings v Roeum Hean 12–cv–1449 MN | 53 OPERATING xx7365 | 65.00 | 1,009.08 |
| Check | 11/19/12 | 1016 | Terry Botts | AF Holdings | 53 OPERATING xx7365 | 80.00 | 1,089.08 |
| Check | 12/03/12 | 1096 | Elite Process Serving, Inc. | # 58618 (James Valentino) | 53 OPERATING xx7365 | 65.00 | 1,154.08 |
| Check | 12/03/12 | 1096 | Elite Process Serving, Inc. | # 58619 (Marcelina Mendoza) | 53 OPERATING xx7365 | 65.00 | 1,219.08 |
| Check | 12/03/12 | 1097 | Elite Process Serving, Inc. | # 76639 (Mooney v Priceline) | 53 OPERATING xx7365 | 100.00 | 1,319.08 |
| Check | 12/03/12 | 1097 | Elite Process Serving, Inc. | # 76638 (Mooney v Priceline) | 53 OPERATING xx7365 | 100.00 | 1,419.08 |
| Check | 12/03/12 | 1097 | Elite Process Serving, Inc. | # 76631 (Mooney v Priceline) | 53 OPERATING xx7365 | 150.00 | 1,569.08 |
| Check | 12/05/12 | ELEC WD | Allen-Hope & Associates | | 53 OPERATING xx7365 | 116.81 | 1,685.89 |
| Check | 12/06/12 | 1108 | Legal Process of Minnesota, LLC | Mooney v Priceline | 53 OPERATING xx7365 | 95.00 | 1,780.89 |

**Total Process Server Fees**     1,780.89   1,780.89

**Local Counsel Payments**

**Commission**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 11/07/12 | 1012 | Tim Anderson | 10/12 Cases | 53 OPERATING xx7365 | 4,425.00 | 4,425.00 |
| Check | 12/03/12 | 1099 | Tim Anderson | Settlements received | 53 OPERATING xx7365 | 270.00 | 4,695.00 |

Exhibit 1 - Motion for Indicative Ruling - 56

| Type | Date | Num | Name | Memo | Account | Amount | Balance |
|---|---|---|---|---|---|---|---|
| Check | 12/04/12 | 1102 | Jonathan Wells Tappan | 11/2012 Commission | 53 OPERATING xx7365 | 375.00 | 5,070.00 |
| Check | 12/14/12 | 1122 | Steven Goodhue | 12/2012 | 53 OPERATING xx7365 | 1,500.00 | 6,570.00 |
| Check | 12/26/12 | 1134 | Sam Trenchi | AF Holdings v Stein Hals | 53 OPERATING xx7365 | 630.00 | 7,200.00 |
| Check | 12/31/12 | WIRE | Daniel Ruggiero | $14,900 @ 15% | 53 OPERATING xx7365 | 2,235.00 | 9,435.00 |
| Check | 12/31/12 | 1136 | Jacques Nazaire | $11,500 @ 15% | 53 OPERATING xx7365 | 1,725.00 | 11,160.00 |
| Check | 12/31/12 | 1137 | Jonathan Wells Tappan | $5,000 @ 15% | 53 OPERATING xx7365 | 750.00 | 11,910.00 |
| Check | 12/31/12 | 1138 | Steven Goodhue | 01/2013 | 53 OPERATING xx7365 | 1,500.00 | 13,410.00 |
| Check | 12/31/12 | 1139 | Curtis Hussey | 01/2013 | 53 OPERATING xx7365 | 500.00 | 13,910.00 |
| Total Commission | | | | | | 13,910.00 | 13,910.00 |
| Filing Fees & Legal Expenses | | | | | | | |
| Check | 01/09/12 | 5089 | Tim Anderson | | Chase Bank OPERATING xx6927 | 2,130.00 | 2,130.00 |
| Check | 01/11/12 | 5092 | Raphael Whitford | | Chase Bank OPERATING xx6927 | 510.00 | 2,640.00 |
| Check | 03/12/12 | 5162 | Doug McIntyre | | Chase Bank OPERATING xx6927 | 350.00 | 2,990.00 |
| Check | 06/07/12 | 5206 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 954.72 | 3,944.72 |
| Check | 06/11/12 | 5215 | Tim Anderson | | Chase Bank OPERATING xx6927 | 350.00 | 4,294.72 |
| Check | 06/14/12 | 5211 | Steven Goodhue | | Chase Bank OPERATING xx6927 | 602.00 | 4,896.72 |
| Check | 07/09/12 | 5142 | Tim Anderson | | Chase Bank OPERATING xx6927 | 6,325.00 | 11,221.72 |
| Check | 08/07/12 | 5265 | Curtis Hussey | | Chase Bank OPERATING xx6927 | 1,830.59 | 13,052.31 |
| Check | 08/20/12 | 5282 | Jacques Nazaire | | Chase Bank OPERATING xx6927 | 1,125.00 | 14,177.31 |
| Check | 08/20/12 | 5283 | Curtis Hussey | | Chase Bank OPERATING xx6927 | 435.00 | 14,612.31 |
| Check | 08/29/12 | 5281 | Steven Goodhue | | Chase Bank OPERATING xx6927 | 675.00 | 15,287.31 |
| Check | 09/11/12 | 5294 | Steven Goodhue | | Chase Bank OPERATING xx6927 | 675.00 | 15,962.31 |
| Check | 11/07/12 | 1072 | Steven Goodhue | Reimbursement | 53 OPERATING xx7365 | 6,000.00 | 21,962.31 |
| Check | 11/07/12 | 1073 | Steven Goodhue | Reimbursement | 53 OPERATING xx7365 | 6,000.00 | 27,962.31 |
| Check | 11/13/12 | 1079 | Curtis Hussey | AF Holdings v Burnell | 53 OPERATING xx7365 | 350.00 | 28,312.31 |
| Check | 11/13/12 | 1080 | Curtis Hussey | Lightspeed State / Oldroyd Filing Fees (Advanced) | 53 OPERATING xx7365 | 84.00 | 28,396.31 |
| Check | 11/13/12 | 1080 | Curtis Hussey | Guava AL Filing Fees (Advanced) | 53 OPERATING xx7365 | 350.00 | 28,746.31 |
| Check | 11/13/12 | 1080 | Curtis Hussey | Quad AL Filing Fees (Advanced) | 53 OPERATING xx7365 | 3,150.00 | 31,896.31 |
| Check | 11/13/12 | 1080 | Curtis Hussey | Quad MS Filing fees (to be paid) | 53 OPERATING xx7365 | 1,050.00 | 32,946.31 |
| Check | 11/28/12 | 1084 | Daniel Ruggiero | Postage | 53 OPERATING xx7365 | 400.00 | 33,346.31 |
| Check | 11/28/12 | 1085 | Sam Trenchi | AF Holdings v Christopher Barton | 53 OPERATING xx7365 | 350.00 | 33,696.31 |
| Check | 11/28/12 | 1085 | Sam Trenchi | AF Holdings v Stein Hals | 53 OPERATING xx7365 | 350.00 | 34,046.31 |
| Check | 12/03/12 | 1098 | Alan Greenstein | Nov. 2012 case work reimbursement | 53 OPERATING xx7365 | 200.00 | 34,246.31 |
| Check | 12/03/12 | 1099 | Tim Anderson | Deposition / Witness fees | 53 OPERATING xx7365 | 1,650.00 | 35,896.31 |
| Check | 12/05/12 | 1107 | Jonathan Wells Tappan | Additional 11/2012 Comm Due | 53 OPERATING xx7365 | 375.00 | 36,271.31 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Mongomery Cty., PA Filing 258.00 + 3.25 Subpoena | 53 OPERATING xx7365 | 261.25 | 36,532.56 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Montgomery Cty., PA Filing 258.00 + 3.25 Subpoena | 53 OPERATING xx7365 | 261.25 | 36,793.81 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Bucks Cty., PA Filing 215.75 + $3.25 Subpoena | 53 OPERATING xx7365 | 219.00 | 37,012.81 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Delaware Cty., PA Filing $257.50 + $50 1st filing + $25 Motion + $3.25 Subpoena | 53 OPERATING xx7365 | 353.75 | 37,366.56 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Chester Cty., PA Filing + $4.00 subpoena | 53 OPERATING xx7365 | 165.00 | 37,531.56 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Philadelphia filing fee | 53 OPERATING xx7365 | 321.48 | 37,853.04 |
| Check | 12/21/12 | WIRE | Jacques Nazaire | Balance of 10/2012 Filing Fees | 53 OPERATING xx7365 | 2,800.00 | 40,653.04 |
| Check | 12/26/12 | 1134 | Sam Trenchi | Less service fees already paid | 53 OPERATING xx7365 | –100.00 | 40,553.04 |
| Total Filing Fees & Legal Expenses | | | | | | 40,553.04 | 40,553.04 |
| Local Counsel Payments – Other | | | | | | | |
| Check | 01/09/12 | 5090 | Doug McIntyre | | Chase Bank OPERATING xx6927 | 4,180.00 | 4,180.00 |
| Check | 03/12/12 | 5160 | Michael O'Malley | | Chase Bank OPERATING xx6927 | 2,920.00 | 7,100.00 |
| Check | 06/08/12 | WIRE | Kevin Hoerner | | Chase Bank OPERATING xx6927 | 8,431.11 | 15,531.11 |
| Check | 07/09/12 | 5141 | Doug McIntyre | | Chase Bank OPERATING xx6927 | 1,831.00 | 17,362.11 |
| Check | 07/27/12 | WIRE | George Banas | | Chase Bank OPERATING xx6927 | 3,150.00 | 20,512.11 |
| Check | 08/10/12 | 5268 | Kevin Hoerner | | Chase Bank OPERATING xx6927 | 916.65 | 21,428.76 |
| Total Local Counsel Payments – Other | | | | | | 21,428.76 | 21,428.76 |
| Total Local Counsel Payments | | | | | | 75,891.80 | 75,891.80 |
| Reimbursement | | | | | | | |
| Check | 01/03/12 | 5082 | Mark Lutz | | Chase Bank OPERATING xx6927 | 682.37 | 682.37 |
| Deposit | 02/06/12 | | Prenda Law Trust Account | From xx6943 | Chase Bank OPERATING xx6927 | –7,184.80 | –6,502.43 |
| Check | 02/06/12 | 5119 | John Steele | | Chase Bank OPERATING xx6927 | 10,300.00 | 3,797.57 |
| Check | 02/21/12 | 5132 | John Steele | | Chase Bank OPERATING xx6927 | 5,448.46 | 9,246.03 |
| Check | 02/21/12 | 5136 | John Steele | | Chase Bank OPERATING xx6927 | 601.46 | 9,847.49 |
| Check | 02/27/12 | ELEC WD | John Steele | | Chase Bank OPERATING xx6927 | 300.00 | 10,147.49 |
| Check | 03/01/12 | ELEC WD | John Steele | | Chase Bank OPERATING xx6927 | 6,300.00 | 16,447.49 |
| Check | 03/19/12 | ELEC WD | Steele Hansmeier | | Chase Bank OPERATING xx6927 | 300.00 | 16,747.49 |
| Check | 04/04/12 | 5172 | Joseph Perea | | Chase Bank OPERATING xx6927 | 300.00 | 17,047.49 |
| Check | 05/21/12 | 5212 | John Steele | | Chase Bank OPERATING xx6927 | 72.43 | 17,119.92 |
| Check | 05/21/12 | 5212 | John Steele | | Chase Bank OPERATING xx6927 | 2,069.10 | 19,189.02 |
| Check | 05/21/12 | 5212 | John Steele | | Chase Bank OPERATING xx6927 | 180.26 | 19,369.28 |
| Check | 05/21/12 | 5212 | John Steele | | Chase Bank OPERATING xx6927 | 1,034.55 | 20,403.83 |
| Check | 05/21/12 | 5212 | John Steele | | Chase Bank OPERATING xx6927 | 1,107.05 | 21,510.88 |
| Total Reimbursement | | | | | | 21,510.88 | 21,510.88 |
| Credit Card Processing Fees | | | | | | | |
| Check | 01/05/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 3,281.17 | 3,281.17 |
| Check | 01/12/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 25.00 | 3,306.17 |
| Check | 01/12/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 300.00 | 3,606.17 |
| Check | 01/18/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 231.29 | 3,837.46 |
| Check | 01/18/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 43.94 | 3,881.40 |
| Check | 01/19/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 129.00 | 4,010.40 |
| Check | 02/09/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 2,887.71 | 6,898.11 |
| Check | 02/09/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 544.49 | 7,442.60 |
| Check | 02/13/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 42.53 | 7,485.13 |
| Check | 02/15/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 1,872.82 | 9,357.95 |
| Check | 03/05/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 12,399.73 | 21,757.68 |
| Check | 03/05/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 338.88 | 22,096.56 |
| Check | 03/14/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 3,754.19 | 25,850.75 |
| Check | 03/14/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 282.16 | 26,132.91 |
| Check | 03/21/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 29.94 | 26,162.85 |
| Check | 04/03/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 8,429.68 | 34,592.53 |
| Check | 04/03/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 24.99 | 34,617.52 |
| Check | 04/05/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 268.23 | 34,885.75 |
| Check | 04/10/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 1,841.74 | 36,727.49 |
| Check | 04/10/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 132.57 | 36,860.06 |
| Check | 04/16/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 1,885.82 | 38,745.88 |
| Check | 04/20/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 22.56 | 38,768.44 |
| Check | 05/01/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 44.94 | 38,813.38 |
| Check | 05/08/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 389.91 | 39,203.29 |
| Check | 05/08/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 17.51 | 39,220.80 |
| Check | 05/09/12 | ELEC WD | Pay Simple | | Chase Bank OPERATING xx6927 | 27.06 | 39,247.86 |
| Check | 05/10/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 2,101.35 | 41,349.21 |
| Check | 05/11/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 120.02 | 41,469.23 |
| Check | 05/17/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 2,026.46 | 43,495.69 |
| Check | 05/31/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 10,498.90 | 53,994.59 |
| Check | 06/05/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 349.45 | 54,344.04 |
| Check | 06/05/12 | ELEC WD | Bluepay, Inc. | | Chase Bank OPERATING xx6927 | 33.81 | 54,377.85 |

Exhibit 1 - Motion for Indicative Ruling - 57

| Type | Date | Method | Payee | Account | Amount | Balance |
|---|---|---|---|---|---|---|
| Check | 06/06/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 3,557.24 | 57,935.09 |
| Check | 06/06/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 107.33 | 58,042.42 |
| Check | 06/18/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 4.95 | 58,047.37 |
| Check | 07/05/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 391.46 | 58,438.83 |
| Check | 07/06/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 3,002.99 | 61,441.82 |
| Check | 07/06/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 97.23 | 61,539.05 |
| Check | 07/06/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 20.07 | 61,559.12 |
| Check | 07/09/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 3,237.41 | 64,796.53 |
| Check | 07/09/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 374.94 | 65,171.47 |
| Check | 07/10/12 | ELEC WD | Transfirst | Chase Bank OPERATING xx6927 | 80.30 | 65,251.77 |
| Check | 07/17/12 | ELEC WD | Transfirst | Chase Bank OPERATING xx6927 | 7.95 | 65,259.72 |
| Check | 08/06/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 200.05 | 65,459.77 |
| Check | 08/08/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 14.26 | 65,474.03 |
| Check | 08/10/12 | ELEC WD | Transfirst | Chase Bank OPERATING xx6927 | 1,069.51 | 66,543.54 |
| Check | 08/13/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 469.47 | 67,013.01 |
| Check | 08/13/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 83.23 | 67,096.24 |
| Check | 08/15/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 11,416.15 | 78,512.39 |
| Check | 08/16/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 7.95 | 78,520.34 |
| Check | 09/05/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 653.10 | 79,173.44 |
| Check | 09/06/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 1.30 | 79,174.74 |
| Check | 09/07/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 3,130.20 | 82,304.94 |
| Check | 09/07/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 116.62 | 82,421.56 |
| Check | 09/10/12 | ELEC WD | Transfirst | Chase Bank OPERATING xx6927 | 45.32 | 82,466.88 |
| Check | 09/11/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 39.68 | 82,506.56 |
| Check | 09/13/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 44.94 | 82,551.50 |
| Check | 09/17/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 9,355.35 | 91,906.85 |
| Check | 09/17/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 7.95 | 91,914.80 |
| Check | 10/05/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 31,130.73 | 123,045.53 |
| Check | 10/05/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 447.23 | 123,492.76 |
| Check | 10/09/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 7.01 | 123,499.77 |
| Check | 10/10/12 | ELEC WD | Transfirst | Chase Bank OPERATING xx6927 | 32.00 | 123,531.77 |
| Check | 10/11/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 2,323.57 | 125,855.34 |
| Check | 10/11/12 | ELEC WD | Bluepay, Inc. | Chase Bank OPERATING xx6927 | 63.21 | 125,918.55 |
| Check | 10/16/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 7.95 | 125,926.50 |
| Check | 10/17/12 | ELEC WD | American Express | Chase Bank OPERATING xx6927 | 5,581.17 | 131,507.67 |
| Check | 10/23/12 | ELEC WD | Gateway Services | 53 OPERATING xx7365 | 109.60 | 131,617.27 |
| Check | 11/06/12 | ELEC WD | Gateway Services | 53 OPERATING xx7365 | 20.00 | 131,637.27 |
| Check | 12/06/12 | ELEC WD | Gateway Services | 53 OPERATING xx7365 | 20.00 | 131,657.27 |
| Check | 12/06/12 | ELEC WD | Bluepay, Inc. | 53 OPERATING xx7365 | 15.60 | 131,672.87 |
| Check | 12/06/12 | ELEC WD | Bill Matrix | 53 OPERATING xx7365 | 3.50 | 131,676.37 |
| Check | 12/07/12 | ELEC WD | Bluepay, Inc. | 53 OPERATING xx7365 | 82.30 | 131,758.67 |
| Check | 12/07/12 | ELEC WD | Bluepay, Inc. | 53 OPERATING xx7365 | 1,457.63 | 133,216.30 |
| Check | 12/11/12 | ELEC WD | Bluepay, Inc. | 53 OPERATING xx7365 | 129.00 | 133,345.30 |
| Total Credit Card Processing Fees | | | | | 133,345.30 | 133,345.30 |
| **Payroll Tax** | | | | | | |
| Check | 01/03/12 | ELEC WD | Payroll Tax – MN | Chase Bank OPERATING xx6927 | 1,628.17 | 1,628.17 |
| Check | 02/29/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 10,559.71 | 12,187.88 |
| Deposit | 03/02/12 | | ADP | Chase Bank OPERATING xx6927 | -6,653.56 | 5,534.32 |
| Check | 03/02/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 6,653.56 | 12,187.88 |
| Check | 03/08/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 11,078.56 | 23,266.44 |
| Deposit | 03/13/12 | | ADP | Chase Bank OPERATING xx6927 | -591.75 | 22,674.69 |
| Check | 04/02/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 10,242.86 | 32,917.55 |
| Check | 04/04/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 110.92 | 33,028.47 |
| Deposit | 04/19/12 | | ADP | Chase Bank OPERATING xx6927 | -17.10 | 33,011.37 |
| Check | 05/01/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 9,653.35 | 42,664.72 |
| Check | 05/09/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 37.12 | 42,701.84 |
| Check | 05/31/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 10,099.77 | 52,801.61 |
| Deposit | 06/11/12 | | ADP | Chase Bank OPERATING xx6927 | -36.66 | 52,764.95 |
| Check | 06/26/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 11,051.58 | 63,816.53 |
| Check | 08/01/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 9,185.52 | 73,002.05 |
| Check | 08/01/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 1,290.72 | 74,292.77 |
| Check | 08/30/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 4,248.83 | 78,541.60 |
| Check | 08/31/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 39.00 | 78,580.60 |
| Check | 09/28/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 4,476.97 | 83,057.57 |
| Check | 10/05/12 | ELEC WD | ADP | Chase Bank OPERATING xx6927 | 9,895.00 | 92,952.57 |
| Check | 12/05/12 | ELEC WD | ADP | 53 OPERATING xx7365 | 4,369.83 | 97,322.40 |
| Check | 12/31/12 | ELEC WD | ADP | 53 OPERATING xx7365 | 5,166.92 | 102,489.32 |
| Total Payroll Tax | | | | | 102,489.32 | 102,489.32 |
| **Payments to Old Owners** | | | | | | |
| Check | 01/03/12 | WIRE | Paul A. Duffy | Chase Bank OPERATING xx6927 | 5,100.00 | 5,100.00 |
| Check | 01/03/12 | WIRE | Paul Hansmeier | Chase Bank OPERATING xx6927 | 90,000.00 | 95,100.00 |
| Check | 01/03/12 | 5093 | John Steele | Chase Bank OPERATING xx6927 | 100,000.00 | 195,100.00 |
| Check | 02/01/12 | WIRE | Paul Hansmeier | Chase Bank OPERATING xx6927 | 15,321.28 | 210,421.28 |
| Check | 02/06/12 | 5120 | John Steele | Chase Bank OPERATING xx6927 | 75,000.00 | 285,421.28 |
| Check | 02/07/12 | WIRE | Paul Hansmeier | Chase Bank OPERATING xx6927 | 75,000.00 | 360,421.28 |
| Check | 03/02/12 | ELEC WD | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 100,000.00 | 460,421.28 |
| Check | 04/04/12 | 5176 | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 150,000.00 | 610,421.28 |
| Check | 04/13/12 | WIRE | Paul A. Duffy | Chase Bank OPERATING xx6927 | 4,120.00 | 614,541.28 |
| Check | 04/24/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 400.00 | 614,941.28 |
| Check | 04/24/12 | WIRE | Paul Hansmeier | Chase Bank OPERATING xx6927 | 5,000.00 | 619,941.28 |
| Check | 05/03/12 | 5190 | John Steele | Chase Bank OPERATING xx6927 | 4,600.00 | 624,541.28 |
| Check | 05/04/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 40,000.00 | 664,541.28 |
| Check | 05/17/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 300.00 | 664,841.28 |
| Check | 05/21/12 | 5212 | John Steele | Chase Bank OPERATING xx6927 | 236.61 | 665,077.89 |
| Check | 05/29/12 | 5202 | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 100,000.00 | 765,077.89 |
| Check | 06/04/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 100,000.00 | 865,077.89 |
| Check | 06/18/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 50,000.00 | 915,077.89 |
| Check | 07/02/12 | WIRE | Paul A. Duffy | Chase Bank OPERATING xx6927 | 5,000.00 | 920,077.89 |
| Check | 07/03/12 | 5228 | Paul A. Duffy | Chase Bank OPERATING xx6927 | 4,080.00 | 924,157.89 |
| Check | 07/09/12 | 5230 | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 125,000.00 | 1,049,157.89 |
| Check | 07/25/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 400.00 | 1,049,557.89 |
| Check | 08/01/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 81,000.00 | 1,130,557.89 |
| Check | 08/24/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 300.00 | 1,130,857.89 |
| Check | 08/30/12 | WIRE | Paul A. Duffy | Chase Bank OPERATING xx6927 | 8,769.56 | 1,139,627.45 |
| Check | 08/30/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 13,779.33 | 1,153,406.78 |
| Check | 09/04/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 10,000.00 | 1,163,406.78 |
| Check | 09/04/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 5,000.00 | 1,168,406.78 |
| Check | 09/06/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 100,000.00 | 1,268,406.78 |
| Check | 09/07/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 4,800.00 | 1,273,206.78 |
| Check | 10/01/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 300.00 | 1,273,506.78 |
| Check | 10/04/12 | WIRE | Under the Bridge Consulting | Chase Bank OPERATING xx6927 | 50,000.00 | 1,323,506.78 |
| Check | 10/17/12 | WIRE | John Steele | Chase Bank OPERATING xx6927 | 300.00 | 1,323,806.78 |

Exhibit 1 - Motion for Indicative Ruling - 58

| Type | Date | Num | Name | Memo | Account | Amount | Balance |
|---|---|---|---|---|---|---|---|
| Check | 12/04/12 | WIRE | Duffy Law Group | November, 2012 | 53 OPERATING xx7365 | 10,000.00 | 1,333,806.78 |
| Check | 12/11/12 | WIRE | Under the Bridge Consulting | | 53 OPERATING xx7365 | 10,000.00 | 1,343,806.78 |
| **Total Payments to Old Owners** | | | | | | **1,343,806.78** | **1,343,806.78** |
| **Advertising and Promotion** | | | | | | | |
| Check | 01/03/12 | 5063 | Jay Kopita | | Chase Bank OPERATING xx6927 | 250.00 | 250.00 |
| Check | 05/01/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 10,047.18 | 10,297.18 |
| **Total Advertising and Promotion** | | | | | | **10,297.18** | **10,297.18** |
| **Bank Service Charges** | | | | | | | |
| Check | 03/01/12 | FEE | Chase Bank | | Chase Bank OPERATING xx6927 | 50.00 | 50.00 |
| Check | 07/16/12 | FEE | Chase Bank | Account Settlement Fee | Chase Bank OPERATING xx6927 | 66.91 | 116.91 |
| Check | 07/26/12 | FEE | Chase Bank | Transfer to xx6240 | Chase Bank OPERATING xx6927 | 50.00 | 166.91 |
| Check | 08/15/12 | FEE | Chase Bank | Account analysis fee | Chase Bank OPERATING xx6927 | 255.42 | 422.33 |
| Check | 09/17/12 | FEE | Chase Bank | Account settlement charge | Chase Bank OPERATING xx6927 | 288.19 | 710.52 |
| Check | 10/11/12 | FEE | Fifth Third Bank | | 53 OPERATING xx7365 | 183.68 | 894.20 |
| Check | 10/15/12 | FEE | Chase Bank | Account settlement charge | Chase Bank OPERATING xx6927 | 276.37 | 1,170.57 |
| Check | 11/13/12 | FEE | Fifth Third Bank | | 53 OPERATING xx7365 | 504.00 | 1,674.57 |
| Check | 11/14/12 | ELEC WD | | FEE ON RET'D ITEM | 53 INACTIVE IOLTA xx7217 | 25.00 | 1,699.57 |
| Check | 12/12/12 | ELEC WD | Fifth Third Bank | | 53 OPERATING xx7365 | 415.63 | 2,115.20 |
| **Total Bank Service Charges** | | | | | | **2,115.20** | **2,115.20** |
| **Dues and Subscriptions** | | | | | | | |
| Check | 02/17/12 | ELEC WD | ULC of Chicago | | Chase Bank OPERATING xx6927 | 772.42 | 772.42 |
| Check | 05/21/12 | ELEC WD | ULC of Chicago | | Chase Bank OPERATING xx6927 | 1,208.67 | 1,981.09 |
| Check | 08/03/12 | 5260 | PACER Service Center | | Chase Bank OPERATING xx6927 | 519.40 | 2,500.49 |
| Check | 08/07/12 | 5261 | Brett Gibbs | PACER quarterly fees | Chase Bank OPERATING xx6927 | 220.50 | 2,720.99 |
| Check | 08/20/12 | 5284 | Sacramento Bee | | Chase Bank OPERATING xx6927 | 7.25 | 2,728.24 |
| Check | 10/05/12 | ELEC WD | ULC of Chicago | | Chase Bank OPERATING xx6927 | 1,133.22 | 3,861.46 |
| Check | 11/01/12 | 1003 | PACER Service Center | Account SH6174 – Quarterly Dues | 53 OPERATING xx7365 | 213.50 | 4,074.96 |
| **Total Dues and Subscriptions** | | | | | | **4,074.96** | **4,074.96** |
| **Insurance Expense** | | | | | | | |
| Check | 09/28/12 | ELEC WD | CNA Insurance | | Chase Bank OPERATING xx6927 | 498.21 | 498.21 |
| Check | 11/09/12 | 1076 | Pearl Insurance | ID # 1–16KNKV | 53 OPERATING xx736S | 3,467.43 | 3,965.64 |
| **Total Insurance Expense** | | | | | | **3,965.64** | **3,965.64** |
| **Meals and Entertainment** | | | | | | | |
| Check | 01/31/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 798.64 | 798.64 |
| Check | 05/31/12 | WIRE | Capital One | | Chase Bank OPERATING xx6927 | 6,000.00 | 6,798.64 |
| Check | 08/09/12 | 5263 | John Steele | | Chase Bank OPERATING xx6927 | 900.00 | 7,698.64 |
| Check | 11/14/12 | ELEC WD | American Express | | 53 OPERATING xx7365 | 18,291.37 | 25,990.01 |
| Check | 12/12/12 | ELEC WD | American Express | | 53 OPERATING xx7365 | 751.48 | 26,741.49 |
| **Total Meals and Entertainment** | | | | | | **26,741.49** | **26,741.49** |
| **Office Expenses** | | | | | | | |
| Check | 03/01/12 | 5159 | Maria Campbell | | Chase Bank OPERATING xx6927 | 145.00 | 145.00 |
| Check | 03/26/12 | 5166 | Maria Campbell | | Chase Bank OPERATING xx6927 | 215.00 | 360.00 |
| Check | 04/03/12 | 5173 | Mark Lutz | | Chase Bank OPERATING xx6927 | 44.93 | 404.93 |
| Check | 04/10/12 | 5174 | Werner Printing Company, Inc. | | Chase Bank OPERATING xx6927 | 1,392.45 | 1,797.38 |
| Check | 04/19/12 | 5180 | Maria Campbell | | Chase Bank OPERATING xx6927 | 140.00 | 1,937.38 |
| Check | 04/30/12 | 5186 | Maria Campbell | | Chase Bank OPERATING xx6927 | 230.00 | 2,167.38 |
| Check | 04/30/12 | 5187 | PayPal | | Chase Bank OPERATING xx6927 | 35.86 | 2,203.24 |
| Check | 05/07/12 | 5188 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 2,721.67 | 4,924.91 |
| Check | 05/17/12 | 5199 | Maria Campbell | | Chase Bank OPERATING xx6927 | 230.00 | 5,154.91 |
| Check | 05/31/12 | 5204 | Erica Tranese | | Chase Bank OPERATING xx6927 | 70.70 | 5,225.61 |
| Check | 06/01/12 | 5203 | Maria Campbell | | Chase Bank OPERATING xx6927 | 145.00 | 5,370.61 |
| Check | 06/18/12 | 5220 | Maria Campbell | | Chase Bank OPERATING xx6927 | 145.00 | 5,515.61 |
| Check | 06/20/12 | 5182 | Michael Dugas | | Chase Bank OPERATING xx6927 | 28.16 | 5,543.77 |
| Check | 07/02/12 | 5223 | Maria Campbell | | Chase Bank OPERATING xx6927 | 145.00 | 5,688.77 |
| Check | 08/06/12 | 5267 | Maria Campbell | | Chase Bank OPERATING xx6927 | 205.00 | 5,893.77 |
| Check | 08/20/12 | 5285 | Maria Campbell | | Chase Bank OPERATING xx6927 | 145.00 | 6,038.77 |
| Check | 10/26/12 | ELEC WD | Deluxe Business Products | Check Printing | 53 OPERATING xx7365 | 379.48 | 6,418.25 |
| Check | 11/07/12 | 1074 | Kathleen Momot | Packing tape | 53 OPERATING xx7365 | 3.49 | 6,421.74 |
| Check | 11/13/12 | ELEC WD | Amazon.Com | | 53 OPERATING xx7365 | 176.98 | 6,598.72 |
| Check | 12/07/12 | 1112 | Kathleen Momot | Water (F&E 11/14/12) | 53 OPERATING xx7365 | 5.00 | 6,603.72 |
| Check | 12/07/12 | 1112 | Kathleen Momot | Water, Trashbags, Raid (WM 11/29/12) | 53 OPERATING xx7365 | 18.34 | 6,622.06 |
| Check | 12/07/12 | 1112 | Kathleen Momot | Water,TP,Soda,etc (WM 12/7/12) | 53 OPERATING xx7365 | 33.96 | 6,656.02 |
| Check | 12/07/12 | 1112 | Kathleen Momot | Water (WM 12/2/12) | 53 OPERATING xx7365 | 7.96 | 6,663.98 |
| Check | 12/14/12 | 1121 | ALCAN Printer Supplies & Repair | HP P1102w cartridges | 53 OPERATING xx7365 | 162.15 | 6,826.13 |
| Check | 12/21/12 | ELEC WD | Library of Congress | | 53 OPERATING xx7365 | 35.00 | 6,861.13 |
| Check | 12/21/12 | ELEC WD | Library of Congress | | 53 OPERATING xx7365 | 35.00 | 6,896.13 |
| **Total Office Expenses** | | | | | | **6,896.13** | **6,896.13** |
| **Payroll** | | | | | | | |
| Check | 01/03/12 | 5062 | Charles Piehl | | Chase Bank OPERATING xx6927 | 2,603.83 | 2,603.83 |
| Check | 01/03/12 | 5078 | Joseph Perea | | Chase Bank OPERATING xx6927 | 3,413.95 | 6,017.78 |
| Check | 01/03/12 | 5079 | Douglas Wahlgren | | Chase Bank OPERATING xx6927 | 729.07 | 6,746.85 |
| Check | 01/03/12 | 5083 | Mark Lutz | | Chase Bank OPERATING xx6927 | 1,000.00 | 7,746.85 |
| Check | 01/03/12 | 5084 | Joseph Perea | | Chase Bank OPERATING xx6927 | 681.82 | 8,428.67 |
| Check | 01/04/12 | 5095 | Juan Rodriguez | | Chase Bank OPERATING xx6927 | 261.60 | 8,690.27 |
| Check | 01/09/12 | 5087 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 4,540.00 | 13,230.27 |
| Check | 01/09/12 | 5100 | Joseph Perea | | Chase Bank OPERATING xx6927 | 416.66 | 13,646.93 |
| Check | 02/01/12 | 5115 | Mark Lutz | | Chase Bank OPERATING xx6927 | 5,188.62 | 18,835.55 |
| Check | 02/01/12 | 5116 | Joseph Perea | | Chase Bank OPERATING xx6927 | 3,420.62 | 22,256.17 |
| Check | 02/02/12 | 5117 | Erica Tranese | | Chase Bank OPERATING xx6927 | 2,292.74 | 24,548.91 |
| Check | 02/06/12 | 5118 | Joseph Perea | | Chase Bank OPERATING xx6927 | 416.00 | 24,964.91 |
| Check | 02/06/12 | 5121 | Steele Law | | Chase Bank OPERATING xx6927 | 3,268.12 | 28,233.03 |
| Check | 03/01/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 37,490.14 | 65,723.17 |
| Check | 04/02/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 25,615.81 | 91,338.98 |
| Check | 04/04/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 11,249.38 | 102,588.36 |
| Check | 05/01/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 25,605.86 | 128,194.22 |
| Check | 05/03/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 12,345.00 | 140,539.22 |
| Check | 05/31/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 25,896.39 | 166,435.61 |
| Check | 06/06/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 15,951.75 | 182,387.36 |
| Check | 06/29/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 27,685.26 | 210,072.62 |
| Check | 08/01/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 31,436.20 | 241,508.82 |
| Check | 08/30/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 20,658.98 | 262,167.80 |
| Check | 10/01/12 | ELEC WD | ADP | | Chase Bank OPERATING xx6927 | 14,219.67 | 276,387.47 |
| Check | 12/05/12 | ELEC WD | ADP | | 53 OPERATING xx7365 | 9,624.67 | 286,012.14 |
| **Total Payroll** | | | | | | **286,012.14** | **286,012.14** |
| **Postage and Delivery** | | | | | | | |
| Check | 01/31/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 74.99 | 74.99 |
| Check | 02/15/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 74.99 | 149.98 |
| Check | 02/21/12 | 5135 | Chase Card Services | Postage | Chase Bank OPERATING xx6927 | 18.95 | 168.93 |
| Check | 11/07/12 | 1074 | Postmaster – Las Vegas, NV | | 53 OPERATING xx7365 | 18.95 | 187.88 |
| Check | 12/11/12 | 1115 | Postmaster – Las Vegas, NV | Mail to Brett Gibbs | 53 OPERATING xx7365 | 18.95 | 206.83 |
| Check | 12/13/12 | 1120 | Postmaster – Las Vegas, NV | Mail to Brett Gibbs | 53 OPERATING xx7365 | 18.95 | 225.78 |
| Check | 12/21/12 | 1131 | James Waleford | Postage charge | 53 OPERATING xx7365 | -18.95 | 206.83 |

| Type | Date | Num | Name | Memo | Account | Amount | Balance |
|---|---|---|---|---|---|---|---|
| Check | 12/21/12 | 1132 | Alison Perelman | Postage Reimbursement | 53 OPERATING xx7365 | 18.95 | 225.78 |
| Check | 12/31/12 | 1144 | Postmaster – Las Vegas, NV | Mail to Brett Gibbs | 53 OPERATING xx7365 | 18.95 | 244.73 |
| **Total Postage and Delivery** | | | | | | 244.73 | 244.73 |
| **Legal & Professional Fees** | | | | | | | |
| Check | 01/04/12 | 5091 | Neil Rubin | | Chase Bank OPERATING xx6927 | 1,220.00 | 1,220.00 |
| Check | 01/05/12 | 5081 | Carey, Danis & Lowe, LLC | | Chase Bank OPERATING xx6927 | 240.00 | 1,460.00 |
| Check | 01/18/12 | 5051 | Mediacom Communication Corp | | Chase Bank OPERATING xx6927 | 20.20 | 1,480.20 |
| Check | 01/23/12 | 5012 | RCN Telecom Service of Illinois, LLC | | Chase Bank OPERATING xx6927 | 20.20 | 1,500.40 |
| Check | 01/27/12 | 5058 | RCN Telecom Service of Illinois, LLC | | Chase Bank OPERATING xx6927 | 20.20 | 1,520.60 |
| Check | 01/30/12 | 5038 | Comcast Legal | | Chase Bank OPERATING xx6927 | 3,750.00 | 5,270.60 |
| Check | 01/30/12 | 5039 | Comcast Legal | | Chase Bank OPERATING xx6927 | 360.00 | 5,630.60 |
| Check | 01/30/12 | 5099 | Maria Pierantozzi | | Chase Bank OPERATING xx6927 | 466.00 | 6,096.60 |
| Check | 01/31/12 | 5071 | Cricket Communications | | Chase Bank OPERATING xx6927 | 26.80 | 6,123.40 |
| Check | 02/03/12 | 5041 | AOL Legal Department | | Chase Bank OPERATING xx6927 | 89.00 | 6,212.40 |
| Check | 02/17/12 | 5016 | WideOpenWest Illinois, Inc. | | Chase Bank OPERATING xx6927 | 60.40 | 6,272.80 |
| Check | 02/17/12 | 5123 | Clerk of Courts Miami–Dade County | | Chase Bank OPERATING xx6927 | 401.00 | 6,673.80 |
| Check | 02/27/12 | 5057 | Level 3 Communications, Inc. | | Chase Bank OPERATING xx6927 | 26.80 | 6,700.60 |
| Check | 03/12/12 | 5124 | Office of the Secretary of State | | Chase Bank OPERATING xx6927 | 120.00 | 6,820.60 |
| Check | 03/19/12 | 5163 | Infield Barr | | Chase Bank OPERATING xx6927 | 750.00 | 7,570.60 |
| Check | 04/10/12 | 5103 | Century Link | | Chase Bank OPERATING xx6927 | 60.00 | 7,630.60 |
| Check | 04/13/12 | 5171 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 217.80 | 7,848.40 |
| Check | 04/24/12 | 5183 | Infield Barr | | Chase Bank OPERATING xx6927 | 450.00 | 8,298.40 |
| Check | 04/27/12 | 5179 | Level 3 Communications, Inc. | | Chase Bank OPERATING xx6927 | 120.00 | 8,418.40 |
| Check | 04/30/12 | 5178 | EComp Consultants | | Chase Bank OPERATING xx6927 | 5,000.00 | 13,418.40 |
| Check | 05/08/12 | 5193 | Becker, Paulson, Hoemer & Thompson, PC | | Chase Bank OPERATING xx6927 | 4,109.17 | 17,527.57 |
| Check | 06/22/12 | 5150 | US Treasury | | Chase Bank OPERATING xx6927 | 1,750.00 | 19,277.57 |
| Check | 06/28/12 | 5222 | Aaron Notary Services | | Chase Bank OPERATING xx6927 | 75.00 | 19,352.57 |
| Check | 07/02/12 | 5149 | Nathan Wersel | | Chase Bank OPERATING xx6927 | 1,561.34 | 20,913.91 |
| Check | 07/05/12 | 5147 | Madison County Circuit Clerk | | Chase Bank OPERATING xx6927 | 431.50 | 21,345.41 |
| Check | 07/09/12 | 5145 | Clerk of Superior Court | | Chase Bank OPERATING xx6927 | 259.50 | 21,604.91 |
| Check | 07/10/12 | 5146 | Clerk of Superior Court | | Chase Bank OPERATING xx6927 | 257.50 | 21,862.41 |
| Check | 07/11/12 | 5140 | Becker, Paulson, Hoemer & Thompson, PC | | Chase Bank OPERATING xx6927 | 4,766.67 | 26,629.08 |
| Check | 07/12/12 | 5143 | Joseph Perea | | Chase Bank OPERATING xx6927 | 5,000.00 | 31,629.08 |
| Check | 08/01/12 | 5256 | Clerk of Courts Miami–Dade County | | Chase Bank OPERATING xx6927 | 2.50 | 31,631.58 |
| Check | 08/02/12 | 5264 | Joseph Perea | | Chase Bank OPERATING xx6927 | 2,500.00 | 34,131.58 |
| Check | 08/03/12 | 5248 | Los Angeles Superior Court | | Chase Bank OPERATING xx6927 | 435.00 | 34,566.58 |
| Check | 08/06/12 | 5234 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 34,916.58 |
| Check | 08/06/12 | 5235 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 35,266.58 |
| Check | 08/06/12 | 5236 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 35,616.58 |
| Check | 08/06/12 | 5237 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 35,966.58 |
| Check | 08/06/12 | 5238 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 36,316.58 |
| Check | 08/06/12 | 5239 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 36,666.58 |
| Check | 08/06/12 | 5240 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 37,016.58 |
| Check | 08/06/12 | 5241 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 37,366.58 |
| Check | 08/06/12 | 5242 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 37,716.58 |
| Check | 08/06/12 | 5243 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 38,066.58 |
| Check | 08/06/12 | 5244 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 38,416.58 |
| Check | 08/06/12 | 5245 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 38,766.58 |
| Check | 08/06/12 | 5246 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 39,116.58 |
| Check | 08/06/12 | 5247 | Clerk, US District Court | | Chase Bank OPERATING xx6927 | 350.00 | 39,466.58 |
| Check | 08/09/12 | 5266 | John Heida | | Chase Bank OPERATING xx6927 | 35.00 | 39,501.58 |
| Check | 08/10/12 | 5250 | Nathan Wersel | | Chase Bank OPERATING xx6927 | 4,267.29 | 43,768.87 |
| Check | 08/22/12 | 5280 | Brett Gibbs | | Chase Bank OPERATING xx6927 | 1,000.00 | 44,768.87 |
| Check | 08/23/12 | 5249 | District Court Administration | | Chase Bank OPERATING xx6927 | 422.00 | 45,190.87 |
| Check | 09/10/12 | 5272 | Nathan Wersel | | Chase Bank OPERATING xx6927 | 3,500.00 | 48,690.87 |
| Check | 10/10/12 | 5295 | Clerk of Superior Court | Lightspeed v Williams | Chase Bank OPERATING xx6927 | 257.00 | 48,947.87 |
| Check | 10/18/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 5.00 | 48,952.87 |
| Check | 10/18/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 422.00 | 49,374.87 |
| Check | 10/25/12 | 5278 | Clerk of Court | | Chase Bank OPERATING xx6927 | 3,150.00 | 52,524.87 |
| Check | 10/25/12 | 5289 | Charter Communications | | Chase Bank OPERATING xx6927 | 14.95 | 52,539.82 |
| Check | 10/29/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 5.00 | 52,544.82 |
| Check | 10/29/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 100.00 | 52,644.82 |
| Check | 11/01/12 | 1001 | Aldenta Technologies | Database Updates | 53 OPERATING xx7365 | 5,750.00 | 58,394.82 |
| Check | 11/03/12 | 1075 | Brett Gibbs | 10/12 Pay | 53 OPERATING xx7365 | 5,000.00 | 63,394.82 |
| Check | 11/03/12 | 1075 | Brett Gibbs | 10/12 Commission $53,200 @ 4% | 53 OPERATING xx7365 | 2,128.00 | 65,522.82 |
| Check | 11/03/12 | 1075 | Brett Gibbs | Less check issued 11/7/12 | 53 OPERATING xx7365 | -6,408.00 | 59,114.82 |
| Check | 11/06/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 5.00 | 59,119.82 |
| Check | 11/07/12 | 1013 | Brett Gibbs | | 53 OPERATING xx7365 | 6,408.00 | 65,527.82 |
| Check | 11/07/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 100.00 | 65,627.82 |
| Check | 11/13/12 | 1081 | MetroCast | Guava | 53 OPERATING xx7365 | 1,387.50 | 67,015.32 |
| Check | 11/13/12 | 1081 | MetroCast | FTV | 53 OPERATING xx7365 | 75.00 | 67,090.32 |
| Check | 11/13/12 | 1081 | MetroCast | HDP | 53 OPERATING xx7365 | 37.50 | 67,127.82 |
| Check | 11/13/12 | 1014 | Cherokee County Sheriff's Office | LS v Daniel Terry 12–cv–2526–EM GA Case | 53 OPERATING xx7365 | 50.00 | 67,177.82 |
| Check | 11/16/12 | 1015 | Colquitt County Sheriff's Office | Guava Filing | 53 OPERATING xx7365 | 50.00 | 67,227.82 |
| Check | 11/23/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 100.00 | 67,327.82 |
| Check | 11/23/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 8.00 | 67,335.82 |
| Check | 12/04/12 | 1106 | Brett Gibbs | November, 2012 Comm. $30,400 @ 4% | 53 OPERATING xx7365 | 1,216.00 | 68,551.82 |
| Check | 12/06/12 | WIRE | Kynes, Markman & Felman, PA | | 53 OPERATING xx7365 | 15,000.00 | 83,551.82 |
| Check | 12/07/12 | 1110 | Benjamin C. Debney, LLC | Delay, Brad case expenses | 53 OPERATING xx7365 | 810.00 | 84,361.82 |
| Check | 12/11/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 8.00 | 84,369.82 |
| Check | 12/11/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 100.00 | 84,469.82 |
| Check | 12/13/12 | 1119 | Brett Gibbs | December, 2012 Payroll | 53 OPERATING xx7365 | 7,000.00 | 91,469.82 |
| Check | 12/14/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 3.00 | 91,472.82 |
| Check | 12/17/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 8.00 | 91,480.82 |
| Check | 12/17/12 | ELEC WD | MN Court | Online filing fee | 53 OPERATING xx7365 | 100.00 | 91,580.82 |
| Check | 12/18/12 | 1127 | Brett Gibbs | Karl – December Payroll | 53 OPERATING xx7365 | 4,000.00 | 95,580.82 |
| Check | 12/18/12 | WIRE | McCullough Sparks | | 53 OPERATING xx7365 | 5,000.00 | 100,580.82 |
| **Total Legal & Professional Fees** | | | | | | 100,580.82 | 100,580.82 |
| **Rent Expense** | | | | | | | |
| Check | 01/05/12 | 5094 | South Florida Title | | Chase Bank OPERATING xx6927 | 3,300.00 | 3,300.00 |
| Check | 01/24/12 | 5102 | John Mahshie | | Chase Bank OPERATING xx6927 | 6,600.00 | 9,900.00 |
| Check | 01/30/12 | 5106 | Regus Management Group, LLC | | Chase Bank OPERATING xx6927 | 600.86 | 10,500.86 |
| Check | 02/28/12 | ELEC WD | 3200 Network Place | | Chase Bank OPERATING xx6927 | 2,125.00 | 12,625.86 |
| Check | 02/28/12 | ELEC WD | John Mahshie | | Chase Bank OPERATING xx6927 | 3,300.00 | 15,925.86 |
| Check | 03/05/12 | 5134 | 3200 Network Place | | Chase Bank OPERATING xx6927 | 275.00 | 16,200.86 |
| Check | 03/12/12 | 5156 | BTN Properties | | Chase Bank OPERATING xx6927 | 1,300.00 | 17,500.86 |
| Check | 04/02/12 | WIRE | Michael Fabion | | Chase Bank OPERATING xx6927 | 3,300.00 | 20,800.86 |
| Check | 04/11/12 | 5154 | BTN Properties | | Chase Bank OPERATING xx6927 | 1,300.00 | 22,100.86 |
| Check | 05/10/12 | 5153 | BTN Properties | | Chase Bank OPERATING xx6927 | 1,300.00 | 23,400.86 |
| Check | 05/21/12 | 5192 | John Mahshie | | Chase Bank OPERATING xx6927 | 2,880.65 | 26,281.51 |
| Check | 06/07/12 | 5216 | BTN Properties | | Chase Bank OPERATING xx6927 | 3,100.00 | 29,381.51 |
| Check | 06/11/12 | 5152 | BTN Properties | | Chase Bank OPERATING xx6927 | 1,300.00 | 30,681.51 |

Exhibit 1 - Motion for Indicative Ruling - 60

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Check | 06/12/12 | 5218 | John Mahshie | | Chase Bank OPERATING xx6927 | 200.00 | 30,881.51 |
| Check | 07/09/12 | 5214 | John Mahshie | | Chase Bank OPERATING xx6927 | 3,100.00 | 33,981.51 |
| Check | 07/16/12 | 5139 | BTN Properties | | Chase Bank OPERATING xx6927 | 1,300.00 | 35,281.51 |
| Check | 08/01/12 | WIRE | 3200 Network Place | | Chase Bank OPERATING xx6927 | 2,250.00 | 37,531.51 |
| Check | 08/07/12 | 5261 | Brett Gibbs | July rent | Chase Bank OPERATING xx6927 | 350.00 | 37,881.51 |
| Check | 08/08/12 | 5262 | John Mahshie | | Chase Bank OPERATING xx6927 | 3,500.00 | 41,381.51 |
| Check | 08/13/12 | 5233 | Interim Partners, LLC | | Chase Bank OPERATING xx6927 | 2,100.00 | 43,481.51 |
| Check | 08/13/12 | 5269 | BTN Properties | | Chase Bank OPERATING xx6927 | 1,300.00 | 44,781.51 |
| Check | 08/22/12 | 5286 | Ricardo Pontillo | | Chase Bank OPERATING xx6927 | 700.00 | 45,481.51 |
| Check | 09/06/12 | 5291 | Camino Alto Properties | | Chase Bank OPERATING xx6927 | 1,095.00 | 46,576.51 |
| Check | 12/03/12 | 1100 | Intercen Partners, LLC | Base rent 12/2012 | 53 OPERATING xx7365 | 1,007.25 | 47,583.76 |
| Check | 12/03/12 | 1100 | Intercen Partners, LLC | Operating Expense Reimbursement | 53 OPERATING xx7365 | 1,075.51 | 48,659.27 |
| Check | 12/11/12 | 1116 | Shelterpoint Equities, Ltd | Security Deposit | 53 OPERATING xx7365 | 2,638.60 | 51,297.87 |
| Check | 12/11/12 | 1114 | Shelterpoint Equities, Ltd | 1st Month Rent | 53 OPERATING xx7365 | 1,753.00 | 53,050.87 |
| Check | 12/18/12 | 1126 | Brett Gibbs | Reimbursement for Jay Waleford Rent / Deposit | 53 OPERATING xx7365 | 6,575.00 | 59,625.87 |
| **Total Rent Expense** | | | | | | **59,625.87** | **59,625.87** |
| **Travel Expense** | | | | | | | |
| Check | 01/03/12 | 5086 | Chase Card Services | | Chase Bank OPERATING xx6927 | 21,000.00 | 21,000.00 |
| Check | 01/26/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 1,000.00 | 22,000.00 |
| Check | 01/26/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 351.26 | 22,351.26 |
| Check | 01/31/12 | ELEC WD | American Express | | Chase Bank OPERATING xx6927 | 5,483.64 | 27,834.90 |
| Check | 02/01/12 | ELEC WD | Citibank | | Chase Bank OPERATING xx6927 | 6,889.19 | 34,724.09 |
| Check | 02/06/12 | 5122 | Chase Card Services | | Chase Bank OPERATING xx6927 | 14,725.22 | 49,449.31 |
| Check | 03/06/12 | ELEC WD | Citibank | | Chase Bank OPERATING xx6927 | 1,190.54 | 50,639.85 |
| Check | 08/13/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 650.00 | 51,289.85 |
| Check | 08/23/12 | ELEC WD | Citibank | | Chase Bank OPERATING xx6927 | 3,973.56 | 55,263.41 |
| Check | 08/28/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 1,729.23 | 56,992.64 |
| Check | 08/28/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 5,000.00 | 61,992.64 |
| Check | 09/28/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 1,000.00 | 62,992.64 |
| Check | 09/28/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 1,000.00 | 63,992.64 |
| Check | 10/01/12 | ELEC WD | Citibank | | Chase Bank OPERATING xx6927 | 1,993.92 | 65,986.56 |
| Check | 10/09/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 6,275.77 | 72,262.33 |
| Check | 10/09/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 5,227.22 | 77,489.55 |
| Check | 10/15/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 4,000.00 | 81,489.55 |
| Check | 10/26/12 | ELEC WD | Bank of America | | Chase Bank OPERATING xx6927 | 100.00 | 81,589.55 |
| Check | 11/13/12 | ELEC WD | Bank of America | | 53 OPERATING xx7365 | 1,563.73 | 83,153.28 |
| **Total Travel Expense** | | | | | | **83,153.28** | **83,153.28** |
| **Utilities** | | | | | | | |
| Check | 02/02/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 105.93 | 105.93 |
| Check | 02/03/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 159.43 | 265.36 |
| Check | 02/03/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 77.02 | 342.38 |
| Check | 02/15/12 | ELEC WD | FPL | | Chase Bank OPERATING xx6927 | 522.00 | 864.38 |
| Check | 04/02/12 | 5170 | FPL | | Chase Bank OPERATING xx6927 | 84.20 | 948.58 |
| Check | 04/03/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 996.72 |
| Check | 05/02/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 1,044.86 |
| Check | 05/11/12 | ELEC WD | Atlantic Broadband Cable | | Chase Bank OPERATING xx6927 | 443.04 | 1,487.90 |
| Check | 05/25/12 | 5213 | City of Miami Beach | | Chase Bank OPERATING xx6927 | 85.74 | 1,573.64 |
| Check | 06/01/12 | ELEC WD | FPL | | Chase Bank OPERATING xx6927 | 153.11 | 1,726.75 |
| Check | 06/01/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 1,774.89 |
| Check | 06/05/12 | 5207 | City of Miami Beach | | Chase Bank OPERATING xx6927 | 170.94 | 1,945.83 |
| Check | 06/08/12 | 5205 | Atlantic Broadband Cable | | Chase Bank OPERATING xx6927 | 213.74 | 2,159.57 |
| Check | 07/02/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 2,207.71 |
| Check | 07/09/12 | 5224 | Atlantic Broadband Cable | | Chase Bank OPERATING xx6927 | 213.74 | 2,421.45 |
| Check | 07/31/12 | 5259 | FPL | | Chase Bank OPERATING xx6927 | 119.19 | 2,540.64 |
| Check | 08/01/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 2,588.78 |
| Check | 08/06/12 | 5257 | Atlantic Broadband Cable | | Chase Bank OPERATING xx6927 | 222.02 | 2,810.80 |
| Check | 08/06/12 | 5258 | City of Miami Beach | | Chase Bank OPERATING xx6927 | 96.00 | 2,906.80 |
| Check | 08/07/12 | 5261 | Brett Gibbs | Phone & Internet | Chase Bank OPERATING xx6927 | 87.97 | 2,994.77 |
| Check | 09/04/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 3,042.91 |
| Check | 10/02/12 | ELEC WD | ADT / Defender Security | | Chase Bank OPERATING xx6927 | 48.14 | 3,091.05 |
| Check | 11/01/12 | 1002 | Global Connect | Contract # 79314 | 53 OPERATING xx7365 | 127.04 | 3,218.09 |
| Check | 11/01/12 | 1004 | ConService | LV # 2102 | 53 OPERATING xx7365 | 41.78 | 3,259.87 |
| Check | 11/01/12 | 1005 | ConService | LV # 1109 | 53 OPERATING xx7365 | 34.78 | 3,294.65 |
| Check | 11/01/12 | 1006 | NV Energy | LV # 2102 | 53 OPERATING xx7365 | 68.68 | 3,363.33 |
| Check | 11/07/12 | 1071 | Cox Communications, Inc. (Utility) | Account # 001-8610-102462521 | 53 OPERATING xx7365 | 171.53 | 3,534.86 |
| Check | 11/09/12 | ELEC WD | Vox Telesys, LLC | | 53 OPERATING xx7365 | 25.00 | 3,559.86 |
| Check | 11/19/12 | 1083 | Cox Communications, Inc. (Utility) | Account # 001-8610-102462521 | 53 OPERATING xx7365 | 200.00 | 3,759.86 |
| Check | 11/25/12 | ELEC WD | Cox Communications, Inc. (Utility) | Account # 001-8610-120593001 | 53 OPERATING xx7365 | 352.44 | 4,112.30 |
| Check | 12/03/12 | 1101 | Verizon Wireless | Account # 987358435-00001 | 53 OPERATING xx7365 | 144.33 | 4,256.63 |
| Check | 12/04/12 | ELEC WD | NV Energy | LV # 2102 | 53 OPERATING xx7365 | 335.88 | 4,592.51 |
| Check | 12/04/12 | 1103 | ConService | LV # 1109 | 53 OPERATING xx7365 | 33.77 | 4,626.28 |
| Check | 12/11/12 | 1111 | NV Energy | LV | 53 OPERATING xx7365 | 300.00 | 4,926.28 |
| Check | 12/17/12 | 1124 | ConService | Acct # 12839811 | 53 OPERATING xx7365 | 33.68 | 4,959.96 |
| Check | 12/17/12 | 1124 | ConService | Acct # 12830836 | 53 OPERATING xx7365 | 74.45 | 5,034.41 |
| Check | 12/18/12 | 1125 | NV Energy | LV | 53 OPERATING xx7365 | 47.24 | 5,081.65 |
| Check | 12/19/12 | 1123 | Cox Communications, Inc. (Utility) | Account # 001-8610-120593001 | 53 OPERATING xx7365 | 250.00 | 5,331.65 |
| Check | 12/21/12 | 1133 | ConService | | 53 OPERATING xx7365 | 117.40 | 5,449.05 |
| Check | 12/21/12 | 1133 | ConService | | 53 OPERATING xx7365 | 102.60 | 5,551.65 |
| Check | 12/26/12 | ELEC WD | Cox Communications, Inc. (Utility) | Account # 001-8610-120593001 | 53 OPERATING xx7365 | 271.91 | 5,823.56 |
| Deposit | 12/28/12 | | Cox Communications, Inc. (Utility) | Overpayment refund | 53 OPERATING xx7365 | -114.68 | 5,708.88 |
| **Total Utilities** | | | | | | **5,708.88** | **5,708.88** |
| **Total Expense** | | | | | | **2,382,698.73** | **2,382,698.73** |
| **Net Ordinary Income** | | | | | | **-450,721.64** | **-450,721.64** |
| **Net Income** | | | | | | **-450,721.64** | **-450,721.64** |

Exhibit 1 - Motion for Indicative Ruling - 61

# EXHIBIT F

Exhibit 1 - Motion for Indicative Ruling - 62

Prenda Law
Balance Sheet Detail
As of December 31, 2012                                                                                                                01/03/13

| Type | Date | Num | Name | Memo | Clr | Split | Amount | Balance |
|------|------|-----|------|------|-----|-------|--------|---------|
| | | | | | | | | 0.00 |
| **ASSETS** | | | | | | | | 0.00 |
| **Current Assets** | | | | | | | | 0.00 |
| **Checking/Savings** | | | | | | | | 0.00 |
| **Chase Bank OPERATING xx6927** | | | | | | | | 0.00 |
| Deposit | 01/01/12 | | | Account Opening Balance | √ | Opening Balance Equity | 16,218.43 | 16,218.43 |
| Deposit | 01/03/12 | | Pirates | Chase | √ | –SPLIT– | 248,332.16 | 264,550.59 |
| Deposit | 01/03/12 | | Pirates | Chase | √ | Legal Fee Income | 200.00 | 264,750.59 |
| Check | 01/03/12 | WIRE | Paul A. Duffy | | √ | Payments to Old Owners | –5,100.00 | 259,650.59 |
| Check | 01/03/12 | WIRE | Paul Hansmeier | | √ | Payments to Old Owners | –90,000.00 | 169,650.59 |
| Check | 01/03/12 | ELEC WD | Payroll Tax – MN | | √ | Payroll Tax | –1,628.17 | 168,022.42 |
| Check | 01/03/12 | FEE | Chase Bank | | √ | Wire Transfer Fee | –25.00 | 167,997.42 |
| Check | 01/03/12 | FEE | Chase Bank | | √ | Wire Transfer Fee | –25.00 | 167,972.42 |
| Check | 01/03/12 | 5062 | Charles Piehl | | √ | Payroll | –2,603.83 | 165,368.59 |
| Check | 01/03/12 | 5063 | Jay Kopita | | √ | Advertising and Promotion | –250.00 | 165,118.59 |
| Check | 01/03/12 | 5065 | PPS Services | | √ | Process Server Fees | –190.00 | 164,928.59 |
| Check | 01/03/12 | 5077 | Mark Lutz | | √ | Mark Lutz | –4,102.19 | 160,826.40 |
| Check | 01/03/12 | 5078 | Joseph Perea | | √ | Payroll | –3,413.95 | 157,412.45 |
| Check | 01/03/12 | 5079 | Douglas Wahlgren | | √ | Payroll | –729.07 | 156,683.38 |
| Check | 01/03/12 | 5080 | Robert Balzebre | | √ | XSC Digital Corp | –3,000.00 | 153,683.38 |
| Check | 01/03/12 | 5082 | Mark Lutz | | √ | Reimbursement | –682.37 | 153,001.01 |
| Check | 01/03/12 | 5083 | Mark Lutz | | √ | Payroll | –1,000.00 | 152,001.01 |
| Check | 01/03/12 | 5084 | Joseph Perea | | √ | Payroll | –681.82 | 151,319.19 |
| Check | 01/03/12 | 5086 | Chase Card Services | | √ | Travel Expense | –21,000.00 | 130,319.19 |
| Check | 01/03/12 | 5093 | John Steele | | √ | Payments to Old Owners | –100,000.00 | 30,319.19 |
| Check | 01/04/12 | ELEC WD | IRS – Payroll Tax | | √ | Federal Payroll Tax | –898.98 | 29,420.21 |
| Check | 01/04/12 | ELEC WD | ADP | | √ | Payroll Service Fees | –47.27 | 29,372.94 |
| Check | 01/04/12 | 5091 | Neil Rubin | | √ | Legal & Professional Fees | –1,220.00 | 28,152.94 |
| Check | 01/04/12 | 5095 | Juan Rodriguez | | √ | Payroll | –261.60 | 27,891.34 |
| Check | 01/05/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –3,281.17 | 24,610.17 |
| Check | 01/05/12 | 5081 | Carey, Danis & Lowe, LLC | | √ | Legal & Professional Fees | –240.00 | 24,370.17 |
| Check | 01/05/12 | 5094 | South Florida Title | | √ | Rent Expense | –3,300.00 | 21,070.17 |
| Check | 01/05/12 | 5096 | Steele Hansmeier | | √ | Legal Fee Income | –2,000.00 | 19,070.17 |
| Check | 01/09/12 | ELEC WD | Payroll Tax – MN | | √ | Unemployment Tax | –3,721.00 | 15,349.17 |
| Check | 01/09/12 | 5087 | Brett Gibbs | | √ | Payroll | –4,540.00 | 10,809.17 |
| Check | 01/09/12 | 5089 | Tim Anderson | | √ | Filing Fees & Legal Expenses | –2,130.00 | 8,679.17 |
| Check | 01/09/12 | 5090 | Doug McIntyre | | √ | Local Counsel Payments | –4,180.00 | 4,499.17 |
| Check | 01/09/12 | 5100 | Joseph Perea | | √ | Payroll | –416.66 | 4,082.51 |
| Check | 01/11/12 | 5092 | Raphael Whitford | | √ | Filing Fees & Legal Expenses | –510.00 | 3,572.51 |
| Check | 01/12/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –25.00 | 3,547.51 |
| Check | 01/12/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –300.00 | 3,247.51 |
| Deposit | 01/13/12 | | Pirates | Chase | √ | Legal Fee Income | 38,490.00 | 41,737.51 |
| Deposit | 01/13/12 | | Pirates | Chase | √ | Legal Fee Income | 1,769.64 | 43,507.15 |
| Check | 01/18/12 | ELEC WD | IRS – Payroll Tax | | √ | Federal Payroll Tax | –419.20 | 43,087.95 |
| Check | 01/18/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –231.29 | 42,856.66 |
| Check | 01/18/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –43.94 | 42,812.72 |
| Check | 01/18/12 | 5051 | Mediacom Communication Corp | | √ | Legal & Professional Fees | –20.20 | 42,792.52 |
| Check | 01/19/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –129.00 | 42,663.52 |
| Check | 01/20/12 | 5104 | LRI | | √ | Process Server Fees | –65.00 | 42,598.52 |
| Check | 01/23/12 | 5012 | RCN Telecom Service of Ilinois, LLC | | √ | Legal & Professional Fees | –20.20 | 42,578.32 |
| Check | 01/24/12 | 5102 | John Mahshie | | √ | Rent Expense | –6,600.00 | 35,978.32 |
| Check | 01/26/12 | ELEC WD | Bank of America | | √ | Travel Expense | –1,000.00 | 34,978.32 |
| Check | 01/26/12 | ELEC WD | Bank of America | | √ | Travel Expense | –351.26 | 34,627.06 |
| Check | 01/27/12 | 5058 | RCN Telecom Service of Ilinois, LLC | | √ | Legal & Professional Fees | –20.20 | 34,606.86 |
| Check | 01/30/12 | 5038 | Comcast Legal | | √ | Legal & Professional Fees | –3,750.00 | 30,856.86 |
| Check | 01/30/12 | 5039 | Comcast Legal | | √ | Legal & Professional Fees | –360.00 | 30,496.86 |
| Check | 01/30/12 | 5099 | Maria Pierantozzi | | √ | Legal & Professional Fees | –466.00 | 30,030.86 |
| Check | 01/30/12 | 5106 | Regus Management Group, LLC | | √ | Rent Expense | –600.86 | 29,430.00 |
| Check | 01/31/12 | ELEC WD | American Express | | √ | Travel Expense | –5,483.64 | 23,946.36 |
| Check | 01/31/12 | ELEC WD | American Express | | √ | Meals and Entertainment | –798.64 | 23,147.72 |
| Check | 01/31/12 | ELEC WD | American Express | | √ | Postage and Delivery | –74.99 | 23,072.73 |
| Check | 01/31/12 | 5071 | Cricket Communications | | √ | Legal & Professional Fees | –26.80 | 23,045.93 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 158,349.28 | 181,395.21 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 27,054.03 | 208,449.24 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 14,552.31 | 223,001.55 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 11,682.71 | 234,684.26 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 6,196.40 | 240,880.66 |
| Deposit | 02/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 1,152.62 | 242,033.28 |
| Check | 02/01/12 | WIRE | Paul Hansmeier | | √ | Payments to Old Owners | –15,321.28 | 226,712.00 |
| Check | 02/01/12 | ELEC WD | Citibank | | √ | Travel Expense | –6,889.19 | 219,822.81 |
| Check | 02/01/12 | 5115 | Mark Lutz | | √ | Payroll | –5,188.62 | 214,634.19 |
| Check | 02/01/12 | 5116 | Joseph Perea | | √ | Payroll | –3,420.62 | 211,213.57 |
| Check | 02/02/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | –105.93 | 211,107.64 |
| Check | 02/02/12 | ELEC WD | ADP | | √ | Payroll Service Fees | –47.27 | 211,060.37 |
| Check | 02/02/12 | 5117 | Erica Tranese | | √ | Payroll | –2,292.74 | 208,767.63 |
| Check | 02/03/12 | WIRE | Lightspeed Media Corporation | To xx6943 | √ | Lightspeed Media Corp | –1,950.00 | 206,817.63 |
| Check | 02/03/12 | ELEC WD | Pirates | From xx6943 | √ | Lightspeed Media Corp | –2,200.00 | 204,617.63 |
| Check | 02/03/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | –159.43 | 204,458.20 |
| Check | 02/03/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | –77.02 | 204,381.18 |
| Check | 02/03/12 | 5041 | AOL Legal Department | | √ | Legal & Professional Fees | –89.00 | 204,292.18 |
| Deposit | 02/06/12 | | Prenda Law Trust Account | From xx6943 | √ | Reimbursement | 7,184.80 | 211,476.98 |
| Deposit | 02/06/12 | | ADP | From xx6943 | √ | Payroll Service Fees | 3.13 | 211,480.11 |
| Check | 02/06/12 | WIRE | OpenMind Solutions | | √ | OpenMind Solutions | –7,184.80 | 204,295.31 |
| Check | 02/06/12 | WIRE | Lightspeed Media Corporation | From xx6943 | √ | Lightspeed Media Corp | –200.00 | 204,095.31 |
| Check | 02/06/12 | 5118 | Joseph Perea | | √ | Payroll | –416.00 | 203,679.31 |
| Check | 02/06/12 | 5119 | John Steele | | √ | Reimbursement | –10,300.00 | 193,379.31 |
| Check | 02/06/12 | 5120 | John Steele | | √ | Payments to Old Owners | –75,000.00 | 118,379.31 |
| Check | 02/06/12 | 5121 | Steele Law | | √ | Payroll | –3,268.12 | 115,111.19 |
| Check | 02/06/12 | 5122 | Chase Card Services | | √ | Travel Expense | –14,725.22 | 100,385.97 |
| Check | 02/07/12 | WIRE | Paul Hansmeier | | √ | Payments to Old Owners | –75,000.00 | 25,385.97 |
| Check | 02/08/12 | 5110 | ADP | | √ | Payroll Service Fees | –115.00 | 25,270.97 |
| Check | 02/09/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | –2,887.71 | 22,383.26 |

Page 1 of 7

Exhibit 1 - Motion for Indicative Ruling - 63

| Type | Date | Method | Num / Name | Memo | | Category | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| Check | 02/09/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -544.49 | 21,838.77 |
| Check | 02/09/12 | 5107 | Clerk, Circuit & County Courts IL | | √ | Parking Expenses | -28.00 | 21,810.77 |
| Check | 02/13/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -42.53 | 21,768.24 |
| Check | 02/15/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | -1,872.82 | 19,895.42 |
| Check | 02/15/12 | ELEC WD | FPL | | √ | Utilities | -522.00 | 19,373.42 |
| Check | 02/15/12 | ELEC WD | American Express | | √ | Postage and Delivery | -74.99 | 19,298.43 |
| Deposit | 02/16/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 2,336.13 | 21,634.56 |
| Check | 02/17/12 | ELEC WD | ULC of Chicago | | √ | Dues and Subscriptions | -772.42 | 20,862.14 |
| Check | 02/17/12 | ELEC WD | ADP | | √ | Payroll Service Fees | -39.00 | 20,823.14 |
| Check | 02/17/12 | 5016 | WideOpenWest Illinois, Inc. | | √ | Legal & Professional Fees | -60.40 | 20,762.74 |
| Check | 02/17/12 | 5123 | Clerk of Courts Miami–Dade County | | √ | Legal & Professional Fees | -401.00 | 20,361.74 |
| Check | 02/21/12 | 5125 | LRI | | √ | Process Server Fees | -65.00 | 20,296.74 |
| Check | 02/21/12 | 5132 | John Steele | | √ | Reimbursement | -5,448.46 | 14,848.28 |
| Check | 02/21/12 | 5133 | LRI | | √ | Process Server Fees | -45.00 | 14,803.28 |
| Check | 02/21/12 | 5135 | Chase Card Services | | √ | –SPLIT– | -813.95 | 13,989.33 |
| Check | 02/21/12 | 5136 | John Steele | | √ | Reimbursement | -601.46 | 13,387.87 |
| Check | 02/27/12 | ELEC WD | John Steele | | √ | Reimbursement | -300.00 | 13,087.87 |
| Check | 02/27/12 | 5057 | Level 3 Communications, Inc. | | √ | Legal & Professional Fees | -26.80 | 13,061.07 |
| Check | 02/28/12 | ELEC WD | 3200 Network Place | | √ | Rent Expense | -2,125.00 | 10,936.07 |
| Check | 02/28/12 | ELEC WD | John Mahshie | | √ | Rent Expense | -3,300.00 | 7,636.07 |
| Check | 02/28/12 | FEE | Chase Bank | 7 @ $25 each for Feb.2012 | √ | Wire Transfer Fee | -175.00 | 7,461.07 |
| Deposit | 02/29/12 | | Pirates | | √ | Legal Fee Income | 126,404.01 | 133,865.08 |
| Deposit | 02/29/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 100,000.00 | 233,865.08 |
| Deposit | 02/29/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 3,357.59 | 237,222.67 |
| Deposit | 02/29/12 | | Pirates | From xx6943 | √ | Legal Fee Income | -3,357.59 | 233,865.08 |
| Check | 02/29/12 | ELEC WD | ADP | To xx6943 | √ | Payroll Tax | -10,559.71 | 223,305.37 |
| Check | 03/01/12 | 5159 | Maria Campbell | | √ | Office Expenses | -145.00 | 223,160.37 |
| Check | 03/01/12 | ELEC WD | ADP | | √ | Payroll | -37,490.14 | 185,670.23 |
| Check | 03/01/12 | ELEC WD | John Steele | | √ | Reimbursement | -6,300.00 | 179,370.23 |
| Check | 03/01/12 | FEE | Chase Bank | | √ | Bank Service Charges | -50.00 | 179,320.23 |
| Deposit | 03/02/12 | | ADP | | √ | Payroll Tax | 6,653.56 | 185,973.79 |
| Check | 03/02/12 | ELEC WD | Under the Bridge Consulting | | √ | Payments to Old Owners | -100,000.00 | 85,973.79 |
| Check | 03/02/12 | ELEC WD | ADP | | √ | Payroll Tax | -6,653.56 | 79,320.23 |
| Check | 03/02/12 | ELEC WD | ADP | | √ | Payroll Service Fees | -80.00 | 79,240.23 |
| Check | 03/02/12 | FEE | Chase Bank | 2 @ $25 each | √ | Wire Transfer Fee | -50.00 | 79,190.23 |
| Check | 03/05/12 | 5134 | 3200 Network Place | | √ | Rent Expense | -275.00 | 78,915.23 |
| Check | 03/05/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | -12,399.73 | 66,515.50 |
| Check | 03/05/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | -338.88 | 66,176.62 |
| Check | 03/06/12 | ELEC WD | Citibank | | √ | Travel Expense | -1,190.54 | 64,986.08 |
| Check | 03/08/12 | 5158 | David Kozubal | | √ | Process Server Fees | -136.28 | 64,849.80 |
| Check | 03/08/12 | ELEC WD | ADP | | √ | Payroll Tax | -11,078.56 | 53,771.24 |
| Check | 03/09/12 | ELEC WD | ADP | | √ | Payroll Service Fees | -161.00 | 53,610.24 |
| Check | 03/12/12 | 5124 | Office of the Secretary of State | | √ | Legal & Professional Fees | -120.00 | 53,490.24 |
| Check | 03/12/12 | 5156 | BTN Properties | | √ | Rent Expense | -1,300.00 | 52,190.24 |
| Check | 03/12/12 | 5160 | Michael O'Malley | | √ | Local Counsel Payments | -2,920.00 | 49,270.24 |
| Check | 03/12/12 | 5162 | Doug McIntyre | | √ | Filing Fees & Legal Expenses | -350.00 | 48,920.24 |
| Deposit | 03/13/12 | | ADP | | √ | Payroll Tax | 591.75 | 49,511.99 |
| Check | 03/14/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -3,754.19 | 45,757.80 |
| Check | 03/14/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -282.16 | 45,475.64 |
| Check | 03/19/12 | 5163 | Infield Barr | | √ | Legal & Professional Fees | -750.00 | 44,725.64 |
| Check | 03/19/12 | ELEC WD | Steele Hansmeier | | √ | Reimbursement | -300.00 | 44,425.64 |
| Check | 03/20/12 | 5165 | LRI | | √ | Process Server Fees | -115.00 | 44,310.64 |
| Check | 03/21/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -29.94 | 44,280.70 |
| Check | 03/26/12 | 5166 | Maria Campbell | | √ | Office Expenses | -215.00 | 44,065.70 |
| Check | 03/26/12 | 5170 | FPL | | √ | Utilities | -84.20 | 43,981.50 |
| Check | 04/02/12 | WIRE | Michael Fabion | | √ | Rent Expense | -3,300.00 | 40,681.50 |
| Check | 04/02/12 | ELEC WD | ADP | | √ | Payroll | -25,615.81 | 15,065.69 |
| Check | 04/02/12 | ELEC WD | ADP | | √ | Payroll Tax | -10,242.86 | 4,822.83 |
| Check | 04/02/12 | FEE | Chase Bank | | √ | Stop payment fee | -25.00 | 4,797.83 |
| Check | 04/02/12 | FEE | Chase Bank | | √ | Quick Deposit Charge | -50.00 | 4,747.83 |
| Deposit | 04/03/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 175,543.74 | 180,291.57 |
| Check | 04/03/12 | | | | √ | Office Expenses | -44.93 | 180,246.64 |
| Check | 04/03/12 | 5173 | Mark Lutz | | √ | Credit Card Processing Fees | -8,429.68 | 171,816.96 |
| Check | 04/03/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | -48.14 | 171,768.82 |
| Check | 04/03/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | -24.99 | 171,743.83 |
| Check | 04/04/12 | 5172 | Joseph Perea | | √ | Reimbursement | -300.00 | 171,443.83 |
| Check | 04/04/12 | 5176 | Under the Bridge Consulting | | √ | Payments to Old Owners | -150,000.00 | 21,443.83 |
| Check | 04/04/12 | ELEC WD | ADP | | √ | Payroll | -11,249.38 | 10,194.45 |
| Check | 04/04/12 | ELEC WD | ADP | | √ | Payroll Tax | -110.92 | 10,083.53 |
| Check | 04/05/12 | WIRE | Lightspeed Media Corporation | From xx6943 | √ | Lightspeed Media Corp | -3,000.00 | 7,083.53 |
| Check | 04/05/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | -268.23 | 6,815.30 |
| Check | 04/10/12 | 5103 | Century Link | | √ | Legal & Professional Fees | -60.00 | 6,755.30 |
| Check | 04/10/12 | 5174 | Werner Printing Company, Inc. | | √ | Office Expenses | -1,392.45 | 5,362.85 |
| Check | 04/10/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -1,841.74 | 3,521.11 |
| Check | 04/10/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -132.57 | 3,388.54 |
| Check | 04/11/12 | 5154 | BTN Properties | | √ | Rent Expense | -1,300.00 | 2,088.54 |
| Check | 04/12/12 | 5175 | Paul Hansmeier | | √ | Reimbursable Expenses | -2,006.78 | 81.76 |
| Deposit | 04/13/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 10,300.00 | 10,381.76 |
| Check | 04/13/12 | 5171 | Brett Gibbs | | √ | Legal & Professional Fees | -217.80 | 10,163.96 |
| Check | 04/13/12 | 5184 | LRI | | √ | Process Server Fees | -35.00 | 10,128.96 |
| Check | 04/13/12 | WIRE | Paul A. Duffy | | √ | Payments to Old Owners | -4,120.00 | 6,008.96 |
| Check | 04/13/12 | ELEC WD | ADP | | √ | Payroll Service Fees | -149.50 | 5,859.46 |
| Check | 04/16/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | -1,885.82 | 3,973.64 |
| Deposit | 04/19/12 | | ADP | | √ | Payroll Tax | 17.10 | 3,990.74 |
| Check | 04/19/12 | 5180 | Maria Campbell | | √ | Office Expenses | -140.00 | 3,850.74 |
| Check | 04/20/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | -22.56 | 3,828.18 |
| Check | 04/20/12 | ELEC WD | ADP | | √ | Payroll Service Fees | -6.00 | 3,822.18 |
| Deposit | 04/24/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 14,750.00 | 18,572.18 |
| Check | 04/24/12 | 5183 | Infield Barr | | √ | Legal & Professional Fees | -450.00 | 18,122.18 |
| Check | 04/24/12 | WIRE | John Steele | | √ | Payments to Old Owners | -400.00 | 17,722.18 |
| Check | 04/24/12 | WIRE | Paul Hansmeier | | √ | Payments to Old Owners | -5,000.00 | 12,722.18 |
| Check | 04/24/12 | FEE | Chase Bank | 5 @ $25 each | √ | Wire Transfer Fee | -125.00 | 12,597.18 |
| Check | 04/27/12 | 5179 | Level 3 Communications, Inc. | | √ | Legal & Professional Fees | -120.00 | 12,477.18 |
| Check | 04/30/12 | 5178 | EComp Consultants | | √ | Legal & Professional Fees | -5,000.00 | 7,477.18 |
| Check | 04/30/12 | 5186 | Maria Campbell | | √ | Office Expenses | -230.00 | 7,247.18 |

Exhibit 1 - Motion for Indicative Ruling - 64

| Type | Date | Num | Name | Memo | √ | Category | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| Check | 04/30/12 | 5187 | PayPal | | √ | Office Expenses | −35.86 | 7,211.32 |
| Deposit | 05/01/12 | | Pirates | From xx6943 | √ | −SPLIT− | 133,573.14 | 140,784.46 |
| Check | 05/01/12 | ELEC WD | ADP | | √ | Payroll | −25,605.86 | 115,178.60 |
| Check | 05/01/12 | ELEC WD | American Express | | √ | Advertising and Promotion | −10,047.18 | 105,131.42 |
| Check | 05/01/12 | ELEC WD | ADP | | √ | Payroll Tax | −9,653.35 | 95,478.07 |
| Check | 05/01/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −44.94 | 95,433.13 |
| Check | 05/01/12 | FEE | Chase Bank | | √ | Quick Deposit Charge | −50.00 | 95,383.13 |
| Check | 05/02/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | −48.14 | 95,334.99 |
| Check | 05/03/12 | 5190 | John Steele | | √ | Payments to Old Owners | −4,600.00 | 90,734.99 |
| Check | 05/03/12 | WIRE | Paul A. Duffy | | √ | Reimbursable Expenses | −4,000.00 | 86,734.99 |
| Check | 05/03/12 | ELEC WD | ADP | | √ | Payroll | −12,345.00 | 74,389.99 |
| Check | 05/04/12 | WIRE | Under the Bridge Consulting | | √ | Payments to Old Owners | −40,000.00 | 34,389.99 |
| Check | 05/07/12 | 5188 | Brett Gibbs | | √ | Office Expenses | −2,721.67 | 31,668.32 |
| Check | 05/08/12 | 5193 | Becker, Paulson, Hoemer & Thompson, PC | | √ | Legal & Professional Fees | −4,109.17 | 27,559.15 |
| Check | 05/08/12 | 5194 | Paul A. Duffy | | √ | Reimbursable Expenses | −1,005.00 | 26,554.15 |
| Check | 05/08/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −389.91 | 26,164.24 |
| Check | 05/08/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | −17.51 | 26,146.73 |
| Check | 05/09/12 | ELEC WD | ADP | | √ | Payroll Tax | −37.12 | 26,109.61 |
| Check | 05/09/12 | ELEC WD | Pay Simple | | √ | Credit Card Processing Fees | −27.06 | 26,082.55 |
| Check | 05/10/12 | 5153 | BTN Properties | | √ | Rent Expense | −1,300.00 | 24,782.55 |
| Check | 05/10/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | −2,101.35 | 22,681.20 |
| Check | 05/11/12 | ELEC WD | Atlantic Broadband Cable | | √ | Utilities | −443.04 | 22,238.16 |
| Check | 05/11/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −147.25 | 22,090.91 |
| Check | 05/11/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | −120.02 | 21,970.89 |
| Check | 05/17/12 | 5199 | Maria Campbell | | √ | Office Expenses | −230.00 | 21,740.89 |
| Check | 05/17/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −2,026.46 | 19,714.43 |
| Check | 05/17/12 | WIRE | John Steele | | √ | Payments to Old Owners | −300.00 | 19,414.43 |
| Check | 05/21/12 | 5192 | John Mahshie | | √ | Rent Expense | −2,880.65 | 16,533.78 |
| Check | 05/21/12 | 5201 | Ingenuity13 | | √ | Settlements | −5,000.00 | 11,533.78 |
| Check | 05/21/12 | 5212 | John Steele | | √ | −SPLIT− | −4,700.00 | 6,833.78 |
| Check | 05/21/12 | ELEC WD | ULC of Chicago | | √ | Dues and Subscriptions | −1,208.67 | 5,625.11 |
| Check | 05/25/12 | 5213 | City of Miami Beach | | √ | Utilities | −85.74 | 5,539.37 |
| Check | 05/25/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −6.00 | 5,533.37 |
| Deposit | 05/29/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 100,000.00 | 105,533.37 |
| Check | 05/29/12 | 5200 | Hester Services, Inc. | | √ | Process Server Fees | −35.00 | 105,498.37 |
| Check | 05/29/12 | 5202 | Under the Bridge Consulting | | √ | Payments to Old Owners | −100,000.00 | 5,498.37 |
| Check | 05/30/12 | 5195 | Patricia A. Kaneshiro−Miller, RMR−C | | √ | Reimbursable Expenses | −144.00 | 5,354.37 |
| Deposit | 05/31/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 100,000.00 | 105,354.37 |
| Check | 05/31/12 | 5204 | Erica Tranese | | √ | Office Expenses | −70.70 | 105,283.67 |
| Check | 05/31/12 | WIRE | Capital One | | √ | Meals and Entertainment | −6,000.00 | 99,283.67 |
| Check | 05/31/12 | ELEC WD | ADP | | √ | Payroll | −25,896.39 | 73,387.28 |
| Check | 05/31/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −10,498.90 | 62,888.38 |
| Check | 05/31/12 | ELEC WD | ADP | | √ | Payroll Tax | −10,099.77 | 52,788.61 |
| Check | 05/31/12 | FEE | Chase Bank | 4 @ $25 each | √ | Wire Transfer Fee | −100.00 | 52,688.61 |
| Deposit | 06/01/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 124,939.98 | 177,628.59 |
| Check | 06/01/12 | 5203 | Maria Campbell | | √ | Office Expenses | −145.00 | 177,483.59 |
| Check | 06/01/12 | ELEC WD | FPL | | √ | Utilities | −153.11 | 177,330.48 |
| Check | 06/01/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | −48.14 | 177,282.34 |
| Check | 06/01/12 | FEE | Chase Bank | | √ | Quick Deposit Charge | −50.00 | 177,232.34 |
| Deposit | 06/04/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 5,693.17 | 182,925.51 |
| Check | 06/04/12 | 5181 | John Steele | | √ | Reimbursable Expenses | −964.85 | 181,960.66 |
| Check | 06/04/12 | WIRE | Under the Bridge Consulting | | √ | Payments to Old Owners | −100,000.00 | 81,960.66 |
| Check | 06/05/12 | 5207 | City of Miami Beach | | √ | Utilities | −170.94 | 81,789.72 |
| Check | 06/05/12 | WIRE | Paul A. Duffy | | √ | Sunlust Pictures | −4,400.00 | 77,389.72 |
| Check | 06/05/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −349.45 | 77,040.27 |
| Check | 06/05/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | −33.81 | 77,006.46 |
| Check | 06/06/12 | WIRE | Steve Yuen | | √ | Reimbursable Expenses | −3,400.00 | 73,606.46 |
| Check | 06/06/12 | ELEC WD | ADP | | √ | Payroll | −15,951.75 | 57,654.71 |
| Check | 06/06/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | −3,557.24 | 54,097.47 |
| Check | 06/06/12 | ELEC WD | Bluepay, Inc. | | √ | Credit Card Processing Fees | −107.33 | 53,990.14 |
| Check | 06/07/12 | 5206 | Brett Gibbs | | √ | Filing Fees & Legal Expenses | −954.72 | 53,035.42 |
| Check | 06/07/12 | 5216 | John Mahshie | | √ | Rent Expense | −3,100.00 | 49,935.42 |
| Deposit | 06/08/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 8,431.11 | 58,366.53 |
| Check | 06/08/12 | 5205 | Atlantic Broadband Cable | | √ | Utilities | −213.74 | 58,152.79 |
| Check | 06/08/12 | 5217 | Kerry Steele | | √ | −SPLIT− | −2,500.00 | 55,652.79 |
| Check | 06/08/12 | WIRE | Kevin Hoerner | | √ | Local Counsel Payments | −8,431.11 | 47,221.68 |
| Check | 06/08/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −77.00 | 47,144.68 |
| Deposit | 06/11/12 | | ADP | | √ | Payroll Tax | 36.66 | 47,181.34 |
| Check | 06/11/12 | 5152 | BTN Properties | | √ | Rent Expense | −1,300.00 | 45,881.34 |
| Check | 06/11/12 | 5210 | Paul Hansmeier | | √ | Millennium TGA | −5,000.00 | 40,881.34 |
| Check | 06/11/12 | 5215 | Tim Anderson | | √ | Filing Fees & Legal Expenses | −350.00 | 40,531.34 |
| Check | 06/12/12 | 5218 | John Steele | | √ | Rent Expense | −200.00 | 40,331.34 |
| Check | 06/14/12 | 5211 | Steven Goodhue | | √ | Filing Fees & Legal Expenses | −602.00 | 39,729.34 |
| Check | 06/15/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −68.00 | 39,661.34 |
| Deposit | 06/18/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 25,000.00 | 64,661.34 |
| Check | 06/18/12 | 5220 | Maria Campbell | | √ | Office Expenses | −145.00 | 64,516.34 |
| Check | 06/18/12 | WIRE | Under the Bridge Consulting | | √ | Payments to Old Owners | −50,000.00 | 14,516.34 |
| Check | 06/18/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −4.95 | 14,511.39 |
| Check | 06/18/12 | FEE | Chase Bank | 5 @ $25 each | √ | Wire Transfer Fee | −125.00 | 14,386.39 |
| Check | 06/20/12 | 5182 | Michael Dugas | | √ | Office Expenses | −28.16 | 14,358.23 |
| Check | 06/20/12 | 5219 | | | √ | Reimbursable Expenses | −1,000.00 | 13,358.23 |
| Check | 06/22/12 | 5150 | US Treasury | | √ | Legal & Professional Fees | −1,750.00 | 11,608.23 |
| Check | 06/22/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −6.00 | 11,602.23 |
| Check | 06/26/12 | WIRE | James Waleford | | √ | Relocation Expenses | −1,600.00 | 10,002.23 |
| Check | 06/26/12 | ELEC WD | ADP | | √ | Payroll Tax | −11,051.58 | −1,049.35 |
| Check | 06/28/12 | 5222 | Aaron Notary Services | | √ | Legal & Professional Fees | −75.00 | −1,124.35 |
| Check | 06/29/12 | ELEC WD | ADP | | √ | Payroll | −27,685.26 | −28,809.61 |
| Deposit | 07/02/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 50,000.00 | 21,190.39 |
| Check | 07/02/12 | 5137 | Seth Abrahams | | √ | Reimbursable Expenses | −82.67 | 21,107.72 |
| Check | 07/02/12 | 5138 | Seth Abrahams | | √ | Reimbursable Expenses | −82.67 | 21,025.05 |
| Check | 07/02/12 | 5149 | Nathan Wersel | | √ | Legal & Professional Fees | −1,561.34 | 19,463.71 |
| Check | 07/02/12 | 5223 | Maria Campbell | | √ | Office Expenses | −145.00 | 19,318.71 |
| Check | 07/02/12 | WIRE | Paul A. Duffy | | √ | Payments to Old Owners | −5,000.00 | 14,318.71 |
| Check | 07/02/12 | ELEC WD | ADT / Defender Security | | √ | Utilities | −48.14 | 14,270.57 |
| Deposit | 07/03/12 | | Pirates | From xx6943 | √ | Legal Fee Income | 3,777.00 | 18,047.57 |

Exhibit 1 - Motion for Indicative Ruling - 65

| Type | Date | | Num | Name | Memo | | Account | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Check | 07/03/12 | | 5228 | Paul A. Duffy | | √ | Payments to Old Owners | −4,080.00 | 13,967.57 |
| Deposit | 07/05/12 | | | Pirates | From xx6943 | √ | Legal Fee Income | 168,029.34 | 181,996.91 |
| Check | 07/05/12 | | 5147 | Madison County Circuit Clerk | | √ | Legal & Professional Fees | −431.50 | 181,565.41 |
| Check | 07/05/12 | | 5225 | Brett Gibbs | | √ | Reimbursable Expenses | −952.99 | 180,612.42 |
| Check | 07/05/12 | ELEC WD | | American Express | | √ | Credit Card Processing Fees | −391.46 | 180,220.96 |
| Check | 07/06/12 | ELEC WD | | Bluepay, Inc. | | √ | Credit Card Processing Fees | −3,002.99 | 177,217.97 |
| Check | 07/06/12 | ELEC WD | | Bluepay, Inc. | | √ | Credit Card Processing Fees | −97.23 | 177,120.74 |
| Check | 07/06/12 | ELEC WD | | Bluepay, Inc. | | √ | Credit Card Processing Fees | −20.07 | 177,100.67 |
| Check | 07/09/12 | | 5141 | Doug McIntyre | | √ | Local Counsel Payments | −1,831.00 | 175,269.67 |
| Check | 07/09/12 | | 5142 | Tim Anderson | | √ | Filing Fees & Legal Expenses | −6,325.00 | 168,944.67 |
| Check | 07/09/12 | | 5145 | Clerk of Superior Court | | √ | Legal & Professional Fees | −259.50 | 168,685.17 |
| Check | 07/09/12 | | 5214 | John Mahshie | | √ | Rent Expense | −3,100.00 | 165,585.17 |
| Check | 07/09/12 | | 5224 | Atlantic Broadband Cable | | √ | Utilities | −213.74 | 165,371.43 |
| Check | 07/09/12 | | 5226 | John Steele | | √ | Reimbursable Expenses | −210.19 | 165,161.24 |
| Check | 07/09/12 | | 5227 | Michael Dugas | | √ | Reimbursable Expenses | −37.01 | 165,124.23 |
| Check | 07/09/12 | | 5230 | Under the Bridge Consulting | | √ | Payments to Old Owners | −125,000.00 | 40,124.23 |
| Check | 07/09/12 | ELEC WD | | American Express | | √ | Credit Card Processing Fees | −3,237.41 | 36,886.82 |
| Check | 07/09/12 | ELEC WD | | American Express | | √ | Credit Card Processing Fees | −374.94 | 36,511.88 |
| Check | 07/10/12 | | 5146 | Clerk of Superior Court | | √ | Legal & Professional Fees | −257.50 | 36,254.38 |
| Check | 07/10/12 | ELEC WD | | Transfirst | | √ | Credit Card Processing Fees | −80.30 | 36,174.08 |
| Check | 07/11/12 | | 5140 | Becker, Paulson, Hoemer & Thompson, PC | | √ | Legal & Professional Fees | −4,766.67 | 31,407.41 |
| Check | 07/12/12 | | 5143 | Joseph Perea | | √ | Legal & Professional Fees | −5,000.00 | 26,407.41 |
| Check | 07/13/12 | ELEC WD | | ADP | | √ | Payroll Service Fees | −77.00 | 26,330.41 |
| Deposit | 07/16/12 | | | ADP | Refund | √ | Payroll Service Fees | 2.72 | 26,333.13 |
| Check | 07/16/12 | | 5139 | BTN Properties | | √ | Rent Expense | −1,300.00 | 25,033.13 |
| Check | 07/16/12 | FEE | | Chase Bank | Account Settlement Fee | √ | Bank Service Charges | −66.91 | 24,966.22 |
| Check | 07/17/12 | ELEC WD | | American Express | | √ | Credit Card Processing Fees | −7.95 | 24,958.27 |
| Check | 07/19/12 | | 5232 | Hennepin County Government Center | | √ | Parking Expenses | −42.00 | 24,916.27 |
| Check | 07/25/12 | WIRE | | John Steele | | √ | Payments to Old Owners | −400.00 | 24,516.27 |
| Check | 07/26/12 | FEE | | Chase Bank | Transfer to xx6240 | √ | Bank Service Charges | −50.00 | 24,466.27 |
| Check | 07/27/12 | | 5253 | Paul A. Duffy | | √ | Reimbursable Expenses | −270.00 | 24,196.27 |
| Check | 07/27/12 | WIRE | | George Banas | | √ | Local Counsel Payments | −3,150.00 | 21,046.27 |
| Check | 07/27/12 | ELEC WD | | ADP | | √ | Payroll Service Fees | −6.00 | 21,040.27 |
| Deposit | 07/30/12 | | | Pirates | | √ | Lockbox receipt | 3,400.00 | 24,440.27 |
| Check | 07/30/12 | | 5231 | Paul A. Duffy | | √ | Reimbursable Expenses | −567.00 | 23,873.27 |
| Check | 07/30/12 | | 5254 | Matt Jenkins | | √ | Reimbursable Expenses | −107.00 | 23,766.27 |
| Check | 07/30/12 | | 5255 | Matt Jenkins | | √ | Reimbursable Expenses | −107.00 | 23,659.27 |
| Deposit | 07/31/12 | | | Pirates | From xx6943 | √ | Legal Fee Income | 117,612.32 | 141,271.59 |
| Check | 07/31/12 | | 5259 | FPL | | √ | Utilities | −119.19 | 141,152.40 |
| Check | 08/01/12 | | 5256 | Clerk of Courts Miami–Dade County | | √ | Legal & Professional Fees | −2.50 | 141,149.90 |
| Check | 08/01/12 | WIRE | | Under the Bridge Consulting | | √ | Payments to Old Owners | −81,000.00 | 60,149.90 |
| Check | 08/01/12 | WIRE | | 3200 Network Place | | √ | Rent Expense | −2,250.00 | 57,899.90 |
| Check | 08/01/12 | ELEC WD | | ADP | | √ | Payroll | −31,436.20 | 26,463.70 |
| Check | 08/01/12 | ELEC WD | | ADP | | √ | Payroll Tax | −9,185.52 | 17,278.18 |
| Check | 08/01/12 | ELEC WD | | ADP | | √ | Payroll Tax | −1,290.72 | 15,987.46 |
| Check | 08/01/12 | ELEC WD | | ADT / Defender Security | | √ | Utilities | −48.14 | 15,939.32 |
| Deposit | 08/02/12 | | | Pirates | | √ | From Account xx6240 | 2,500.00 | 18,439.32 |
| Check | 08/02/12 | | 5264 | Joseph Perea | | √ | Legal & Professional Fees | −2,500.00 | 15,939.32 |
| Check | 08/02/12 | | 10000 | James Waleford | | √ | James Waleford | −2,215.83 | 13,723.49 |
| Deposit | 08/03/12 | | | Pirates | | √ | From Account xx6240 | 50.00 | 13,773.49 |
| Check | 08/03/12 | | 5248 | Los Angeles Superior Court | | √ | Legal & Professional Fees | −435.00 | 13,338.49 |
| Check | 08/03/12 | | 5260 | PACER Service Center | | √ | Dues and Subscriptions | −519.40 | 12,819.09 |
| Deposit | 08/06/12 | | | Pirates | | √ | Lockbox receipt | 2,000.00 | 14,819.09 |
| Check | 08/06/12 | | 5234 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 14,469.09 |
| Check | 08/06/12 | | 5235 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 14,119.09 |
| Check | 08/06/12 | | 5236 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 13,769.09 |
| Check | 08/06/12 | | 5237 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 13,419.09 |
| Check | 08/06/12 | | 5238 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 13,069.09 |
| Check | 08/06/12 | | 5239 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 12,719.09 |
| Check | 08/06/12 | | 5240 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 12,369.09 |
| Check | 08/06/12 | | 5241 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 12,019.09 |
| Check | 08/06/12 | | 5242 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 11,669.09 |
| Check | 08/06/12 | | 5243 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 11,319.09 |
| Check | 08/06/12 | | 5244 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 10,969.09 |
| Check | 08/06/12 | | 5245 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 10,619.09 |
| Check | 08/06/12 | | 5246 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 10,269.09 |
| Check | 08/06/12 | | 5247 | Clerk, US District Court | | √ | Legal & Professional Fees | −350.00 | 9,919.09 |
| Check | 08/06/12 | | 5257 | Atlantic Broadband Cable | | √ | Utilities | −222.02 | 9,697.07 |
| Check | 08/06/12 | | 5258 | City of Miami Beach | | √ | Utilities | −96.00 | 9,601.07 |
| Check | 08/06/12 | | 5267 | Maria Campbell | | √ | Office Expenses | −205.00 | 9,396.07 |
| Check | 08/06/12 | ELEC WD | | American Express | | √ | Credit Card Processing Fees | −200.05 | 9,196.02 |
| Check | 08/07/12 | | 5261 | Brett Gibbs | | √ | –SPLIT– | −658.47 | 8,537.55 |
| Check | 08/07/12 | | 5265 | Curtis Hussey | | √ | Filing Fees & Legal Expenses | −1,830.59 | 6,706.96 |
| Check | 08/08/12 | | 5262 | John Mahshie | | √ | Rent Expense | −3,500.00 | 3,206.96 |
| Check | 08/08/12 | ELEC WD | | Bluepay, Inc. | | √ | Credit Card Processing Fees | −14.26 | 3,192.70 |
| Check | 08/09/12 | | 5263 | John Steele | | √ | Meals and Entertainment | −900.00 | 2,292.70 |
| Check | 08/09/12 | | 5266 | John Heida | | √ | Legal & Professional Fees | −35.00 | 2,257.70 |
| Deposit | 08/10/12 | | | Pirates | | √ | Lockbox receipt | 6,800.00 | 9,057.70 |
| Deposit | 08/10/12 | | | Pirates | From xx6943 | √ | Legal Fee Income | 20,000.00 | 29,057.70 |
| Check | 08/10/12 | | 5250 | Nathan Wersel | | √ | Legal & Professional Fees | −4,267.29 | 24,790.41 |
| Check | 08/10/12 | | 5268 | Kevin Hoerner | | √ | Local Counsel Payments | −916.65 | 23,873.76 |
| Check | 08/10/12 | ELEC WD | | Chase Bank | | √ | Transfer to xx6240 | −8,800.00 | 15,073.76 |
| Check | 08/10/12 | ELEC WD | | Transfirst | | √ | Credit Card Processing Fees | −1,069.51 | 14,004.25 |
| Check | 08/10/12 | ELEC WD | | ADP | | √ | Payroll Service Fees | −142.75 | 13,861.50 |
| Deposit | 08/13/12 | | | Pirates | | √ | Lockbox receipt | 5,800.00 | 19,661.50 |
| Check | 08/13/12 | | 5233 | Interim Partners, LLC | | √ | Rent Expense | −2,100.00 | 17,561.50 |
| Check | 08/13/12 | | 5269 | BTN Properties | | √ | Rent Expense | −1,300.00 | 16,261.50 |
| Check | 08/13/12 | ELEC WD | | Bank of America | | √ | Travel Expense | −650.00 | 15,611.50 |
| Check | 08/13/12 | ELEC WD | | Bluepay, Inc. | | √ | Credit Card Processing Fees | −469.47 | 15,142.03 |
| Check | 08/13/12 | ELEC WD | | Bluepay, Inc. | | √ | Credit Card Processing Fees | −83.23 | 15,058.80 |
| Check | 08/13/12 | ELEC WD | | Pirates | | √ | NSF check returned | −3,400.00 | 11,658.80 |
| Deposit | 08/14/12 | | | Pirates | | √ | Lockbox receipt | 8,700.00 | 20,358.80 |
| Check | 08/14/12 | ELEC WD | | Chase Bank | | √ | Transfer to xx6240 | −8,700.00 | 11,658.80 |
| Check | 08/15/12 | ELEC WD | | American Express | | √ | Credit Card Processing Fees | −11,416.15 | 242.65 |
| Check | 08/15/12 | FEE | | Chase Bank | Account analysis fee | √ | Bank Service Charges | −255.42 | −12.77 |

Exhibit 1 - Motion for Indicative Ruling - 66

| Type | Date | | Num | Payee | Memo | ✓ | Category | Amount | Balance |
|---|---|---|---|---|---|---|---|---|---|
| Deposit | 08/16/12 | | | Pirates | From xx6943 | ✓ | Legal Fee Income | 6,420.50 | 6,407.73 |
| Check | 08/16/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –7.95 | 6,399.78 |
| Deposit | 08/20/12 | | | Pirates | | ✓ | Lockbox receipt | 6,640.00 | 13,039.78 |
| Check | 08/20/12 | | 5282 | Jacques Nazaire | | ✓ | Filing Fees & Legal Expenses | –1,125.00 | 11,914.78 |
| Check | 08/20/12 | | 5283 | Curtis Hussey | | ✓ | Filing Fees & Legal Expenses | –435.00 | 11,479.78 |
| Check | 08/20/12 | | 5284 | Sacramento Bee | | ✓ | Dues and Subscriptions | –7.25 | 11,472.53 |
| Check | 08/20/12 | | 5285 | Maria Campbell | | ✓ | Office Expenses | –145.00 | 11,327.53 |
| Deposit | 08/21/12 | | | Pirates | | ✓ | Lockbox receipt | 500.00 | 11,827.53 |
| Check | 08/22/12 | | 5280 | Brett Gibbs | | ✓ | Legal & Professional Fees | –1,000.00 | 10,827.53 |
| Check | 08/22/12 | | 5286 | Ricardo Pontillo | | ✓ | Rent Expense | –700.00 | 10,127.53 |
| Check | 08/23/12 | | 5249 | District Court Administration | | ✓ | Legal & Professional Fees | –422.00 | 9,705.53 |
| Check | 08/23/12 | ELEC WD | | Citibank | | ✓ | Travel Expense | –3,973.56 | 5,731.97 |
| Check | 08/23/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –1,729.23 | 4,002.74 |
| Check | 08/23/12 | ELEC WD | | Pirates | | ✓ | NSF check returned | –1,200.00 | 2,802.74 |
| Deposit | 08/24/12 | | | Pirates | | ✓ | Lockbox receipt | 4,200.00 | 7,002.74 |
| Deposit | 08/24/12 | | | Pirates | | ✓ | From Account xx6240 | 50,000.00 | 57,002.74 |
| Check | 08/24/12 | WIRE | | John Steele | | ✓ | Payments to Old Owners | –300.00 | 56,702.74 |
| Deposit | 08/27/12 | | | Pirates | | ✓ | Lockbox receipt | 3,400.00 | 60,102.74 |
| Check | 08/28/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –5,000.00 | 55,102.74 |
| Deposit | 08/29/12 | | | Pirates | | ✓ | Lockbox receipt | 1,800.00 | 56,902.74 |
| Check | 08/29/12 | | 5281 | Steven Goodhue | | ✓ | Filing Fees & Legal Expenses | –675.00 | 56,227.74 |
| Deposit | 08/30/12 | | | Pirates | | ✓ | Lockbox receipt | 3,600.00 | 59,827.74 |
| Deposit | 08/30/12 | | | Pirates | | ✓ | From Account xx6240 | 50,000.00 | 109,827.74 |
| Check | 08/30/12 | ELEC WD | | Chase Bank | | ✓ | Transfer to xx6240 | –20,140.00 | 89,687.74 |
| Check | 08/30/12 | WIRE | | Paul A. Duffy | | ✓ | Payments to Old Owners | –8,769.56 | 80,918.18 |
| Check | 08/30/12 | WIRE | | John Steele | | ✓ | Payments to Old Owners | –13,779.33 | 67,138.85 |
| Check | 08/30/12 | ELEC WD | | ADP | | ✓ | Payroll | –20,658.98 | 46,479.87 |
| Check | 08/30/12 | ELEC WD | | ADP | | ✓ | Payroll Tax | –4,248.83 | 42,231.04 |
| Check | 08/31/12 | | 5293 | James Waleford | | ✓ | James Waleford | –2,533.33 | 39,697.71 |
| Check | 08/31/12 | ELEC WD | | ADP | | ✓ | Payroll Tax | –39.00 | 39,658.71 |
| Check | 08/31/12 | ELEC WD | | ADP | | ✓ | Payroll Service Fees | –6.00 | 39,652.71 |
| Deposit | 09/04/12 | | | Pirates | | ✓ | From Account xx6240 | 97,589.57 | 137,242.28 |
| Check | 09/04/12 | | 5251 | Northshore Process Servers | Lightspeed v. Tom Berry | ✓ | Process Server Fees | –85.00 | 137,157.28 |
| Check | 09/04/12 | | 5287 | Brett Gibbs | | ✓ | Reimbursable Expenses | –14,685.42 | 122,471.86 |
| Check | 09/04/12 | | 5292 | Brett Gibbs | Karl reimbursement | ✓ | Reimbursable Expenses | –1,633.33 | 120,838.53 |
| Check | 09/04/12 | WIRE | | Under the Bridge Consulting | | ✓ | Payments to Old Owners | –10,000.00 | 110,838.53 |
| Check | 09/04/12 | WIRE | | Under the Bridge Consulting | | ✓ | Payments to Old Owners | –5,000.00 | 105,838.53 |
| Check | 09/04/12 | ELEC WD | | ADT / Defender Security | | ✓ | Utilities | –48.14 | 105,790.39 |
| Check | 09/05/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –653.10 | 105,137.29 |
| Check | 09/05/12 | ELEC WD | | Pirates | | ✓ | NSF check returned | –3,400.00 | 101,737.29 |
| Check | 09/06/12 | WIRE | | Under the Bridge Consulting | | ✓ | Payments to Old Owners | –100,000.00 | 1,737.29 |
| Check | 09/06/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –1.30 | 1,735.99 |
| Check | 09/06/12 | | 5291 | Camino Alto Properties | | ✓ | Rent Expense | –1,095.00 | 640.99 |
| Deposit | 09/07/12 | | | Pirates | From xx6943 | ✓ | Legal Fee Income | 17,342.00 | 17,982.99 |
| Check | 09/07/12 | WIRE | | Amata | | ✓ | Payments to Old Owners | –4,800.00 | 13,182.99 |
| Check | 09/07/12 | WIRE | | John Steele | | ✓ | Ask My Accountant | –3,900.00 | 9,282.99 |
| Check | 09/07/12 | ELEC WD | | Bluepay, Inc. | | ✓ | Credit Card Processing Fees | –3,130.20 | 6,152.79 |
| Check | 09/07/12 | ELEC WD | | Bluepay, Inc. | | ✓ | Credit Card Processing Fees | –116.62 | 6,036.17 |
| Check | 09/07/12 | ELEC WD | | ADP | | ✓ | Payroll Service Fees | –87.75 | 5,948.42 |
| Check | 09/10/12 | | 5272 | Nathan Wersel | | ✓ | Legal & Professional Fees | –3,500.00 | 2,448.42 |
| Check | 09/10/12 | ELEC WD | | Transfirst | | ✓ | Credit Card Processing Fees | –45.32 | 2,403.10 |
| Check | 09/11/12 | | 5294 | Steven Goodhue | | ✓ | Filing Fees & Legal Expenses | –675.00 | 1,728.10 |
| Check | 09/11/12 | ELEC WD | | Bluepay, Inc. | | ✓ | Credit Card Processing Fees | –39.68 | 1,688.42 |
| Check | 09/12/12 | WIRE | | John Steele | | ✓ | Reimbursable Expenses | –747.00 | 941.42 |
| Check | 09/13/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –44.94 | 896.48 |
| Deposit | 09/14/12 | | | Pirates | | ✓ | Legal Fee Income | 3,947.00 | 4,843.48 |
| Check | 09/14/12 | ELEC WD | | Pirates | | ✓ | Deposit research | –3,400.00 | 1,443.48 |
| Deposit | 09/17/12 | | | Pirates | | ✓ | From Account xx6240 | 13,210.00 | 14,653.48 |
| Deposit | 09/17/12 | | | Pirates | | ✓ | From Account xx6240 | 25,000.00 | 39,653.48 |
| Check | 09/17/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –9,355.35 | 30,298.13 |
| Check | 09/17/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –7.95 | 30,290.18 |
| Check | 09/17/12 | FEE | | Chase Bank | Account settlement charge | ✓ | Bank Service Charges | –288.19 | 30,001.99 |
| Check | 09/26/12 | | 5290 | Hester Services, Inc. | | ✓ | Process Server Fees | –5.00 | 29,996.99 |
| Check | 09/27/12 | WIRE | | Pirates | | ✓ | To FifthThird Operating | –4,000.00 | 25,996.99 |
| Check | 09/28/12 | ELEC WD | | ADP | | ✓ | Payroll Tax | –4,476.97 | 21,520.02 |
| Check | 09/28/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –1,000.00 | 20,520.02 |
| Check | 09/28/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –1,000.00 | 19,520.02 |
| Check | 09/28/12 | ELEC WD | | CNA Insurance | | ✓ | Insurance Expense | –498.21 | 19,021.81 |
| Check | 09/28/12 | ELEC WD | | ADP | | ✓ | Payroll Service Fees | –6.00 | 19,015.81 |
| Check | 10/01/12 | WIRE | | John Steele | | ✓ | Payments to Old Owners | –300.00 | 18,715.81 |
| Check | 10/01/12 | ELEC WD | | ADP | | ✓ | Payroll | –14,219.67 | 4,496.14 |
| Check | 10/01/12 | ELEC WD | | Citibank | | ✓ | Travel Expense | –1,993.92 | 2,502.22 |
| Check | 10/01/12 | ELEC WD | | Pirates | Deposit proc 2x on 8/10/12 | ✓ | Legal Fee Income | –2,000.00 | 502.22 |
| Check | 10/02/12 | ELEC WD | | ADT / Defender Security | | ✓ | Utilities | –48.14 | 454.08 |
| Check | 10/02/12 | ELEC WD | | ADP | | ✓ | Payroll Service Fees | –41.00 | 413.08 |
| Check | 10/03/12 | | 5275 | Michael Dugas | Filing fees | ✓ | Reimbursable Expenses | –210.00 | 203.08 |
| Check | 10/03/12 | | 5296 | Michael Dugas | Filing fees | ✓ | Reimbursable Expenses | –104.40 | 98.68 |
| Deposit | 10/04/12 | | | Pirates | | ✓ | From Account xx6240 | 93,764.72 | 93,863.40 |
| Check | 10/04/12 | WIRE | | Under the Bridge Consulting | | ✓ | Payments to Old Owners | –50,000.00 | 43,863.40 |
| Deposit | 10/05/12 | | | Pirates | | ✓ | From Account xx6943 | 14,350.00 | 58,213.40 |
| Check | 10/05/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –31,130.73 | 27,082.67 |
| Check | 10/05/12 | ELEC WD | | ADP | | ✓ | Payroll Tax | –9,895.00 | 17,187.67 |
| Check | 10/05/12 | ELEC WD | | ULC of Chicago | | ✓ | Dues and Subscriptions | –1,133.22 | 16,054.45 |
| Check | 10/05/12 | ELEC WD | | American Express | | ✓ | Credit Card Processing Fees | –447.23 | 15,607.22 |
| Check | 10/09/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –6,275.77 | 9,331.45 |
| Check | 10/09/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –5,227.22 | 4,104.23 |
| Check | 10/09/12 | ELEC WD | | Bluepay, Inc. | | ✓ | Credit Card Processing Fees | –7.01 | 4,097.22 |
| Check | 10/10/12 | | 5295 | Clerk of Superior Court | Lightspeed v Williams | ✓ | Legal & Professional Fees | –257.00 | 3,840.22 |
| Check | 10/10/12 | ELEC WD | | Transfirst | | ✓ | Credit Card Processing Fees | –32.00 | 3,808.22 |
| Check | 10/11/12 | ELEC WD | | Bluepay, Inc. | | ✓ | Credit Card Processing Fees | –2,323.57 | 1,484.65 |
| Check | 10/11/12 | ELEC WD | | Bluepay, Inc. | | ✓ | Credit Card Processing Fees | –63.21 | 1,421.44 |
| Check | 10/12/12 | ELEC WD | | ADP | | ✓ | Payroll Service Fees | –149.00 | 1,272.44 |
| Deposit | 10/15/12 | | | Pirates | | ✓ | From Account xx6240 | 4,000.00 | 5,272.44 |
| Check | 10/15/12 | ELEC WD | | Bank of America | | ✓ | Travel Expense | –4,000.00 | 1,272.44 |
| Check | 10/15/12 | FEE | | Chase Bank | Account settlement charge | ✓ | Bank Service Charges | –276.37 | 996.07 |

Exhibit 1 - Motion for Indicative Ruling - 67

| Type | Date | Num | Name | Memo | | Category | Amount | Balance |
|------|------|-----|------|------|---|----------|--------|---------|
| Check | 10/16/12 | 5169 | Samuel Teitelbaum | | √ | Reimbursable Expenses | −55.00 | 941.07 |
| Check | 10/16/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −7.95 | 933.12 |
| Check | 10/17/12 | WIRE | John Steele | | √ | Payments to Old Owners | −300.00 | 633.12 |
| Check | 10/17/12 | ELEC WD | American Express | | √ | Credit Card Processing Fees | −5,581.17 | −4,948.05 |
| Deposit | 10/18/12 | | Pirates | | √ | From Account xx6943 | 10,000.00 | 5,051.95 |
| Check | 10/19/12 | 5277 | Peter Hansmeier | Arte / Mullen case | √ | Reimbursable Expenses | −292.00 | 4,759.95 |
| Check | 10/19/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −13.00 | 4,746.95 |
| Check | 10/25/12 | 5278 | Clerk of Court | | √ | Legal & Professional Fees | −3,150.00 | 1,596.95 |
| Check | 10/25/12 | 5289 | Charter Communications | | √ | Legal & Professional Fees | −14.95 | 1,582.00 |
| Check | 10/26/12 | 5276 | Federal Process Servers | AF Holdings v Drew | √ | Process Server Fees | −50.00 | 1,532.00 |
| Check | 10/26/12 | ELEC WD | Bank of America | | √ | Travel Expense | −100.00 | 1,432.00 |
| Check | 10/26/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −6.00 | 1,426.00 |
| Total Chase Bank OPERATING xx6927 | | | | | | | 1,426.00 | 1,426.00 |
| | | | | | | | | |
| | | | | | | | | |
| 53 OPERATING xx7365 | | | | | | | | 0.00 |
| Deposit | 09/28/12 | | | Account Opening Balance | √ | Opening Balance Equity | 4,000.00 | 4,000.00 |
| Check | 09/28/12 | 2 | James Waleford | | √ | James Waleford | −2,333.33 | 1,666.67 |
| Check | 09/28/12 | 5 | Kathleen Momot | | √ | Kathleen Momot | −1,813.73 | −147.06 |
| Deposit | 09/28/12 | | | Deposit | √ | Transfer from JLS | 1,000.00 | 852.94 |
| Check | 10/11/12 | FEE | Fifth Third Bank | | √ | Bank Service Charges | −183.68 | 669.26 |
| Check | 10/18/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −5.00 | 664.26 |
| Check | 10/18/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −422.00 | 242.26 |
| Deposit | 10/18/12 | | | | √ | From Account xx7293 | 15,000.00 | 15,242.26 |
| Check | 10/23/12 | ELEC WD | Gateway Services | | √ | Credit Card Processing Fees | −109.60 | 15,132.66 |
| Check | 10/26/12 | ELEC WD | Deluxe Business Products | Check Printing | √ | Office Expenses | −379.48 | 14,753.18 |
| Check | 10/29/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −5.00 | 14,748.18 |
| Check | 10/29/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −100.00 | 14,648.18 |
| Check | 11/01/12 | 1001 | Aldenta Technologies | Invoice # 080482 | √ | Legal & Professional Fees | −5,750.00 | 8,898.18 |
| Check | 11/01/12 | 1002 | Global Connect | Contract # 79314 | √ | Utilities | −127.04 | 8,771.14 |
| Check | 11/01/12 | 1003 | PACER Service Center | Account SH6174 – Quarterly Dues | √ | Dues and Subscriptions | −213.50 | 8,557.64 |
| Check | 11/01/12 | 1004 | ConService | Account # 12830836 | √ | Utilities | −41.78 | 8,515.86 |
| Check | 11/01/12 | 1005 | ConService | Account # 12839811 | √ | Utilities | −34.78 | 8,481.08 |
| Check | 11/01/12 | 1006 | NV Energy | Acct # 30002963787140222233 | √ | Utilities | −68.68 | 8,412.40 |
| Check | 11/02/12 | 1007 | Delaware Attorney Services | | √ | Process Server Fees | −117.80 | 8,294.60 |
| Check | 11/02/12 | 1009 | James Waleford | October, 2012 Payroll | √ | James Waleford | −2,333.33 | 5,961.27 |
| Check | 11/02/12 | 1010 | Alison Perelman | October, 2012 Payroll | √ | Alison Perelman | −1,848.04 | 4,113.27 |
| Check | 11/02/12 | 1011 | Kathleen Momot | October, 2012 Payroll | √ | Kathleen Momot | −2,916.67 | 1,196.60 |
| Check | 11/03/12 | 1075 | Brett Gibbs | Correction to 10/2012 | √ | –SPLIT– | −720.00 | 476.60 |
| Check | 11/06/12 | ELEC WD | Gateway Services | | √ | Credit Card Processing Fees | −20.00 | 456.60 |
| Check | 11/06/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −5.00 | 451.60 |
| Check | 11/07/12 | 1012 | Tim Anderson | 10/12 Cases | √ | Commission | −4,425.00 | −3,973.40 |
| Check | 11/07/12 | 1013 | Brett Gibbs | | √ | Legal & Professional Fees | −6,408.00 | −10,381.40 |
| Check | 11/07/12 | 1071 | Cox Communications, Inc. (Utility) | Account # 001–8610–102462521 | √ | Utilities | −171.53 | −10,552.93 |
| Check | 11/07/12 | 1072 | Steven Goodhue | Reimbursement | √ | Filing Fees & Legal Expenses | −6,000.00 | −16,552.93 |
| Check | 11/07/12 | 1073 | Steven Goodhue | Reimbursement | √ | Filing Fees & Legal Expenses | −6,000.00 | −22,552.93 |
| Check | 11/07/12 | 1074 | Postmaster – Las Vegas, NV | | √ | –SPLIT– | −22.44 | −22,575.37 |
| Check | 11/07/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −100.00 | −22,675.37 |
| Deposit | 11/07/12 | | Pirates | From Old Operating account | √ | From Account xx6927 | 78,752.66 | 56,077.29 |
| Check | 11/09/12 | 1076 | Pearl Insurance | ID # 1–16KNKV | √ | Insurance Expense | −3,467.43 | 52,609.86 |
| Check | 11/09/12 | ELEC WD | Vox Telesys, LLC | | √ | Utilities | −25.00 | 52,584.86 |
| Check | 11/13/12 | 1078 | ADP | | √ | Payroll Service Fees | −68.30 | 52,516.56 |
| Check | 11/13/12 | 1079 | Jonathan Wells Tappan | Reimb. AF Holdings v Burnell – 1:12–cv–01256 | √ | Filing Fees & Legal Expenses | −350.00 | 52,166.56 |
| Check | 11/13/12 | 1080 | Curtis Hussey | October, 2012 Cases | √ | –SPLIT– | −4,634.00 | 47,532.56 |
| Check | 11/13/12 | 1081 | MetroCast | Matter Nos. 0009, 0010 & 0011 | √ | –SPLIT– | −1,500.00 | 46,032.56 |
| Check | 11/13/12 | 1070 | Special Delivery Process Servers | AF Holdings v Roeum Hean 12–cv–1449 MN | √ | Process Server Fees | −65.00 | 45,967.56 |
| Check | 11/13/12 | 1014 | Cherokee County Sheriff's Office | LS v Daniel Terry 12–cv–2526–EM GA Case | √ | Legal & Professional Fees | −50.00 | 45,917.56 |
| Check | 11/13/12 | ELEC WD | Amazon.Com | | √ | Office Expenses | −176.98 | 45,740.58 |
| Check | 11/13/12 | ELEC WD | Bank of America | | √ | Travel Expense | −1,563.73 | 44,176.85 |
| Check | 11/13/12 | FEE | Fifth Third Bank | | √ | Bank Service Charges | −504.00 | 43,672.85 |
| Check | 11/14/12 | 1082 | Paul A. Duffy | Reimbursement for filing fee | √ | Reimbursable Expenses | −350.00 | 43,322.85 |
| Check | 11/14/12 | ELEC WD | American Express | | √ | Meals and Entertainment | −18,291.37 | 25,031.48 |
| Check | 11/16/12 | 1015 | Colquitt County Sheriff's Office | 12–cv–0952 | √ | Process Server Fees | −50.00 | 24,981.48 |
| Check | 11/19/12 | 1016 | Terry Botts | Process Service AF Holdings v Steven Stahls (12–1189) TN Case | √ | Process Server Fees | −80.00 | 24,901.48 |
| Check | 11/19/12 | 1083 | Cox Communications, Inc. (Utility) | Account # 001–8610–102462521 | √ | Utilities | −200.00 | 24,701.48 |
| Check | 11/21/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −68.00 | 24,633.48 |
| Check | 11/23/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −100.00 | 24,533.48 |
| Check | 11/23/12 | ELEC WD | MN Court | Online filing fee | √ | Legal & Professional Fees | −8.00 | 24,525.48 |
| Check | 11/25/12 | ELEC WD | Cox Communications, Inc. (Utility) | Account # 001–8610–120593001 | √ | Utilities | −353.44 | 24,173.04 |
| Check | 11/28/12 | 1084 | Daniel Ruggiero | Postage & Supplies Reimbursement | √ | Filing Fees & Legal Expenses | −400.00 | 23,773.04 |
| Check | 11/28/12 | 1085 | Sam Trenchi | 2 Tennessee Cases / Filing Fees | √ | –SPLIT– | −700.00 | 23,073.04 |
| Check | 11/28/12 | 1086 | Steven Goodhue | 11/2012 Expenses | √ | –SPLIT– | −1,112.00 | 21,961.04 |
| Check | 11/28/12 | 1087 | Michael Dugas | 11/2012 Expense Reimbursement | √ | Parking Expenses | −8.00 | 21,953.04 |
| Check | 11/30/12 | 1091 | Alison Perelman | November, 2012 Payroll | √ | Alison Perelman | −1,752.00 | 20,201.04 |
| Check | 11/30/12 | 1088 | James Waleford | November, 2012 payroll (partial) | √ | –SPLIT– | −2,000.00 | 18,201.04 |
| Check | 11/30/12 | 1090 | James Waleford | November, 2012 payroll (partial) | √ | –SPLIT– | −690.33 | 17,510.71 |
| Check | 11/30/12 | 1092 | Kathleen Momot | November, 2012 payroll (partial) | √ | –SPLIT– | −2,100.00 | 15,410.71 |
| Check | 11/30/12 | 1093 | Kathleen Momot | November, 2012 payroll (partial) | √ | –SPLIT– | −816.67 | 14,594.04 |
| Check | 11/30/12 | 1095 | James Waleford | November, 2012 payroll (partial) | √ | –SPLIT– | −643.00 | 13,951.04 |
| Check | 11/30/12 | 1018 | Rush Process Service | AF Holdings v Brad Delay | √ | AF Holdings | −56.00 | 13,895.04 |
| Check | 11/30/12 | 1017 | Clerk, US District Court | Guava LLC v Tony Ly | √ | Guava, LLC | −350.00 | 13,545.04 |
| Check | 11/30/12 | ELEC WD | ADP | | √ | Payroll Service Fees | −6.00 | 13,539.04 |
| Check | 12/03/12 | 1096 | Elite Process Serving, Inc. | | √ | –SPLIT– | −130.00 | 13,409.04 |
| Check | 12/03/12 | 1097 | Elite Process Serving, Inc. | | √ | –SPLIT– | −350.00 | 13,059.04 |
| Check | 12/03/12 | 1098 | Alan Greenstein | | √ | Filing Fees & Legal Expenses | −200.00 | 12,859.04 |
| Check | 12/03/12 | 1099 | Tim Anderson | 11/12 Cases & Expenses | √ | –SPLIT– | −1,920.00 | 10,939.04 |
| Check | 12/03/12 | 1100 | Intercen Partners, LLC | Oracle Center Suite 0560 – 12/2012 Rent | √ | –SPLIT– | −2,082.76 | 8,856.28 |
| Check | 12/03/12 | 1101 | Verizon Wireless | Account # 987358435–00001 | √ | Utilities | −144.33 | 8,711.95 |
| Check | 12/04/12 | 1102 | Jonathan Wells Tappan | Nov. 2012 Commission | √ | Commission | −375.00 | 8,336.95 |
| Check | 12/04/12 | ELEC WD | NV Energy | # 1109 Electricity | √ | Utilities | −335.88 | 8,001.07 |
| Check | 12/04/12 | 1103 | ConService | Account # 12839811 | √ | Utilities | −33.77 | 7,967.30 |
| Check | 12/04/12 | 1104 | Brett Gibbs | November, 2012 Admin Expenses | √ | Reimbursable Expenses | −5,250.48 | 2,716.82 |
| Check | 12/04/12 | 1106 | Brett Gibbs | November, 2012 Comm. $30,400 @ 4% | √ | Legal & Professional Fees | −1,216.00 | 1,500.82 |

Exhibit 1 - Motion for Indicative Ruling - 68

| Type | Date | Num | Name | Memo | Clr | Account | Amount | Balance |
|---|---|---|---|---|---|---|---|---|
| Check | 12/04/12 | WIRE | Duffy Law Group | November, 2012 | ✓ | Payments to Old Owners | –10,000.00 | –8,499.18 |
| Deposit | 12/04/12 | | Pirates | | ✓ | Legal Fee Income | 49,628.42 | 41,129.24 |
| Check | 12/05/12 | 1107 | Jonathan Wells Tappan | Nov. 2012 Commission (Corrected) | | Filing Fees & Legal Expenses | –375.00 | 40,754.24 |
| Check | 12/05/12 | ELEC WD | Allen–Hope & Associates | | | Process Server Fees | –116.81 | 40,637.43 |
| Check | 12/05/12 | 1019 | Sirh–Ryun Wi Dugas | | | Sirh–Ryun Wi Dugas | –3,300.00 | 37,337.43 |
| Check | 12/05/12 | ELEC WD | ADP | | | Payroll Tax | –4,369.83 | 32,967.60 |
| Check | 12/05/12 | ELEC WD | ADP | | | Payroll | –9,624.67 | 23,342.93 |
| Check | 12/06/12 | 1108 | Legal Process of Minnesota, LLC | Acct. # Mooney – 10/10/12 Invoice | | Process Server Fees | –95.00 | 23,247.93 |
| Check | 12/06/12 | 1109 | Sam Trenchi | 2 Tennessee Cases / Process Server Fees | | –SPLIT– | –100.00 | 23,147.93 |
| Check | 12/06/12 | ELEC WD | Gateway Services | | | Credit Card Processing Fees | –20.00 | 23,127.93 |
| Check | 12/06/12 | ELEC WD | Bluepay, Inc. | | | Credit Card Processing Fees | –15.60 | 23,112.33 |
| Check | 12/06/12 | ELEC WD | Bill Matrix | | | Credit Card Processing Fees | –3.50 | 23,108.83 |
| Check | 12/06/12 | WIRE | Kynes, Markman & Felman, PA | 12/7/12 Invoice | | Legal & Professional Fees | –15,000.00 | 8,108.83 |
| Check | 12/07/12 | 1110 | Benjamin C. Debney, LLC | 12/7/12 Invoice | | Legal & Professional Fees | –810.00 | 7,298.83 |
| Check | 12/07/12 | 1112 | Kathleen Momot | Reimb Office Expenses Paid | | –SPLIT– | –65.26 | 7,233.57 |
| Check | 12/07/12 | ELEC WD | Bluepay, Inc. | | | Credit Card Processing Fees | –82.30 | 7,151.27 |
| Check | 12/07/12 | ELEC WD | Bluepay, Inc. | | | Credit Card Processing Fees | –1,457.63 | 5,693.64 |
| General Journal | 12/07/12 | | Pirates | Transfer from IOLTA | | Legal Fee Income | 14,118.34 | 19,811.98 |
| Check | 12/11/12 | 1116 | Shelterpoint Equities, Ltd | Security Deposit | | Rent Expense | –2,638.60 | 17,173.38 |
| Check | 12/11/12 | 1114 | Shelterpoint Equities, Ltd | 1st Month Rent | | Rent Expense | –1,753.00 | 15,420.38 |
| Check | 12/11/12 | 1115 | Postmaster – Las Vegas, NV | Overnite envelope to Brett Gibbs | | Postage and Delivery | –18.95 | 15,401.43 |
| Check | 12/11/12 | ELEC WD | MN Court | Online filing fee | | Legal & Professional Fees | –8.00 | 15,393.43 |
| Check | 12/11/12 | ELEC WD | MN Court | Online filing fee | | Legal & Professional Fees | –100.00 | 15,293.43 |
| Check | 12/11/12 | 1111 | NV Energy | | | Utilities | –300.00 | 14,993.43 |
| Check | 12/11/12 | ELEC WD | Bluepay, Inc. | | | Credit Card Processing Fees | –129.00 | 14,864.43 |
| Check | 12/11/12 | WIRE | Under the Bridge Consulting | | | Payments to Old Owners | –10,000.00 | 4,864.43 |
| Check | 12/12/12 | ELEC WD | Fifth Third Bank | | | Bank Service Charges | –415.63 | 4,448.80 |
| Check | 12/12/12 | ELEC WD | American Express | | | Meals and Entertainment | –751.48 | 3,697.32 |
| Check | 12/13/12 | 1119 | Brett Gibbs | December, 2012 Payroll | | Legal & Professional Fees | –7,000.00 | –3,302.68 |
| Check | 12/13/12 | 1120 | Postmaster – Las Vegas, NV | Overnite envelope to Brett Gibbs | | Postage and Delivery | –18.95 | –3,321.63 |
| Deposit | 12/13/12 | TRANS | Merkel Pirates | Deposit | | –SPLIT– | 4,800.00 | 1,478.37 |
| Check | 12/14/12 | 1121 | ALCAN Printer Supplies & Repair | HP P1102w cartridges | | Office Expenses | –162.15 | 1,316.22 |
| Check | 12/14/12 | 1122 | Steven Goodhue | 12/2012 Legal Services | | Commission | –1,500.00 | –183.78 |
| Check | 12/14/12 | ELEC WD | ADP | | | Payroll Service Fees | –81.00 | –264.78 |
| Check | 12/14/12 | ELEC WD | MN Court | Online filing fee | | Legal & Professional Fees | –3.00 | –267.78 |
| General Journal | 12/17/12 | TRANS | Merkel Pirates | 173.30.103.97 | | Merkel–Guava Case | 1,900.00 | 1,632.22 |
| Check | 12/17/12 | 1124 | ConService | Water, etc. LV | | –SPLIT– | –108.13 | 1,524.09 |
| Check | 12/17/12 | ELEC WD | MN Court | Online filing fee | | Legal & Professional Fees | –8.00 | 1,516.09 |
| Check | 12/17/12 | ELEC WD | MN Court | Online filing fee | | Legal & Professional Fees | –100.00 | 1,416.09 |
| Check | 12/18/12 | 1125 | NV Energy | Acct. # 3000296378714022233 | | Utilities | –47.24 | 1,368.85 |
| General Journal | 12/18/12 | TRANS | Pirates | Transfer from IOLTA | | Legal Fee Income | 8,766.74 | 10,135.59 |
| Check | 12/18/12 | 1126 | Brett Gibbs | Reimbursement for Jay Waleford Rent / Deposit | | Rent Expense | –6,575.00 | 3,560.59 |
| Check | 12/18/12 | 1127 | Brett Gibbs | Karl – December Payroll | | Legal & Professional Fees | –4,000.00 | –439.41 |
| Check | 12/18/12 | WIRE | McCullough Sparks | | | Legal & Professional Fees | –5,000.00 | –5,439.41 |
| Check | 12/19/12 | 1123 | Cox Communications, Inc. (Utility) | Account # 001–8610–120593001 | | Utilities | –250.00 | –5,689.41 |
| Deposit | 12/19/12 | | Pirates | | | Legal Fee Income | 2,000.00 | –3,689.41 |
| Check | 12/20/12 | WIRE | Isaac F. Slepner | Old check from Law Office of Linardakis | | –SPLIT– | –1,581.73 | –5,271.14 |
| Check | 12/20/12 | 1128 | Kathleen Momot | January, 2013 advance | | Kathleen Momot | –300.00 | –5,571.14 |
| Check | 12/21/12 | 1131 | James Waleford | Relocation Expense Reimbursement | | –SPLIT– | –125.05 | –5,696.19 |
| Check | 12/21/12 | WIRE | Jacques Nazaire | Balance of 10/2012 Filing Fees | | Filing Fees & Legal Expenses | –2,800.00 | –8,496.19 |
| Check | 12/21/12 | 1132 | Alison Perelman | Reimbursement for overnight mailing to JW | | Postage and Delivery | –18.95 | –8,515.14 |
| Deposit | 12/21/12 | | Pirates | Transfer from IOLTA | | Legal Fee Income | 11,585.00 | 3,069.86 |
| Check | 12/21/12 | 1133 | ConService | | | –SPLIT– | –220.00 | 2,849.86 |
| Check | 12/21/12 | ELEC WD | Library of Congress | | | Office Expenses | –35.00 | 2,814.86 |
| Check | 12/21/12 | ELEC WD | Library of Congress | | | Office Expenses | –35.00 | 2,779.86 |
| Check | 12/26/12 | ELEC WD | Cox Communications, Inc. (Utility) | Account # 001–8610–120593001 | | Utilities | –271.91 | 2,507.95 |
| Check | 12/26/12 | 1134 | Sam Trenchi | Commission 12/2012 | | –SPLIT– | –530.00 | 1,977.95 |
| Check | 12/27/12 | WIRE | Law Office of Linardakis | Return for Check inadvertently deposited on 12/19/12 | | Legal Fee Income | –2,000.00 | –22.05 |
| Deposit | 12/28/12 | | Cox Communications, Inc. (Utility) | Deposit | | Utilities | 114.68 | 92.63 |
| Deposit | 12/28/12 | TRANS | Merkel Pirates | | | Merkel–Guava Case | 3,000.00 | 3,092.63 |
| Check | 12/28/12 | ELEC WD | ADP | | | Payroll Service Fees | –6.00 | 3,086.63 |
| Check | 12/31/12 | WIRE | Daniel Ruggiero | 12/2012 Settlement Commission | ✓ | Commission | –2,235.00 | 851.63 |
| Check | 12/31/12 | 1136 | Jacques Nazaire | December 2012 Commission | | Commission | –1,725.00 | –873.37 |
| Check | 12/31/12 | 1137 | Jonathan Wells Tappan | December 2012 Commission | | Commission | –750.00 | –1,623.37 |
| Check | 12/31/12 | 1138 | Steven Goodhue | 1/2013 Legal Services | | Commission | –1,500.00 | –3,123.37 |
| Check | 12/31/12 | 1139 | Curtis Hussey | January, 2013 Legal Services | | Commission | –500.00 | –3,623.37 |
| General Journal | 12/31/12 | TRANS | | Transfer from IOLTA | | Legal Fee Income | 30,000.00 | 26,376.63 |
| Check | 12/31/12 | 1144 | Postmaster – Las Vegas, NV | Overnite envelope to Brett Gibbs | | Postage and Delivery | –18.95 | 26,357.68 |
| Check | 12/31/12 | ELEC WD | ADP | | ✓ | Payroll Service Fees | –30.00 | 26,327.68 |
| Check | 12/31/12 | ELEC WD | ADP | | ✓ | Payroll Tax | –5,166.92 | 21,160.76 |

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Total 53 OPERATING xx7365 | | | | | | | 21,160.76 | 21,160.76 |
| Total Checking/Savings | | | | | | | 22,586.76 | 22,586.76 |
| Accounts Receivable | | | | | | | | |
| Accounts Receivable | | | | | | | 0.00 | |
| Total Accounts Receivable | | | | | | | | 0.00 |
| Total Accounts Receivable | | | | | | | | 0.00 |
| Other Current Assets | | | | | | | | |
| Undeposited Funds | | | | | | | 0.00 | |
| Total Undeposited Funds | | | | | | | | 0.00 |
| Total Other Current Assets | | | | | | | | 0.00 |
| Total Current Assets | | | | | | | 22,586.76 | 22,586.76 |
| Fixed Assets | | | | | | | | 0.00 |
| Furniture and Equipment | | | | | | | | 0.00 |
| Total Furniture and Equipment | | | | | | | | 0.00 |
| Total Fixed Assets | | | | | | | | 0.00 |
| Other Assets | | | | | | | | 0.00 |
| Total Other Assets | | | | | | | | 0.00 |
| TOTAL ASSETS | | | | | | | 22,586.76 | 22,586.76 |

Exhibit 1 - Motion for Indicative Ruling - 69

# EXHIBIT G

Exhibit 1 - Motion for Indicative Ruling - 70



Exhibit 1 - Motion for Indicative Ruling - 71



Exhibit 1 - Motion for Indicative Ruling - 72



**631-635 S Vanderwell Ave**
West Covina, CA 91790 -- approximate address

635

Image capture: Oct 2011     South Vanderwell Avenue     © 2013 Google

Exhibit 1 - Motion for Indicative Ruling - 73



Exhibit 1 - Motion for Indicative Ruling - 74



635-641 S Vanderwell Ave
West Covina, CA 91790 -- approximate address

Image capture: Oct 2011    South Vanderwell Avenue    © 2013 Google

Exhibit 1 - Motion for Indicative Ruling - 75