

3770 Highland Avenue, Suite #206
Manhattan Beach, California 90266-3279
Telephone: (310) 424-5557
Facsimile: (310) 414-9334
www.pietzlawfirm.com

May 12, 2014

***VIA ELECTRONIC CASE FILING ("ECF") AND U.S. MAIL***

Molly C. Dwyer
Clerk of Court
Ninth Circuit Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

**Re:**        ***Ingenuity 13, LLC v. John Doe*, Lead Appeal No. 13-55859**
                  **Citation of Supplemental Authorities**

To the Court:

Pursuant to Fed. R. App. P. 28(j), appellee John Doe hereby advises the Court of supplemental authority supporting his answering brief. On April 29, 2014, the United States Supreme Court issued two unanimous decisions giving district courts greater discretion when awarding attorney's fees in patent cases.

In *Octane Fitness, LLC v. Icon Health & Fitness, Inc.*, 572 U.S. ___ (2014), the Supreme Court held that the Federal Circuit interpreted "exceptional cases" too narrowly when awarding attorney's fees in patent litigation, pursuant to 35 U.S.C. § 285, and that such fee awards need not be proven by a stricter standard than substantial evidence.

In *Highmark Inc., v. Allcare Health Mgmt. Sys., Inc.*, 572 U.S. ___ (2014), the patent infringement plaintiff "had engaged in a pattern of 'vexatious' and 'deceitful' conduct throughout the litigation," resulting in an attorney's fee award to the prevailing party. *Id*. at *2. On appeal, the Federal Circuit reviewed one aspect of the fee award *de novo*. Relying on *Octane Fitness*, the Supreme Court vacated that aspect of the Federal Circuit's opinion and held "that an appellate court should apply an abuse-of-discretion standard in reviewing all aspects of a district court's §285 determination." *Id*. at *5.

Letter to the Clerk of Court
May 12, 2014

These cases are sufficiently analogous to provide some support for two of John Doe's arguments. First, they further confirm that the facts supporting the sanctions here only had to be established by a preponderance of the evidence, not clear and convincing evidence,[1] and that the standard of review on appeal is abuse of discretion.  Rev'd. Answering Br., Dkt. No. 35 at pp. 44–45.  Second, the Supreme Court has recognized that district courts need greater discretion to rein in abuse where systematically opportunistic IP plaintiffs overreach.  Appellee John Doe has asked this Court to build upon that trend in these Prenda appeals.  *Id*. at pp. 64–69.

Respectfully submitted,

Morgan E. Pietz
THE PIETZ LAW FIRM
mpietz@pietzlawfirm.com

Attorney for Appellee John Doe

Enclosure(s):    *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, (No. 12-1184)
*Highmark Inc. v. Allcare Health Mgmt. Sys., Inc.*, (No. 12-1163)

Also available at:
http://www.supremecourt.gov/opinions/slipopinions.aspx?Term=13

cc(s):          Service on all parties through their counsel registered for ECF

---

[1] Appellants argued that because of the "punitive multiplier," the facts here had to be proven beyond a reasonable doubt.  They did not assert that a clear and convincing proof standard applied to the compensatory portion of the sanctions.