## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC          :
         :
         Plaintiff,          :
         :
v.          :    Civil Action No.
         :    2:12-cv-00262-WCO
RAJESH PATEL,          :
         :
         Defendant.          :

### Defendant's Motion for Sanctions for Mark Lutz's Failure to Appear at his Deposition

COMES NOW, Rajesh Patel, by and through counsel, filing this **Defendant's Motion for Sanctions for Mark Lutz's Failure to Appear at his Deposition**, requesting the following relief pursuant to Fed. R. Civ. P. Rule 37(b)(2)(A) and (d):

(a)     An order directing that Plaintiff be prohibited from opposing Defendant's motions for sanctions (ECF # 16, 30); and

(b)     An order directing that the following facts are deemed admitted in this action: (1) The assignment agreement at issue in this case contains the forged signature of Alan Cooper and Raymond Rogers;

(c)     An order granting further discovery in order to obtain the deposition of Mr. Lutz until it is obtained;

(d)     An order dismissing Plaintiff's motions for sanctions (ECF # 20, 21);

1

(e)     An order treating Mr. Lutz's failure to appear at the deposition as a contempt of Court and requiring Plaintiff and Plaintiff's counsel to pay $500 per day until Mr. Lutz purges himself of contempt by appearing at a deposition scheduled between the parties' attorneys; and

(f)     An order awarding attorneys' fees and expenses incurred in connection with Defense counsel attending the scheduled deposition, costs of hiring a court reporter, and any other related attorneys' fees and expenses.

Respectfully Submitted September 5, 2013:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
No fax.
bchintel1@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC        :
       :
     Plaintiff,      :
       :    Civil Action No.
v.                   :    2:12-cv-00262-WCO
       :
RAJESH PATEL,        :
       :
     Defendant.      :

## Memorandum of Law

On July 22, 2013, Defendant served a Notice of Deposition of Mark Lutz on Plaintiff, ECF # 43, a true and correct copy of which are located at ECF # 44-2, and the deposition was to take place on August 21, 2013. Mr. Lutz did not attend his deposition, as shown by the attached transcript of attached hereto.

## Argument and Citation to Authority

A court may, on motion, award sanctions if "a party or a party's officer, director, or managing agent, . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. Rule 37(d)(1)(A)(i). If a Courts finds that sanctions are appropriate, it can impose the sanctions set forth by Rule 37(b)(2)(A)(i) to (vi). Also, instead of or in addition, it must award expenses and reasonable attorneys' fees to the party that noticed the deposition against the non-compliant "party or attorney . . . or both." Rule 37(a)(5).

3

A failure to attend is not excused on the grounds that the discovery sought was objectionable. Rule 37(d)(2). Before utilizing Rule 37(d), the moving party must make a good faith attempt to confer with the party failing to produce the discovery. Rule 37(d)(1)(B).

Here, Defendant served a notice to depose Mark Lutz and Mr. Lutz failed to attend his deposition. Defense counsel called Plaintiff's counsel multiple times to resolve this issue but never received a response, and still has not received a response regarding Mr. Lutz's non-attendance. Therefore, an order sanctioning as described in the attached proposed order would be appropriate here. Also, sanctions including expenses and attorneys' fees against Plaintiff, Plaintiff's attorney, and Mr. Lutz jointly and severally would be appropriate.

## Conclusion

Mr. Lutz refused to attend his own deposition despite a notice of the deposition being properly served. Therefore, sanctions including attorneys' fees and expense are appropriate here.

Respectfully Submitted September 5, 2013:

_____/s/ Blair Chintella_____
Blair Chintella
510109
2483 Shoals Ter.

4

Decatur, GA 30034
404-579-9668
No fax.
bchintel1@gmail.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC            :
                            :
            Plaintiff,       :
                            :
v.                          :       Civil Action No.
                            :       2:12-cv-00262-WCO
RAJESH PATEL,               :
                            :
            Defendant.       :

## <u>Local Rule 7.1(D) Certification</u>

I hereby certify that **Defendant's Motion for Sanctions for Mark Lutz's Failure to Appear at his Deposition** and the accompanying **Memorandum of Law** comply with LR 5.1B.

Dated September 5, 2013:

Respectfully Submitted:

_____/s/ Blair Chintella_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
bchintel1@gmail.com

6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC          :
                          :
          Plaintiff,      :
                          :
v.                        :     Civil Action No.
                          :     2:12-cv-00262-WCO
RAJESH PATEL,             :
                          :
          Defendant.      :

## FRCP 37(a)(1) and LR 37.1 Certification

I hereby certify that on the dates described in the attached declaration I tried

to meet and confer with counsel for Plaintiff to discuss Mr. Lutz's non-attendance

at his deposition but never received a response.


Dated September 5, 2013:


                              Respectfully Submitted:


                              ____/s/ Blair Chintella____
                              Blair Chintella
                              GA Bar No. 510109
                              2483 Shoals Ter.
                              Decatur, GA 30034
                              (404) 579-9668
                              No fax.
                              bchintel1@gmail.com

7

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## Certificate of Service

I hereby certify that on September 5, 2013, I served **Defendant's Motion for Sanctions for Mark Lutz's Failure to Appear at his Deposition** on Plaintiff by filing it through the CM/ECF, which will notify Jacques Nazaire, attorney for Plaintiff.

Dated September 5, 2013:

Respectfully Submitted:

_____*/s/ Blair Chintella*_____
Blair Chintella
GA Bar No. 510109
2483 Shoals Ter.
Decatur, GA 30034
(404) 579-9668
No fax.
bchintel1@gmail.com

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

|                    |   |                       |
|--------------------|---|-----------------------|
| AF HOLDINGS, LLC   | : |                       |
|                    | : |                       |
| Plaintiff,         | : |                       |
|                    | : | Civil Action No.      |
| v.                 | : | 2:12-cv-00262-WCO     |
|                    | : |                       |
| RAJESH PATEL,      | : |                       |
|                    | : |                       |
| Defendant.         | : |                       |

## <u>Declaration of Blair Chintella</u>

1.     On August 21, 2013, I called Jacques Nazaire on both numbers and left voicemails that I have for him to determine why Mark Lutz did not attend his deposition but as of September 5, 2013 I have yet to receive a response.  I have sent multiple e-mails seeking to talk about discovery in general but have not received a response.

2.     I have been licensed to practice law since approximately June of 2009.

3.     It states on my retainer agreement(s) with Mr. Patel that my hourly rate is $200.

4.     I spent 2.1 hours in preparing this motion, including creating a rough draft, proofreading, revising, and drafting and doing the same for all attachments.

5.     I spent .4 hours converting the documents to PDF format and preparing them to be filed via the CM/ECF system.

6.     I spent .2 hours logging into the CM/ECF system to file the

1

documents.

7.    I spent a total of 8.6 hours preparing for Mr. Lutz's deposition, including:

  a.  4.5 hours – drafting sample questions, which includes an initial draft, revising and proofreading, categorizing so the questions flow topic-to-topic, revising again, and creating a compacted outline by major topics to supplement the multi-page list of specific questions to ask; rehearsing.

  b.  2.1 hours – reviewing court documents (especially the deposition of AF Holdings's representative Paul Hansmeier) in the California Action described in Defendant's motion for sanctions (ECF #16) for prior depositions or testimony regarding AF Holdings or Mark Lutz;

  c.  1 hour – reviewing Mr. Lutz's purported affidavits filed in cases such as the Sunlust Action and California Action).

  d.  1 hour – time travelling to and from the State Bar of Georgia where the deposition was to be held, and including the time spent waiting for the deponent to attend.

  e.  The following are some but not all of the expenses associated with scheduling and attempting to conduct the deposition of Mr. Lutz:

      i.  $108.70 – Wheeler Reporting Company Court reporter.

2

I declare under penalty of perjury that the foregoing is true and correct:

Signature:  _____/s/ Blair Chintella_____    Date:  ____09/05/2013_____
                       Blair Chintella

**In The Matter Of:**

*AF HOLDINGS, LLC v.*
*RAJESH PATEL*

---

*MARK LUTZ*
*August 21, 2013*

---



404.351.4577 | 1600 Northside Drive
(fax) 404.351.3464 | Suite 250
www.WheelerReporting.com | Atlanta, GA 30318

*Min-U-Script® with Word Index*

Page 3

```
        IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF GEORGIA


  ********************************
  AF HOLDINGS, LLC,

          Plaintiff,

  vs.                         CIVIL ACTION
                              2:12-cv-00262-WCO

  RAJESH PATEL,

          Defendant.
  ********************************


         Deposition of MARK LUTZ, taken by the
  Defendant, before Olivia A. Virtuoso,
  Certified Court Reporter (B-400), 104 Marietta
  Street, NW, Atlanta, Georgia, on the 21st day
  of August, 2013, commencing at approximately
  9:39 a.m.



  ********************************************************
        WHEELER REPORTING COMPANY, INC.
        1600 Northside Drive, Suite 250
           Atlanta, GA 30318
              404.351.4577
```

1     APPEARANCES OF COUNSEL:
2   On behalf of the Plaintiff:
3     NO APPEARANCE
4
5   On behalf of the Defendant:
6     BLAIR CHINTELLA, ESQ.
7     2483 Shoals Terrace
8     Decatur, GA 30034
9     (404) 579-9668
10    bchintell@gmail.com
11    - - -
12    MR. CHINTELLA: Today is August 21st, 2013,
13  at 9:39 a.m., in the deposition of MARK LUTZ, which
14  was scheduled for 9 o'clock.  And nobody is here
15  except me and the court reporter.
16    We have waited 40 minutes, approximately, and
17  we're just going to wrap this up.
18    [Whereupon, the court
19    reporter marked  Exhibit
20    No. B-2 for
21    identification.]
22    MR. CHINTELLA: I'd like to introduce into
23  the record, Lutz Exhibit B-2, which is a Notice of
24  Deposition regarding Mark Lutz, and it was served on
25  Jack Nazaire, attorney for the plaintiff.

Page 2

1     INDEX OF EXAMINATIONS
2     Page
3
4
   Examination by Mr. Chintella . . . . . . . . . . 4
5
6
7
8     INDEX OF EXHIBITS
9
   Exhibit No. B-2 . . . . . . . . . . . . . . . . 3
10 Notice of Deposition
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 4

1     And for the record, I did try and call Jack
2   Nazaire twice, one time on each of his numbers that I
3   have and have not gotten a call back.
4     So with that, we're going to end the
5   deposition for today.
6     (Deposition concluded]
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

Page 5

 1    DISCLOSURE
 2
      STATE OF GEORGIA        DEPONENT:
 3    COUNTY OF FULTON     MARK LUTZ
 4
        Pursuant to Article 10.B of the Rules and
 5    Regulations of the Board of Court Reporting of the
      Judicial Council of Georgia, I make the following
 6    disclosure:
 7      I am a Georgia Certified Court Reporter. I
      am here as an independent contractor for Wheeler
 8    Reporting Company, Inc.
 9      Wheeler Reporting Company, Inc. was contacted
      by the offices of Blair Chintella, to provide court
10    reporting services for this deposition. Wheeler
      Reporting will not be taking this deposition under any
11    contract that is prohibited by O.C.G.A. 9-11-28(c).
12      Wheeler Reporting Company, Inc. has no
      contract/agreement to provide reporting services with
13    any party to the case, any counsel in the case, or any
      reporter or reporting agency from whom a referral
14    might have been made to cover this deposition.
15      Wheeler Reporting Company, Inc. will charge
      its usual and customary rates to all parties in the
16    case, and a financial discount will not be given to
      any party to this litigation.
17
18    _Olivia Virtuoso_
19
      OLIVIA VIRTUOSO, CCR #B-400
20    Certified Court Reporter
21
22
23
24
25

Page 6

 1    C E R T I F I C A T E
 2    STATE OF GEORGIA:
 3    COUNTY OF FULTON:
 4      I hereby certify that the foregoing
 5    deposition was taken down, as stated in the caption,
 6    and the colloquies, questions and answers thereto were
 7    reduced to the written page under my direction; that
 8    the foregoing transcript is a true and correct record
 9    of the evidence given.
10      The above certification is expressly
11    withdrawn and denied upon the disassembly or
12    photocopying of the foregoing transcript, unless
13    disassembly or photocopying is done under the auspices
14    of Wheeler Reporting Company, Inc., Certified Court
15    Reporters, and the signature and original seal is
16    attached thereto.
17      I further certify that I am not of kin or
18    counsel to the parties in the case; am not in the
19    regular employ of counsel for any of said parties, nor
20    am I in any way financially interested in the result
21    of said case.
22      This the 22nd day of August, 2013.
23
24
25      OLIVIA A. VIRTUOSO, CCR-B-400

AF HOLDINGS, LLC v.
RAJESH PATEL

**MARK LUTZ**
**August 21, 2013**

**[**

**[Whereupon (1)**
3:18

**A**

**above (1)**
6:10
**APPEARANCE (1)**
3:3
**APPEARANCES (1)**
3:1
**approximately (1)**
3:16
**attached (1)**
6:16
**attorney (1)**
3:25
**August (2)**
3:12;
6:22
**auspices (1)**
6:13

**B**

**B-2 (2)**
3:20,23
**back (1)**
4:3
**bchintell@gmailcom (1)**
3:10
**behalf (2)**
3:2,5
**BLAIR (1)**
3:6
**Board (1)**
5:5

**C**

**call (2)**
4:1,3
**caption (1)**
6:5
**case (5)**
5:13,
13,16;
6:18,21
**CCR-B-400 (1)**
6:25
**certification (1)**
6:10
**Certified (3)**

5:7,20;
6:14
**certify (2)**
6:4,17
**charge (1)**
5:15
**CHINTELLA (3)**
3:6,12,
22
**colloquies (1)**
6:6
**Company (5)**
5:8,9,
12,15;
6:14
**concluded] (1)**
4:6
**contacted (1)**
5:9
**contract (1)**
5:11
**COUNSEL (4)**
3:1;
5:13;
6:18,19
**COUNTY (2)**
5:3;6:3
**court (6)**
3:15,
18;5:5,
7,20;
6:14
**cover (1)**
5:14

**D**

**day (1)**
6:22
**Decatur (1)**
3:8
**Defendant (1)**
3:5
**denied (1)**
6:11
**Deposition (8)**
2:10;
3:13,24;
4:5,6;
5:10,14;
6:5
**direction (1)**
6:7
**disassembly (2)**
6:11,13
**DISCLOSURE (2)**

5:1,6
**discount (1)**
5:16
**done (1)**
6:13
**down (1)**
6:5

**E**

**employ (1)**
6:19
**end (1)**
4:4
**ESQ (1)**
3:6
**evidence (1)**
6:9
**EXAMINATIONS (1)**
2:1
**except (1)**
3:15
**Exhibit (2)**
3:19,23
**EXHIBITS (1)**
2:8
**expressly (1)**
6:10

**F**

**financial (1)**
5:16
**financially (1)**
6:20
**foregoing (3)**
6:4,8,
12
**FULTON (2)**
5:3;6:3
**further (1)**
6:17

**G**

**GA (1)**
3:8
**Georgia (2)**
5:7;6:2
**given (2)**
5:16;
6:9

**H**

**hereby (1)**

6:4

**I**

**identification] (1)**
3:21
**Inc (5)**
5:8,9,
12,15;
6:14
**INDEX (2)**
2:1,8
**interested (1)**
6:20
**into (1)**
3:22
**introduce (1)**
3:22

**J**

**Jack (2)**
3:25;
4:1

**K**

**kin (1)**
6:17

**L**

**LUTZ (4)**
3:13,
23,24;
5:3

**M**

**MARK (3)**
3:13,
24;5:3
**marked (1)**
3:19
**might (1)**
5:14
**minutes (1)**
3:16

**N**

**Nazaire (2)**
3:25;
4:2
**nobody (1)**
3:14

**nor (1)**
6:19
**Notice (2)**
2:10;
3:23
**numbers (1)**
4:2

**O**

**OCGA (1)**
5:11
**o'clock (1)**
3:14
**OLIVIA (1)**
6:25
**one (1)**
4:2
**original (1)**
6:15

**P**

**Page (2)**
2:2;6:7
**parties (2)**
6:18,19
**party (1)**
5:13
**photocopying (2)**
6:12,13
**Plaintiff (2)**
3:2,25
**prohibited (1)**
5:11

**R**

**record (3)**
3:23;
4:1;6:8
**reduced (1)**
6:7
**regarding (1)**
3:24
**regular (1)**
6:19
**Regulations (1)**
5:5
**reporter (4)**
3:15,
19;5:7,
20
**Reporters (1)**
6:15
**Reporting (7)**

| | | | | |
|---|---|---|---|---|
| 5:5,8,<br>9,10,12,<br>15;6:14<br>**result (1)**<br>6:20 | **VIRTUOSO (1)**<br>6:25 | 5:11 | | |
| | **W** | | | |
| **S** | **waited (1)**<br>3:16<br>**way (1)**<br>6:20<br>**Wheeler (5)**<br>5:9,10,<br>12,15;<br>6:14<br>**withdrawn (1)**<br>6:11<br>**wrap (1)**<br>3:17<br>**written (1)**<br>6:7 | | | |
| **scheduled (1)**<br>3:14<br>**seal (1)**<br>6:15<br>**served (1)**<br>3:24<br>**services (1)**<br>5:10<br>**Shoals (1)**<br>3:7<br>**signature (1)**<br>6:15<br>**STATE (1)**<br>6:2<br>**stated (1)**<br>6:5 | | | | |
| | **2** | | | |
| **T** | **2013 (2)**<br>3:12;<br>6:22<br>**21st (1)**<br>3:12<br>**22nd (1)**<br>6:22<br>**2483 (1)**<br>3:7 | | | |
| **Terrace (1)**<br>3:7<br>**thereto (2)**<br>6:6,16<br>**Today (2)**<br>3:12;<br>4:5<br>**transcript (2)**<br>6:8,12<br>**true (1)**<br>6:8<br>**try (1)**<br>4:1<br>**twice (1)**<br>4:2 | | | | |
| | **3** | | | |
| | **30034 (1)**<br>3:8 | | | |
| | **4** | | | |
| | **40 (1)**<br>3:16<br>**404 (1)**<br>3:9 | | | |
| **U** | | | | |
| | **5** | | | |
| **under (2)**<br>6:7,13<br>**unless (1)**<br>6:12<br>**up (1)**<br>3:17<br>**upon (1)**<br>6:11 | **579-9668 (1)**<br>3:9 | | | |
| | **9** | | | |
| **V** | **9 (1)**<br>3:14<br>**9:39 (1)**<br>3:13<br>**9-11-28c (1)** | | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

AF HOLDINGS, LLC        :
       :
       Plaintiff,        :
       :    Civil Action No.
v.        :    2:12-cv-00262-WCO
       :
RAJESH PATEL,        :
       :
       Defendant.        :

## NOTICE OF DEPOSITION OF MARK LUTZ

TO:    Jacques Nazaire
        125 Town Park Drive
        Kennesaw, GA 30144

       Pursuant to Fed R. Civ. P. Rule 30, please take notice that Defendant, by and through counsel, will take the deposition by oral examination of **Mark Lutz** on **August 21, 2013 at 09:00 AM at the State Bar of Georgia, Room 6, located at 104 Marietta St. NW, Atlanta, GA 30303. The deposition will be recorded via audio and audiovisual.** This deposition is taken for all purposes allowed under the Federal Rules of Civil Procedure and the Court's order permitting discovery. This is **not** a deposition notice wherein, pursuant to Rule 30(b)(6), Plaintiff may "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." *See generally E.I. DuPon de Nemours and Co. v. Kolon Industries, Inc.*, 268 F.R.D. 45, 48-49 (E.D. Va. 2010) (extensive discussion of factors relevant to determining whether a witness is a managing agent); *Calixto v. Watson Bowman Acme Corp.*, 2008 WL 4487679, * 2-3 (S.D. Fla. 2008) (engaging in a fact-specific analysis to determine if witness was a managing agent); *Vision Center Northwest Inc. v. Vision Value LLC*, 2008 WL 4276240, *2-3 (N.D. Ind. 2008, aff'd 2008 WL 4724722 (N.D. Ind. 2008) (discussing and applying factors relevant to determining whether a witness is a managing agent); *Phillips v. American Honda Motor Co., Inc.* 2005 WL 1527685, *1 (S.D. Ala. 2005); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005) (notice sufficient to compel production of officer, director, or managing agent); *Stone v. Morton Intl., Inc.*, 170 F.R.D. 498, 503-04 (D. Utah 1997)).



EXHIBIT

Lutz
B-2

*Compare O'Connor v. Trans Union Corp.*, No. 97-cv-4633, 1998 WL 372667, at *2 (E.D. Pa. May 11, 1998) (lower level employees must be subpoenaed).

Signed this 22 day of July, 2013:

2483 Shoals Ter.
Decatur, GA 30034
404-579-9668
No Fax Number
bchintel1@gmail.com

**BLAIR CHINTELLA**

Georgia Bar No. 510109
**Attorney for Defendant**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| AF HOLDINGS, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. |
| | : | 2:12-cv-00262-WCO |
| RAJESH PATEL, | : | |
| | : | |
| Defendant. | : | |

## [Proposed] Order

It is hereby ordered that [   ] Plaintiff and/or [   ] Jacques Nazaire and/or [   ] Mark Lutz to pay Mr. Patel the amount of [   ] $2,260 and/or [   ] _____ for attorneys' fees associated with 11.3 hours of legal work associated with bringing Defendant's Motion for Sanctions for Mark Lutz's Failure to Appear at his Deposition, and such liability be joint and several.  It is also ordered that the same persons are jointly and severally liable for $108.70, which is the expense for the Wheeler Reporting Company service.

It is further ordered that pursuant to Rule 37(b)(2)(A):

- Plaintiff is prohibited from opposing Defendant's motions for sanctions (# 16, 30);

- That it is deemed admitted that the assignment agreement in this contains a forged signature of "Alan Cooper" and "Raymond Rogers;"

- Plaintiff's motions for sanctions (ECF # 20, 21) are dismissed and/or Plaintiff is prohibited from asserting them; and

- Mr. Lutz is held in contempt of Court and is liable to Defendant in the amount of $500 per day until he purges himself of contempt by arranging for his deposition to be taken by Defendant in this matter.

**It is so ordered this _____ day of _____, 2013:**

_____

William C. O'Kelley
Judge
United States District Court for the Northern District of Georgia